STATE BOARD OF PARDONS AND PAROLES

## BOARD ORDER

On Monday, 23 February 2004, the Board, convened an open public meeting, with all regular members present. The Board and the senior staff discussed proposed changes to the current rules. During the course of this discussion, various changes were made and agreed upon.

It is, therefore, **ORDERED** that the attached rules of procedure be and they are hereby adopted. The Executive Director shall take reasonable steps to ensure that these rules of procedure are available to the public. All previous orders governing these procedures are hereby repealed.

Done this the 23rd day of February, 2004.

| APPROVED | DISAPPROVED |
|---|---|
| *[signed]* | |
| SIDNEY T. WILLIAMS  CHAIRMAN | SIDNEY T. WILLIAMS  CHAIRMAN |
| *[signed]* | |
| NANCY CONN McCREARY  ASSOCIATE MEMBER | NANCY CONN McCREARY  ASSOCIATE MEMBER |
| *[signed]* | |
| VELINDA A. J. WEATHERLY  ASSOCIATE MEMBER | VELINDA A. J. WEATHERLY  ASSOCIATE MEMBER |

exhibit "A"

Page 4

favoring the order of relief shall enter into the file a detailed written statement of the reasons that they believe the relief is proper.

8. If the requisite number of votes have been cast in favor of the relief, that shall constitute an order for the relief, which shall become effective if not withdrawn by the Board in a timely manner.

9. If a quorum may grant relief and the Board members present are evenly divided the case shall be continued to a date certain and that date shall be announced in the open public meeting. The Secretary shall announce that the case will be taken up again at the appointed public meeting. Only one continuance shall be scheduled.

10. When each Board member has entered his vote, or declined to do so, the Secretary of the Board shall determine whether the requisite number of affirmative votes appears of record and that the record contains the detailed statements of each affirmative voting Board member's reasons for ordering the relief and that the order is accurately executed including proper dates. If so, the Secretary shall announce that the Board has ordered the relief sought. If not, the Secretary shall announce that the relief has been denied.

11. If parole has been denied, the Board shall determine whether and when the case shall next be docketed for consideration, not to exceed five (5) years. The case will be considered again as near as practicable to the specified month and year.

12. If at any time a quorum is not present, the Board shall stand in recess until a quorum is present. If a quorum is not present at the end of the day, or if it becomes apparent that a quorum probably will not be present that day, all cases that have not been decided shall be rescheduled for further consideration as early as is practicable, consistent with statutory requirements.

13. If only two members of the Board are present to hear a case requiring unanimous approval, the Board may pass over that case to hear other cases on the docket, pending arrival of the remaining member. If the third member does not return that day, the Board may offer those present an opportunity to express their views, and the two members present may ask questions, but the two members shall not deliberate in the absence of the third member. The case shall be continued to a date certain, which shall be announced in open public meeting, at which time the entire Board will take action. Only one continuance shall be scheduled. In the event that the Board is unable to decide the case on the date specified, the case shall be rescheduled for further consideration as early as is practicable, consistent with statutory requirements.

2-23-04

10

exhibit 1 "B"

page 5

1. As soon as practical after a prisoner is sentenced to prison, the Central Office staff shall prepare a file on the case. The appropriate field office(s) will be directed to forward a copy of any investigations to the Central Office. If no investigation has been done at that point, the field office shall promptly conduct its investigation and submit its report. When the appropriate investigations are in the file, the Board's designee shall study the file and schedule initial parole monthly docket. There shall be no presumption that the Board will grant parole.
2. The Board's designee shall calculate the date at which a majority of the Board may act. In doing so, the total term of the prisoner's sentences shall be taken into account. A majority of the Board may lawfully grant parole after the prisoner has <u>served one third of his sentence, or ten years, whichever is lesser</u>. If a prisoner is serving one or more sentences at the time he commits his crime, the designee shall also calculate one third or ten years of the new sentence, calculated from the date of the new sentence, with any applicable credits, and shall determine which of the two calculations results in the later date. The later of the two dates shall control.
3. The Board's designee shall also determine whether correctional incentive time has been applied by the Department of Corrections. If correctional incentive time is applied, that fact shall be taken into account in scheduling initial parole consideration.
4. A staff member designated by the Board shall also determine whether the investigation report is sufficient for Board action. If significant information is lacking, this designee shall request further information from the field office.
5. If a prisoner is receiving correctional incentive time, his initial parole consideration shall be scheduled as follows: (a) for terms of five years or less, set on current docket. (b) for terms of five to ten years, schedule initial parole consideration approximately twelve months prior to the minimum release date; (c) for terms of more than ten years and up to fifteen years, schedule initial parole consideration approximately twenty-four months prior to the minimum release date; (d) for total terms in excess of fifteen years, schedule initial parole consideration approximately thirty-six months prior to the minimum release date.
6. If the controlling sentence is not subject to correctional incentive time, initial parole consideration shall be scheduled as soon as practicable after the prisoner will become eligible for release by majority vote, unless the Board's designee finds other factors that indicate another docket would be more appropriate. If the designee finds mitigating circumstances, the designee may schedule initial parole consideration earlier than the majority vote eligibility date; however, reasons for departure from the standard shall be documented in the file.
7. When an inmate is convicted of one or more of the Class A felonies Rape I, Robbery I with serious physical injury, Kidnapping I, Murder, Burglary I with serious physical injury, Attempted Murder, Sodomy I, Arson I with serious physical injury, or Sexual Torture (who are eligible for parole), the initial parole consideration date shall be set in conjunction with the inmate's <u>completion of 85 (eighty-five) per cent of his or her total sentence or 15 (fifteen) years, whichever is less</u>, unless the designee finds mitigating circumstances such as the imminent death of the inmate due to medical problems, or a petition by the sentencing judge or prosecuting district

→ 12/4/01

exhibit "C"

Page 6

attorney. Serious physical injury in this paragraph is as defined in title 13A of the Alabama Code.

8. Any exercise of discretion by the designee scheduling initial parole consideration, so as to schedule such consideration earlier or later than the most easily calculated set date, shall be supported by a memorandum setting forth the factors considered and the reasons for the deviation. This memorandum shall be placed in the file for the consideration of the Review Committee and the Board.

9. If the only sentence imposed on a prisoner is a split sentence, the Board will defer to the sentencing court to determine when the prisoner is ready for release. If the prisoner is serving a split sentence and one or more other sentences, the Board will exercise jurisdiction over those other sentences to determine whether parole is consistent with society's welfare.

10. If a prisoner is serving two or more sentences, and the law authorizes parole consideration on some, but not all of his sentences, then he shall be scheduled for parole consideration on those sentences over which the Board has jurisdiction, unless a grant of parole in those cases would have no effect on the time of his release from prison.

## Article Two

### Rescheduling of Consideration

1. After a prisoner has served a minimum of five years, he may initiate contact with the parole officer assigned to his institution or the Board's Central Office, who may review the prisoner's progress to determine whether it may be appropriate to schedule earlier parole consideration. Such a rescheduling may be granted only for good cause shown such as a prognosis of imminent death or a recommendation from the prosecuting attorney or the sentencing judge, and circumstances bearing on his probability to succeed on parole, not merely because the prisoner is following the rules in prison. If, after appropriate inquiry or investigation, the officer or agent is persuaded that earlier consideration may be proper, he may refer the matter to the Review Committee for consideration. He shall enter in the file the facts supporting his recommendation.

2. Cases involving inmates facing imminent death may be referred to the Review Committee at any time.

3. The Review Committee shall consist of no fewer than five members designated by the Board. Three members constitute a panel. The members shall be senior staff or employees having five years or more experience in the Central Office.

4. The Review Committee may review any cases referred to them for earlier parole consideration, and determine whether it appears to be consistent with society's interest to schedule earlier parole consideration. If at least three Committee members reviewing a case concur in the action, they may

12/4/01



**Bob Riley**
GOVERNOR

*State of Alabama*
*Alabama Department of Corrections*
Kilby Correctional Facility
P. O. Box 150
Mt. Meigs, AL 36057

**Richard F. Allen**
COMMISSIONER

This roster certifies that the following inmates have completed a volunteer four (4) week, one (1) hour per week workshop entitled *Parole, Probation and Beyond*. This is a course designed to assist the men as they make ready for the transition to their homes and families. This workshop is sponsored by Mrs. Roberta Crenshaw and the Penial Chapel and was facilitated by Inmate Russell Burgess, 146731.

This workshop began on April 19, 2006 and was completed on May 10, 2006.

*Roberta Crenshaw*
(Kilby Faith Dorm Sponsor)

| Name | ID | Name | ID |
|---|---|---|---|
| Boysuk, James | 132060 | Kirksey, Tyrone | 185631 |
| Burdett, Glen | 188032 | Lynch, Richard | 153866 |
| Burgess, Russell | 146731 | Mancil, Jerry | 176284 |
| Chance, Phillip | 107542 | Metzger, Edwin | 159352 |
| Cooper, Thomas | 166081 | Moore, Bruce | 141856 |
| Dedeaux, Thomas | 219516 | Newingham, Joseph | 214170 |
| Green, Andrew | 180002 | Pate, Brian | 229345 |
| Hamilton, Henry | 175503 | Price, Jeffery | 171764 |
| Hampton, Fredrick | 166812 | Rathburn, Donald | 192606 |
| Hampton, Thurmond | 142247 | Reynolds, Marlon | 200515 |
| Harget, David | 193496 | Wheeler, Mark | 139044 |
| Herrero, Carlos | 164286 | Williams, Robin | 138944 |
| Johnson, Anthony | 140305 | Wooten, Herbert | 152787 |

exhibit 1-D page 7

United States District Court Middle District of ALABAMA Northern Division

# AFFIDAVIT

In Re: Case #2:06-CV-00274-MHT-CSC

Before Me the undersigned, Personally Appeared __Mark Wheeler__ who states as follows: My Name is __Mark Wheeler__, I am over the age of 19 and I have personal Knowledge Concerning My Forgoing statement. I hereby swear that I have been a resident in Montgomery County, Alabama For More than 6 months prior to the date of the undersigned. I am Currently in Prison at Kilby Correctional Facility, P.O. Box 150, Mt. Meigs, Alabama 36057. My Prisoner I.D. # is AIS# __139044__, and My original Prescheduled last Parole date was Pre-determined by the Alabama Board of Pardons and Parole, and scheduled the guideline setting For __September 2003__. But because the Parole Board was __22__ months late for My granted guideline setting date, My Case, being made late because My Case is Considered violent, was not reviewed until __July 2005__. I was denied Parole and rescheduled for __July 2010__. The total duration of calculated time (in months) between My granted given Parole dates is __6 Years and 10 months__. I, the affiant am Competent to testify to these matters herein.

_Mark Wheeler_

Before me, the undersigned authority in and for said County and State, on this __30th__ day of May, 2006 Personally appeared __Mark Wheeler__, whose name is signed to the forgoing Affidavit, and being sworn by me, has stated that he has read the Affidavit, and knows the Contents thereof, and the same are true and correct to the best of his knowledge, information and belief.

_Mark Wheeler_

SWORN TO AND SUBSCRIBED before me this the __30th__ day of May, 2006. _Penny O. Woods_
NOTARY PUBLIC

My Commission expires __May 28, 2007__

SEAL

exhibit 1-E  page 8