```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF ALABAMA
                   NORTHERN DIVISION
```

```
MARK SHANNON WHEELER,    )
        AIS# 139044      )
     Plaintiff,          )
                         )
                         )
v.                       )   Case #2:06-CV-274-MHT
                         )
                         )
                         )
BILL SEGREST,            )
                         )
     Defendant.          )
```

**SPECIAL REPORT**

Comes now the Defendant, William C. Segrest, by counsel, denying Plaintiff's 1983 claims, and shows unto the Court the following:

**Defendant's Understanding of the Petition**

Wheeler contends that he is being denied "equal protection" of the law because he, as a prisoner convicted of a violent felony, is not being considered for parole as promptly as prisoners whose victims are not entitled to notice of the parole hearing (non-violent cases). Wheeler was tentatively set for a

parole consideration hearing in September 2003 due to a "life sentence" for murder. He cases was not actually heard until July 2005, when he was denied parole and set off for five years (July 2010). He contends that the Board's action of treating "violent offenders" differently the "non-violent offenders" is unconstitutional, and that it violates the State's parole statutes.

He also contends that he has a right to be "properly considered" for parole. He contends the Board violated this right when they failed to consider him for parole in 2003.

He contends that the Board waiting until 2005 to consider him for parole, denying him, and setting him off until 2010 constitutes "cruel and unusual punishment" in violation of the Eighth Amendment to the U.S. Constitution. Wheeler contends the five year set-off should be calculated from 2003 instead of 2005.

He contends that the Defendants have acted under color of State law to deprive him of rights, privileges and immunities protected by the Constitution or laws of the United States.

Wheeler seeks a declaratory judgment holding that the Defendant(s) violated his civil rights. He further seeks injunctive relief by asking the Court to direct William Segrest, the Board's Executive Director, to re-tabulate his set-off for further parole consideration from 2003, instead of 2005. Wheeler expands his request for injunctive relief to include all "violent Offender" in the state prison system.

**Defendant's Position**

Wheeler has failed to exhaust all State remedies. He filed the claims at bar in the Circuit Court of Montgomery County, Alabama (CV 2005-1307). The Circuit Court's Final Order will be submitted upon its receipt. Wheeler failed to pursue the available appellate review of the Circuit Court's Final Order. He abandoned his claims when he failed to appeal the Circuit Court's decision to the Alabama Court of Criminal Appeals. Wheeler is now estopped from bringing these same claims in Federal Court, after abandoning his state court remedies.

The Alabama Board of Pardons & Paroles is not a "person" within the meaning of 42 U.S.C. §1983, and is not a potential defendant in such an action. Furthermore, the Board is absolutely immune from suit in any action, whether damages or equitable relief may be sought.

Damages may not be awarded when an official is sued in his official capacity. That is a suit against the State, and the State's immunity extends to bar the claim.

William Segrest, the Board's Executive Director, is absolutely immune from suit for his discretionary functions in supervising the Board's staff and assisting the Board in allocating scarce resources. He is also protected by the doctrine of qualified immunity.

The Board has total discretion to determine what prisoners may be released on parole and when, §15-22-24(a), Ala. Code. The Board also has the authority to decide how to allocate its scarce resources, *Ex Parte Phelps,* 612 So.2d 1177 (Ala. 1992.) When the prisoner is considered for parole, the Board has total

discretion to grant or deny parole, *Thompson vs. Ala. Bd. of Pardons & Paroles,* 806 So.2d 374 (Ala. 2001.)

The dictum in *Andrus vs. Lambert,* upon which Wheeler relies, did not establish a "right" to be "properly considered" for parole. That dictum contradicted the holding of the case, and relied on cases which were not and are not authoritative. Furthermore, *Thompson* expressly contradicts that notion. Alabama prisoners do not enjoy a liberty interest in parole, and are not entitled to due process in parole consideration.

Wheeler contends that he is being denied equal protection of the laws. He contends that it is unlawful for the Board to treat violent crimes differently than non-violent crimes. This is hardly a suspect classification. If there is a rational basis for the State's action, it is due to be upheld.

The Legislature requires the Board to treat violent crimes differently than non-violent ones. Section 15-22-36(e)(1) defines which crimes are subject to greater scrutiny by the Board. Each category of crime listed, including the broad category of "felony

involving violence, death or any physical injury to the person of another," is a serious crime. It is rational for the Legislature to treat these crimes differently than thefts or possession of drugs or other crimes that did not directly threaten or harm an identifiable individual victim.

The Legislature has required the Board to notify victims in this class of cases, and to afford them an opportunity to express their views, before considering the prisoner for parole. This process is labor-intensive and expensive. It costs significantly more to process a victim notification case than it does to process a case not requiring such notice. The Board is processing both categories of cases, but as a matter of course, the easy cases move through the system faster than the hard cases. The Board does not have the resources to move all of the cases as quickly as we would like. However, given the resources available, the Board is allocating those resources so as to consider as many cases as possible, as quickly as possible.

It is the Board's place to allocate its appropriated funds so as to fulfill its competing

responsibilities. It would be inappropriate for this Court to usurp the Board's power to prioritize its needs and resources.

The Complaint fails to state a claim under §1983. He has not been deprived of any right, privilege or immunity protected by the Constitution or laws of the United States.

The Complaint asks this Court to usurp the Board's role in allocating its resources, in scheduling parole consideration, in deciding which prisoners may be released on parole, and in appointing its Executive Director. Each of these powers was delegated to the Board by the Legislature, in furtherance of the Board's mission of exercising powers delegated to the Legislature by Amendment 38 of the Alabama Constitution. Section 43 of the Alabama Constitution prohibits this Court from exercising those powers.

## Conclusion

The Complaint reveals on its face that the Plaintiff has no viable claim for relief. The Board is not amenable to suit, and its Executive Director is immune from liability. The Executive Director has not

deprived Wheeler of any right, privilege or immunity protected by the Constitution or laws of the United States. Wheeler has not been deprived of a liberty interest, nor has he been treated differently than similarly situated persons. The Complaint seeks to insinuate the Court into the administration of pardons and paroles, which is a function reserved to the Legislature. The Defendants are entitled to judgment on the pleadings.

>
> Respectfully submitted,
>
> TROY KING
> ATTORNEY GENERAL
>
> GREGORY O. GRIFFIN, SR.
> CHIEF COUNSEL
>
> s/STEVEN M. SIRMON
> ASSISTANT ATTORNEY GENERAL
> State Bar#: ASB-5949-S61S
> Ala. Bd. Pardons and Paroles
> P.O. Box 302405
> Montgomery, Alabama 36130
> Telephone: (334) 242-8700
> Fax: (334) 353-4423
> Steve.Sirmon@alabpp.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on 6-14-2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that on 6-15-06 I mailed, by United States Postal Service, the document to the following non-CM/ECF participants:

> **MARK SHANNON WHEELER**
> **AIS #139044**
> **KILBY CORRECTIONAL FACILITY**
> **P.O. BOX 150**
> **MT. MEIGS, AL 36057**

Done this **14th** day of **June 2006**.

Respectfully submitted,

s/ STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
steve.sirmon@alabpp.gov