IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

Mark Shannon Wheeler, #139044 )
     Plaintiff )
           )
V. )
           ) Civil Action No. 2:06-CV-274-MHT
Bill Segrest, et al )
     Defendant )
           )

Motion For Further leave of Court to Amend, Motion For Application For Order For Relief against Defendant Bill Segrest et, al of Alabama's Parole Board, that relief: Will demand Parole Board give reason For denying an Inmates Parole that has a Class A Felony (with a victim), so as to Prove NO EX POST FACTO violation exist, and V.O.C.A.L. groups voice is not a deciding factor, and a restraining order be issued upon V.O.C.A.L. via the Parole Board via Defendant Bill Segrest et al.

"Amendment to Complaint", In Compliance with Fed. R. of Civ. Proc. Rule 15(a)

Comes Now the Plaintiff Mark Shannon Wheeler in the above styled Honorable Court, and Prays that this Motions be Now Granted: Motion For Further leave of Court to Amend, Motion For Application For Order For Relief against Defendant Bill Segrest et, al of Alabama's Parole Board, that relief: Will demand Parole Board give reason For denying an Inmates Parole that has a Class A Felony (with a victim), so as to Prove NO EX POST FACT Violation exist, and V.O.C.A.L. groups voice is not a deciding factor, and a restraining order be issued upon V.O.C.A.L. via the Parole Board via Defendant Bill Segrest et, al.

Grounds (For), in Which Relief should be granted:

1.) A *GUIDELINE* setting is just that, a guideline, by a Lawful term, is not abridged, nor exceeded. A guideline setting For Parole, Qualifies the Inmate For Parole, by consideration. By Law, that qualifies the Inmate For sufficient Amount of time served. To say otherwise would be Arbitrary, and Capricious, and negligent minded Concerning the Laws of the Land. Each Prison sentence has its own Pre-Calculated *guideline* setting Parole Review Consideration duration, with the exception of Life without Parole, and the death Penalty. Defendant Bill Segrest has approved the violations of the 8th, and 14th Amendments of the United States Constitution, as well as Article 1, section 9, ex post Facto Law Against Plaintiff Mark Wheeler, and of many other prisoners in the state of Alabama. Said defendant Segrest "Approval" of policies violations; induced the Parole Board members into thinking the following, and Pre stated negligent actions are acceptable:

2. Parole Board members by said Approved policy have denied Inmates "Guideline setting" relief, after Plaintiff Wheeler reaching the tabulated (September 2003) tabulated (in accordance to life sentence imposed by the state Courts), duration Configuration. The said Board has been moving the guideline setting (goal), which is Cruel and unusual Punishment against plaintiff Wheeler, and because Plaintiff Wheeler has A present Class A Felony (Murder) Conviction, Plaintiff Wheeler was denied his 14th Amend U.S. Const. right to …. "Any person within its jurisdiction the Equal Protection of the laws,"[1868], Plaintiff Wheeler "claims" grounds for relief under 42 U.S.C. 1983 as he (Plaintiff Wheeler) has been treated differently than those with considered NON violent cases by the defendant Bill Segrest, et al: Policies. Said Defendants have deprived Plaintiff Wheeler of his said 8th, and 14th Amendment of the U.S. Constitutions Rights "Equal Protection", which is "seperate" from non-amenable liberties. Plaintiff Wheeler has been made 22 months late for a parole review, then denied, and reset 5 years more to that, depriving Wheeler "Equal Protection", as the Boards Rules state, "Not to Exceed (5) five years, (see incorporated exhibit, 1-B, #11, page 5 of these Motions), of Parole Manual dated feb. 23rd 2004.

3. The Members and patrons of the V.O.C.A.L. group have No redress protection, unless each member or patron has a direct affiliation with each case by relation as a victim. A guaranty of 1st Amendment "Redress", does not cover "address", there is a difference. The United STATES Constitution, Amendment I, [1791] states: Congress shall make No law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people Peaceably to assemble, and to petition the Government for a redress of grievances. Plaintiff Wheeler therefore claims in affiliation of instant complaint that V.O.C.A.L. has been violating that 1st Amendment to the united states Constitution to the degree of violating Amendment 9 [1791] of Inmates, as it states: The "enumeration in "the Constitution, of certain rights, "shall not" be construed to deny or disparage others retained by the people. Plaintiff Wheeler states that Blacks Dictionary defines disparage: To Connect UNequally, To dishonor by Comparison. V.O.C.A.L. is an established hate group "That is Tresspassing the Redress guarantee of the 1st Amendment, and the 1st Amendment is in the "enumeration in the Constitution", in which V.O.C.A.L. and Anyone not directly Affiliated as A victim in a case, Also Tresspass as well, by unequally dishonoring Inmates by Comparison.

4. Pre December, 2001 the Parole Boards Guideline setting (for Plaintiff Wheeler in whom has been incarcerated since August 17th-1993) was (10) Ten Years, or one third of sentence, whichever is lesser. Plaintiff Wheeler was given a September 2003 "Guideline Setting" date. Plaintiff Mark Wheeler will now prove Defendant Segrest Violated Ex post facto, Article 1, section 9, United States Constitution, it states: No Bill of Attainder or expost facto Law shall be passed. Plaintiff Wheeler Now shows this Honorable Court that "Pre" December, 2001, at time of Wheeler's Sentencing (May, 1994) the Guideline setting was for "Murder" as was Wheelers was (10) Ten Years, or one third which ever was lesser. On December 4th, 2001, Defendant Bill Segrest Approved the Boards "Rules Regs Procedures," which states A murder case (Class A Felony).... the initial parole consideration date shall be set in conjunction with the inmate's completion of 85 (eighty five) per cent of his or her total sentence or 15 Years, whichever is less. See exhibit 1-C, page 6 of this Motion, #7 on that page. Then on February 23rd, 2004, Defendant Bill Segrest et al Approved The Ex Post Facto Violation on the BOARD ORDER, STATE BOARD OF PARDONS in Paroles in which he is Executive Director, being sued in his proffessional/Individual capacity Allowed, Negligently, Arbitrarily, and Capriciously the Board to Approve "All previous orders governing these Procedures are hereby *repealed*". Plaintiff Wheeler includes this "BOARD ORDER". See exhibit, 1-A, Page 4 (2nd Paragraph) of this Motions exhibits. Plaintiff Wheeler plainly shows that All "ORDERS" previous* to the procedures set out in the February 23rd, 2004 orders are hereby "Repealed". Plaintiff Wheeler shows By Blacks definition, :*repeal*, n. "Abrogation" of an existing law by legislative act. Abrogation is thereby defined in Blacks: abrogate: To "abolish" (a law or custom) by formal or authoritative action: to annul or repeal. annulment defined in Blacks: The act of nullifying or making void. Plaintiff Wheeler proves that it doesnt get Any Plainer than that, the Defendant Bill Segrest negligently Allowed the changing of the "Equal Protection" guaranteed Plaintiff Wheeler, By denying Wheeler Equal Consideration in review, and the 10 year, or one third of Sentence Guaranteed Wheeler at time of his Sentencing.

5). Inmates with non violent Felonies have not, and are not made late for parole review. The Defendant cannot claim that "All" victims, and Affiliates could not be located for "every" violent case, yet the Defendant has Approved Policy that has made "every" violent offendered case, late for review, violating Inmates (listed herein are 4 names) but there are surely hundreds more, perhaps thousands, with class A, violent felony convictions. Only for "a handful" of violent offenders have they been granted Parole, to allow the defendant a small covering to AVOID the TOTALITY of making All serve 15 years, or 85 percent exposure. This 15 year 85 percent has been made retroActive by a 95 percent of violent Class A felons have been denied Parole. We know that Parole is A priviledge, A gift, and so many are de-Serving, After a proven lengthy rehabilitation effort with proof of results, are still, denied Parole.

6.) Defendant Bill Segrest Approved, "All" Former rules have been changed (repealed), on February 23rd, 2004, violating Ex post facto, cruel and unusual Punishment, Equal protections.

7) This Motion invokes this Honorable Courts Jurisdiction in the Judicial Branch, by Plaintiff Wheeler's detailed Motion of claims which can be grounds for relief requested by Plaintiff Wheeler to Intervene, this Court as A monitor to regulate appropriate forthcommings in the Future by the Defendant Bill Segrest, et al.

8) This Honorable Court should order said Defendants to show reason for denial of Parole, for All Class A felons with A violent case whom was sentenced "prior" to December 4th, 2001, because of evidence of Ex post facto violation (exhibit 1-A, repealing on page 4 of this Motions Incorporation).

9) IF Inmates are "paroled", the said defendants should not be made to show this Honorable Court, reasons why the class A (violent considered) felons are paroled.

10) All these issues of grounds related (obviously) to Instant Complaint, All Jurisdictions of Federal Rules of Civil Procedure are hereby invoked to Attain to Avoid Attainder. I MARK Shannon Wheeler hereby state this to be true and correct, this the 30th day of MAY, 2006.

_____
AIS#139044 MARK Shannon Wheeler Plaintiff pro se