IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

Mark Shannon Wheeler #139044  )
   Plaintiff                  )
                              )
V.                            )
                              ) Civil Action No. 2:06-CV-274-MHT
Bill Segrest, et al,          )
   Defendant                  )
                              )
                              )

<u>Plaintiffs response to Defendants Special Report, Answer, and Motion to file exhibit of previous Complaint (Exhibit, 2) in the Circuit Court of Montgomery County Alabama (Case # CV-2005-1307)</u>

Comes now the Plaintiff Mark Shannon Wheeler #139044 in this Honorable District Court of the United States for the Middle District of Alabama Northern Division, in Plaintiffs response to Defendants Special Report, Answer, and Motion to file exhibit of previous Complaint (exhibit, 2) in the Circuit Court of Montgomery County Alabama (Case # CV-2005-1307).

   Plaintiffs response in exact order in answer:

#1. Plaintiff has not made "exact" same claims in state Court, but only the issue of being treated differently than the Non-Violent for Consideration" for Parole". Plaintiff Wheeler in this Federal Complaint is focused on being reimbursed 22 months of late Parole review time he is due, never once did Defendants answer that by denial of it being true, they admit it. It was not raised in state Complaint (see exhibit 2, Attached); 25 pages.

2. Plaintiff Wheeler has in Amended Complaint raised defense of Defendant being barred from immunities because of civil violations mentioned in Complaint and Amended Complaint (see page "13" of Plaintiffs Motion filed on 6-12-06) in this Honorable Court.

3. Same as #2 (above).

1.

4. Plaintiff Wheeler has stated and proved civil constitutional violations all through Instant Complaint and Amended Complaint, and Defendants depriving Wheeler "Equal Protection", for Equal Consideration, and the right to be free from Cruel and unusual Punishment, and ex post facto violation brought about in Amended Complaint Wheeler sought relief, and Defendants have not addressed in answer this issue.

5. Plaintiff Wheeler has not claimed "ANY" liberty interest, but the "Equal Protection" of the 14th Amend U.S. Const. concerning "equal consideration" rights violation. Wheeler at the state level challenged the issue of the non-violent being "Rocket-Docketed", and that was a discrimination issue, but a different claim in this Honorable Court, he seeks "reimbursment" and did not at the state level, proving now that is a different claim.

6. Plaintiff Wheeler along with any person in Alabama Prisons having been convicted of a violent type felony case have been treated differently, than those not being deprived of due time consideration with a class A felony as being sentenced before Dec/4/2001, as we are being violated Article 1, section 9 U.S. Const. ex post facto law as plaintiff Wheeler in his 6-12-06 filing in this said Court showed by exhibit, 1-A (Page 4) that the "Boards Order" on Feb. 23rd-2004, states the ex post facto violation, on last line it states: "All previous orders governing these procedures are hereby repealed". Plaintiff Wheeler hereby proves thereby that the "10 years, or one third of sentence which ever is less" shall be the guideline setting, is no longer for class A violent felony convictions as "it was when Plaintiff Wheeler was sentenced" May 1994. Now the requirement is "15 years or 85 percent, whichever is less. The Boards repealing order which Defendant Bill Segrest approved, caused the violation Feb 23rd-2004, by "repealing previous governing procedures" by the repealing of the 10 years or one third of sentence for class A violent type cases.

2.

7. Plaintiff Wheeler has invoked this Honorable Courts Jurisdiction by civil Rights violations of the United States Constitution. When plaintiff Wheeler's new violations arose, plaintiff Wheeler seen that previous issues (some similar) were not going to be properly addressed as the state, is not going to spank itself, or admit to wrong doing. There after plaintiff Wheeler considered to seek appropriate relief for different claims (the- 22 months re-imbursement) and (the EX post facto violation) at the Federal level in hopes of being GRANTED DUE DEMANDED RELIEF, by different claims violations, but every bit legitimate.

Defendants Special Report is an answer to the state Complaint plaintiff Wheeler filed. It does not cover Plaintiffs claims, and is misleading by case authorities of Andrus vs. Lambert (Ala). See Debra Ann ANDRUS v. Honorable Ealon Lambert et al Ala. Cr. App. 424 So. 2d5  3. states: Prisoner has right to be "properly" Considered "for" parole. Plaintiff Wheeler claims this for reimbursment of 22 months, which is totally acceptable, and different from state claim (Grounds). Plaintiff Wheeler appeals now to District Judge M. H. Thompson for relief due Plaintiff..

/s/ Shannon WH 139044
Mark Shannon Wheeler Plaintiff Prose

---

### Motion to Incorporate exhibit "Y"

Mark Shannon Wheeler #139044    )
    Plaintiff Pro se            )
vs.                             ) Civil Action No. 2:06-CV-274-MHT
Bill Segrest et al              )
    Defendant                   )
                                )

Comes now the plaintiff Mark Shannon Wheeler and moves this Honorable District Court of the United States for the middle District of Alabama Northern Division, and moves this said Court to "GRANT" this Motion to Incorporate exhibit "Y" (Page 4, Attached) News Paper Article, June 2006.

3.