IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY ALABAMA, CIVIL DIVISION

Mark Shannon Wheeler Ais#139044, Plaintiff, Pro se,

VS.

Bill Segrest, et al., Official/Individual Capacity Respondants,

Case # CV-2005-1307

Disregard Side Notations of Plaintiff Wheelers Copy and Photo Copy for Defendants

# Instructions to Clerk

Dear Melissa Rittenour, Clerk of Montgomery County Civil Circuit Court, Please be advised, that you are hereby directed to Please file My Complaint, You are hereby directed to Serve a summons Attached thereto with, and Serve the Following defendant, by an agent authorized by law, or by Certified Mail, first being signed for Service - the summons in Full Compliance with Rule 4, A.R.CV.P. If by legal Agent, or, If by Certified Mail, first being signed for service, this Complaint is so refused, or returned, You are directed to, by First Class Mail (ordinary Mail) mail a Copy of the Same Complaint and Summons to the Defendant at the following address set forth, being in Compliance with Rule 4(e)(F)(3) Rule 4.1 (a)(b)(c). : *Executive Director Bill Segrest*

C/o STATE OF ALABAMA
Board of Pardons and Paroles
301 S. Ripley Street, P.O. Box 302405
montgomery, Alabama 36130-2405

Done this the 18th Day of May, 2005

Mark S. Wheeler Ais# 139044
P.O. Box 150 mt. meigs, Al. 36057

[signature]
Mark Shannon Wheeler Ais# 139044
Plaintiff Pro se

exhibit Z

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY ALABAMA, CIVIL DIVISION

MARK SHANNON WHEELER *
AIS# 139044, Pro Se *
Plaintiff *

VS. *

BILL SEGREST etal., * Case No.________
Official/Individual *
Capacity *
Defendant, (Respondant) *

# *COMPLAINT*

## Motion For Injunction and Court Order to Issue

Comes now the Plaintiff Mark Shannon Wheeler AIS# 139044, Pro Se, a Prisoner incarcerated in the State of Alabama in Montgomery County, and Moves this Honorable Circuit Court for Montgomery County Alabama, Civil Division, to GRANT this Civil Complaint's "Motion for Injunction and Court Order to Issue", so as to prevent a further injustice upon Plaintiff Mark Shannon Wheeler, (hereas to be Known as Wheeler), as Grounds to be forthwith included in Which relief Can be granted. This Honorable said Court has jurisdiction over subject matter as both Parties were, and are in Montgomery County Alabama where Plaintiffs Constitutional Rights (14th) and (8th) were Violated. Defendant Bill Segrest et al, is Guilty of said violations. Plaintiff Wheeler is A resident in Montgomery County Alabama.

Wheeler does demand a jury trial in Compliance with Rule 38(a)(b), A.R.CVP.. Plaintiff Wheeler also list et al.; as possible future defendants may be necessary. Wheeler is in financial hardship and has here to with, the appropriate form C-10. Wheeler ask this Court to issue an Order for an Injunction to issue upon Executive Director Bill Segrest and the State of Alabama Board of Pardons and Paroles, So as to "immediately" prevent any non violent case to-be-expedited before any violent cases of Conviction being heard before the Parole Board, as has been previous Protocol, approved by the Defendant, Bill Segrest of the Alabama Board of Pardons and Paroles, as he is the "Executive Director", must immediately hault, and never be practiced again. <u>Grounds for Complaint's Claim are as follows in Which relief Can be Granted Plaintiff Wheeler.</u>

Claim 1. "Defendant Bill Segrest et al., in his Official/Individual Capacity went beyond (exceeded) his Official discretion exceeding that capacity as Executive Director of the Alabama Board of Pardons and Paroles and acted Arbitrarily or Capriciously against Plaintiff Wheeler's 14th Amendment (section 1) of the <u>U.S. Constitution</u> by violating Wheeler's Equal Protection Right, which subjected Cruel and unusual Punishment being inflicted upon Wheeler by not properly Considering Wheeler for Parole". Defendant acted in his Individual Capacity.

cont: Defendant Segrest was insufficient in his reason for Denying Wheeler's Parole Consideration. Obviously (as) he does not have the Authority to act as he has. Defendant Segrest Also violated Plaintiff Wheeler's 8th Amendment Right of the U.S. Constitution, Which guarantee's all U.S. Citizens are to be free from "Cruel and unusual Punishments" being inflicted. Defendant Segrest et al, was wanton in negligence, and Generally negligent, is guilty of malpractice of his Proffession, and violated Plaintiff Wheeler's Civil Rights thereby.

Defendant Bill Segrest et al, acted "improperly" in his "Approving" (Parole's being Considered) properly, as his Approved Policy Consider's "improperly" according to "Equal Protection" Rights of the 14th Amend. (Sec 1), of the U.S. Constitution.

Defendant Segrest violated Constitutional requirements as he is Paroling Authority, and did determine plaintiff Wheeler's parole eligibility on an improper ground as Defendant Segrest et al, did authorize (non violent) offenders to be Considered before Plaintiff Wheeler which has A Murder Conviction ("violent"), and Wheeler had his parole date of September 2003 "predetermined" MAny years before the non violent Consideration issue even came up. Plaintiff Wheeler was and has been discriminated against by the Action of Defendant Bill Segrest et al. Wheeler has suffered Duress, Mental Anguish, and Chest Pains As a result. Now even other Violent Cases have been Put in front of Wheeler, Which were to be heard After.



Don Rigby

*Facts* (Grounds) to Support Claims

1. Debra Ann ANDRUS v. Honorable Ealon Lambert et al Ala. Cr. App. 424 So. 2d 5 states the following as a matter of law:

3. Pardons and Parole 46. While no constitutionally or inherent right of convicted persons to be conditionally released prior to expiration of valid sentence exists, "Prisoner has right to be "properly" Considered for parole" [emphasis Mine"]

4. Pardon and Parole 48. "Paroling authority must comply with Constitutional requirements and may not determine parole eligibility on an improper ground." [emphasis Mine]

5. Pardon and Parole 48. Parole should not be denied for false, insufficient, or Capricious reasons.

Plaintiff Wheeler shows state Courts jurisdiction and no immunity for Defendant(s):

Our Constitution assures that the law will ultimately prevail, but it also requires that the law be applied in accordance with lawful procedures. Holtzman vs. Schlesinger, 414 U.S. 1304, 94 S. Ct. 1, 38 L. Ed. 2d 18 (marshall, Circuit Justice, denying stay, 1973).

the Courts proper role is to determine Whether an agency's action is lawful. In making that determination, the Court has no authority to Consider Whether it would have made the same decision. The Judiciary may not substitute its Judgment for that of the agency. The Wisdom of the decision is not within the scope of Judicial review. In fact, the jurisdiction of the Court is restricted to an examination of the external Validity of the proceedings. Byars vs. Town of Boaz, 229 Ala. 22, 155 So. 383 (1934).

Arbitrary or Capricious?

Denying any individual "equal protection" of the law would be a violation of the oath of office, and would be grounds for impeachment. Members of the Board swear to uphold the Constitution of the United States and the Constitution of Alabama. The Legislature anticipated the possibility that members of the Board would neglect or abuse their Office, and provided for those Contingencies. See § 15-22-20, Ala. Code. See also § 15-22-39. If a Board member improperly discriminated against ANY person on the basis of race "OR SIMILAR FACTORS", that would not necessarily mean that the affected individuals were suitable candidates for parole. It certainly would not work (to) transfer the paroling authority from the Legislative Branch to the Judicial Branch. the alleged victims would not become entitled to Parole,

Cont.

but the Malfeasant or misfeasant Board Member could be removed from office and replaced according to law. Just because a party doesn't have the remedy he wants, doesn't mean there is no remedy available to correct an injustice.

Could Remove All Board Members

Alabama's Parole System is designed to promote the Public Welfare. The Legislature decided that Parole, in many cases, is consistent with the Welfare of society. However, the Legislature also decided that no prisoner should ever become entitled to Parole. Instead, the system is designed to require a case by case analysis of the individual prisoner's prognosis for success and his compatibility with the welfare of society. Our Courts have already decided that this system does not create an entitlement to Parole, Williams vs State, 420 So.2d 91 (Ala Cr. App. 1982), cert. denied. (Ala. 1982).

Case by case basis

Requires Analysis

Consider As Individuals

As the Court realizes, § 15-22-24(a) Code of Al. grants to the Board discretionary power to decide which prisoners may be released. Section 15-22-26 prohibits the Board from treating parole as an "entitlement", and directs the Board to assess the impact on society of releasing the individual prisoner.

Case by Case Basis

ONLY

cont.

Discrimination — Discrimination As there is NO ENTitlement to Parole — *Const. Violation

Neither makes mention of a "Group", of violent, or non-violent, as a "whole", only as a individual, not as a class. Being that section 15-22-26 prohibits "entitlements" to Parole, Code of Al. 1975, then there is "NO" Justification to (priviledge) "to" consider a non violent convicted felon in prison before one of the same but with a violent conviction, and to do so is therefore "Discrimination", and a violation of Plaintiff Wheeler's 14th Amendment of the U.S. Constitution, sec(1) "Equal Protection". Being that the Past and Present violating Procedure has been, and is discriminating, said 14th Amendment Section (1) of the U.S. Const. is a meritous arguement. This fact that the Executive Director Bill Segrest the Defendant et al., has exceeded his proper overseeing authority, and should by an emergency Injunction be impeached, and directives be Ordered as to his successor. Defendant Segrest et al, exceeded his proper authority in a Capricious and arbitrary manner, discriminating against thousands of men and women in Alabama in Prison (with violent felony convictions that has them incarcerated), denying them Equal Protection as well. For the Parole Board members to release by Consideration All the non Violent (as they are working on it) and seeking to Keep in Prison all the violent (considered) is obviously a Political

cont: issue, but it is 100% illegal to discriminate, and to Consider Inmates Differently, (UNEqually), is to improperly consider the Legislative laws of Good Time, as to FAvor one "GROUP" over another and releasing a "Group" to be considered For Freedom over another, and not as individuals. Every Inmate is "equally entitled" to Equal Consideration, and that is the law, For Considering For Parole. "There is no right to be "properly Considered" For Clemency, but there "is" a protected Right to be properly Considered For Parole". see ANDRUS v. LAMBERT et al Ala. Cr. App. 424 So. 2d 5.

The damage has been done to Wheeler, and he is entitled relief. If the Clemency power is abused so as to violate the oath to uphold the Constitution, the Officer abusing his office is subject to impeachment, but the individual who does not receive the gift of mercy has no right to redress, Because as a liberty interest, he or she has not been harmed. Discriminitive Parole reviewing - the non violent case (Inmate), "being brought" up early (Premature) as (was) to their Previous-scheduled-date For Consideration, before a person with a violent case is Applicable For Judicial Review, Because that is NOT a issue of discretionary function, but an improper Consideration, a violation of Plaintiff Wheeler's 14th Amend. Sec (1) of the U.S. Const. of Equal Protection.

Protected Right. EQual / Consideration

impeachment

* Applicable Judicial Review (see also pg. 14 P. 15)

because of discrimination Equal Protection 14th

(because of nature of case) Cont:

Discrimination against "eligibility" is improper grounds

This is not about granting or denying ones Parole. (STATE Paroling "Authority" MUST Comply with "Constitutional requirements" and may not determine parole "eligibility" on improper grounds), see Tedder v. Alabama Board of Pardons and Paroles, 677 So. 2d 1261, 1263-64 (Ala. Crim. App. 1996).

Courts Jurisdiction Absent Flagrant unauthorized Action

Courts should not intefere with the Boards discretionary decisions "absent flagrant or unauthorized action" by the Board. Hill v. STATE, 594 So 2d. 246, 247-48 (Ala. Crim. App. 1992), citing Thomas v. Sellers, 691 F. 2d at 489.

See Also B, P. 5

Defendant Bill Segrest, Executive Director of the Parole Board in Alabama is the Controlling authority to give "authorized", ORDER OF Direction as to Whom the Board Considers For Parole, Which did Put the Non-Violent Group of individuals improperly, and unconstitutionally before the Prisoners with violent cases, which the violent cases already had Pre-determined Parole Review Guideline Setting Dates, but was pushed Flagrantly to the back, making the violent cases for Proper Consideration null and VOID. This impeachable violation undoubtably, arbitrary and Capricious act by Defendant Segrest, et al., Clearly demonstrates that a "set of Facts" exist Which entitles Plaintiff Wheeler to Judicial review and relief, and would invalidate any Future motion to dismiss by Defendant Segrest et al.

Flagrant

Arbitrary/Capricious

cont.

# Arbitrary Action unlawful

Plaintiff Wheeler makes it perfectly clear that he is not attacking the discretionary function of the Board, rather, that the Board, because of Executive Director (Defendant) Bill Segrest et al., acted unlawfully and arbitrarily by making Plaintiff Wheeler late for proper Parole Consi- deration, as Wheeler has had his Guideline date (for Parole since 1995) as the date was set for "September, 2003". Plaintiff Wheeler has been incar- cerated since August 17th-1993. And when September 2003 came finally, and went (after having waited over 10 years), Plaintiff Wheeler was never "Properly Considered" Equally because the non violent cases were expedited arbitrarily in place of Wheeler's case, and now so are other violent cases of Inmates who's dates were to be considered for Parole after Wheeler's, were set new dates, and many have been considered (of those), some went home, some have not, but all of the violent cases, "were not properly considered". Plaintiff Wheeler has still not had his case considered Properly, even 20 months past the pre set date, Wheeler's case has not been heard at all. Wheeler's 14th Amend. Right of Equal Protection to be Properly Considered for Parole has been violated giving this Honorable Court Jurisdiction to intervene "When the Board acts arbitrarily or capricious in denying Wheeler's equal Protection."

Arbitrarily Not Equally

other violents also

Arbitrary Capricious

Cont:

Cannot be denied for false insufficient or capricious reasons

Parole cannot be denied for false, insufficient, or capricious reasons. Andrus V. Lambert, 424 So. 2d 5, 9 (Ala. Crim. App. 1982); Tedder V. Alabama Board of Pardons and Paroles, 677 So. 2d 1261, 1263-64 (Ala. Crim. App. 1996) State paroling authority must comply with Constitutional requirements and may not determine Parole "eligibility" on improper (Equal protection discrimination) grounds. Violating ones Equal Protection, is, improper grounds in eligibility consideration.

* Board Must Comply with Constitution

This Court has Jurisdiction to intervene when the Board acts arbitrarily or capriciously in "denying" (or revoking Parole).

Consideration is to be soon as possible

The Board is to consider each case as soon as it may lawfully and practicably do so. It is NOT discretionary Right to "deny" an Inmate his right to the 14th Amendment of the U.S. Constitution of equal Protection of the laws, as: No STATE shall MAKE or enforce any law which shall "abridge" the privileges or immunities of citizens of the United States; .....; nor deny to any person within its Jurisdiction the "equal protection" of the laws.

STATE "Cannot" Abridge privileges of U.S. Citizens

Defendant (William) Bill Segrest A.K.A. having violated Wheeler's 14th and 8th Amendment is a Tort claim(s). Plaintiff Wheeler has said 8th Amend. Right to be free from cruel and unusual punishment being inflicted upon him. Defendant Segrest Moved Wheeler's "Carrot" (Goal) to be considered.

Relief TORT

cont:

Plaintiff Wheeler has by these Violations been caused Duress at thinking our system treats Inmates Equally, caused Wheeler Mental Anguish, to the degree of Chest pains. Plaintiff Wheeler meets all the Criteria for a successful return to Society, and his prison record is above being (only) satisfactory as is needed.

Chest pains

Plaintiff Wheeler mailed "to" defendant Segrest on Nov. 9th, 2004, a letter stating that he (wheeler) was reconsidering fileing a civil action, but Wheeler did not think that he could do so until "After" he (wheeler) would be brought up for Parole "and" denied, and Wheeler made mention that he (wheeler) "would" file "if" denied Parole. This letter was sent to the "Executive Director, Bill Segrest" 14 months "After" Wheeler was prescheduled to be Considered for parole - (Sept. 2003 to Nov. 2004). Plaintiff Wheeler went to see his (wheeler's) classification Officer, Mr Jack Tant on January 25th - 2005. Wheeler asked Mr. Tant Could he check and see if he (wheeler) had a new Parole date, as Wheeler was at this time, over 16 months "late" on properly being Considered for Parole, because of the forsaid violations. Mr Jack Tant pulled Wheeler up on the Computer, and it still at that time showed Sept. 2003 for Parole date, even though it was over 16 months After that date. Mr Tant looked Surprised. Mr Tant told Wheeler that he would check into it.

Plaintiff Wheeler went again to see Mr. Tant the next day (1-26-05), and Mr. Tant told Wheeler that his case was in limbo (whatever that meant) and that Wheeler should be hearing from the Board, Wheeler said O.K. Weeks later Wheeler again did check with Mr. Tant, and Mr. Tant again pulled up Wheeler's information on the computer, but this time, the Sept. 2003 parole date had been removed, and no date was shown. This was now about 18 months past Wheeler's date. Wheeler was now considering that maybe the Board was now rescheduling. On May 12th-2005, 20 months after his predetermined parole date had expired, checked in again with Mr. Tant. Mr Tant again pulled Wheeler up on the computer, and said, its still showing may 2004. Wheeler then informed Mr. Tant that it has never showed a may 2004 date, and Wheeler left the office of Tant trying to figure out what, and why that May-04, date had been put into the computer, it being 1 year tardy instead of the true 20 months Tardy. It soon became obvious to Wheeler that his own letter to Defendant Bill Segrest on Nov. 9th-2004, (Formentioned), advising Segrest that if he (Wheeler) was denied Parole, Wheeler would move to sue the Board at that time. Wheeler knew that being 20 months Tardy of your Parole date meant that he (Wheeler) would "soon" have to receive a new date!

cont.

The reason was, because even most all of the Violent cases (Parole dates) around Wheeler's date of Sept. 2003 had already been heard. Inmate Thomas Hill was granted, Inmate Cecil Rust was Denied, both had had previously Sept. 03 parole dates. This New May-2004 date that was put in the computer was put in "After" Jan. 26th-2005, at least 7 months past that May 2004 date! This New "BACK" date only (appeared) to make Wheeler 1 Year (only), behind, which would give the Parole Board more time to Avoid Wheeler's law suit, Wheeler supposedly being only 1 year behind could give the Parole Board more time to improperly consider Plaintiff Wheeler for Parole Consideration. The New (old) date; May 2004, to May 2005 is only 1 year. It is still may 2005 Today as this action is being prepared, against the true person which acted irresponsible when he did obviously receive Wheeler's "Notice" letter directed to "Executive Director Bill Segrest". Some of the Non Violent offenders in which whom the Parole Board did prefer to consider before Wheeler, has returned to Prison, and have been brought back up again "before" Wheeler again, and they are being reconsidered again! This not only insane, but illegal.

cont:

Wheeler as exhibit (1) show's his own "Time-sheet" from Central Records (of A.D.O.C.) Which merits Wheeler's Sept 2003 "Parole Review date," (see exhibit (1) attachmont) for meritous claim. Wheeler's "Equal Protection" for parole was not unavoidably delayed, HE was intentionally discriminated against, as "a class of non violent convicted felons" was favored. Before Wheeler could get his fair and equal opportunity to be considered as is (would be) Proper, has been now, over 20 months violated.

Court Jurisdiction see p. 8, 9

This Court does not lack Jurisdiction pursuant to 43, Ala. Const., to exercise those powers delegated to the Legislature by Amendment 38, Ala. Const., as this Case is of a State official who has and is exceeding his authority acting Capricious and arbitrarily beyond (exceeding) his (Defendant Segrest) discretionary authority, which violates Wheeler's Rights, foresaid.

Amendment 14. (1868) sec. (1) Civil Rights in the United States says also in Part: "anyone living in any State is entitled to that state's protection and the benefit of its laws." There is a Justiciable Controversey between Plaintiff Wheeler and Defendant Bill Segrest et al., Which have been plainly shown. This illegal (bad) Policy approved by Defendant Segrest, is not just an averment, but evidence Segrest exceeded his authority

cont: IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY ALABAMA
CIVIL DIVISION

Mark Shannon Wheeler
Ais# 139044, Plaintiff,
Pro Se

vs.

Bill Segrest, et al.,
Official/Individual-Capacity
Respondants

Case #__________

NOTICE TO THE CLERK OF SERVICE OF DOCUMENTS

TO: Melissa Rittenour
Circuit Court Clerk
Montgomery Co. Courthouse
P.O. Box 1667
Montgomery, AL. 36102-1667

Please Take Notice that I have on this day served the following upon counsel for Respondants:

1.) Plaintiff's First Set of Interogatories (Attached).
2.) Exhibit (1) "Computed Time Sheet of A.D.O.C. of Plaintiff Wheeler Showing Parole Review date Sept. 2003." (Attached)

By Placing a Copy of the same in the United States mail with instructions to Clerk to Serve.

Submitted this the 18th day of May, 2005.

[signature]
Mark Shannon Wheeler Ais# 139044
Plaintiff. Pro Se

Mark S. Wheeler
Ais# 139044
P.O. BOX 150
Mt. Meigs, AL. 36057

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY ALABAMA, CIVIL DIVISION

Mark Shannon Wheeler
Ais# 139044, Pro Se
Plaintiff

vs.

Bill Segrest el al.,
Official/Individual Capacity
Respondants

Case No. ______

## Plaintiff's First set of Interrogatories

Comes now the Plaintiff Mark Shannon Wheeler, and pursuant to Rule 33, A.R.Cv.P. propounds this first set of Interrogatories upon Respondants, to be answered separately, in writing and "under oath", within 30 days of receipt of same, and states:

Interrogatory No. 1. Please state your full and correct name, mailing address, and telephone number.

Interrogatory No. 2. Are you correctly identified in the styling of this lawsuit? If not, please state the correct name and address, and explain so that service may be properly obtained.

Interrogatory No. 3 Please state the correct name, mailing address, telephone number, and title of each and every person, including but not limited to corporate or governmental entities, having any knowledge of any relevant fact relating to the incident which is the basis of this Civil Complaint, the cause thereof, or the damages resulting therefrom.

cont-

Include with your answer a complete recitation of the facts known to each person or entity so listed.

Interrogatory No. 4. Please state the name, mailing address, telephone number, qualifications, and now present employment of each and every person whom you expect to call as an expert witness in the trial of this case, the subject matter on which said expert is expected to testify, the substance and facts and opinions to which each expert is expected to testify, and a summary of the grounds for each opinion expected to be expressed by such expert.

Interrogatory No. 5 Please describe fully any and all investigations of the incidents made the basis of this action (other than those privileged by law) including who conducted the investigation, when the investigation was conducted and the results, findings, and conclusions of such investigation. Please attach a copy of said investigation with your answers hereto. If you are claiming privilege as to any investigation based on its allegedly being done in anticipation of litigation, state what outward manifestations of litigations upon which you are relying.

Interrogatory No. 6 Please state in detail every fact upon which you rely or intend to rely in the trial of this action.

Interrogatory No. 7 Has any person(s) or entities prepared any report, written or otherwise, Concerning any matter Which pertains in anyway to the events Which are the basis of this action? If yes, Please identify the person(s) making said report and their title, and provide a copy of said report with your answer.

Interrogatory No. 8 Please state Whether or not you have a Copy of any Statement Which Plaintiff has previously made Concerning this action or its subject matter and Which is in your possession, Custody, and Control. For the purposes of this question, a statement previously made includes: (1) a Written statement signed or otherwise adopted or approved by the Person making it, or (2) a stenographic, mechanical, electrical, or other recording, any transcription thereof, Which is a substantially verbatim recital of an oral statement by the person making it and Contemporaneously recorded. If the answer is yes, Please attach a Copy of such statement hereto.

Interrogatory No. 9 Please state the name, address, telephone number, and title of any person Who Aided or assisted you in Compiling answers to these interrogatories.

Interrogatory No. 10 Please Consider these Interrogatory's to be Continuing in nature, to be updated and answered by you as additional facts come into your possession. Done this the 19th day of MAY, 2005 [signature] Mark S. Wheeler AIS # 139044

Plaintiff Pro Se

cont: facts

"Authority of Board," 15-22-40, Al. Code 1975 Vol. 12A Title 15, states: It is without question that this section prohibits the Board of Pardons and Paroles from exceeding its strictly limited authority (see) United State v. Swanson 753, F. Supp. 338 (N.D. Ala. 1990), Aff'd, 947 F.2d 914 (11th Cir. 1991).

Board exceeded Authority illegally

* 15-22-39 Al. Code 1975 Vol. 12A Title 15 CR. procedure Board; Failure to perform duties (states): "Knowingly or willfully neglects or fails to Perform any duty"..... is guilty of a felony.

Felony

The Alabama Board of Pardons and Paroles has "total discretion" to consider and decide What prisoners may be released on parole and When, Pursuant to Amendment 38, But, they "do Not" and "Shall Not" discriminate against anyone,, and every-one shall be afforded 14th Amendment, U.S. Constitutions equal (Proper Consideration) protection, to be equally undiscriminatively "Considered" For Parole. The term "when" is in relation to an Inmate being released (When), not when they will be considered in relation to a given date as the parole Board is not Permitted to discrim-inate, by race, or classification, as to who gets shown more favor.

15CB218

CBR716-3

ALABAMA DEPARTMENT OF CORRECTIONS
INMATE SUMMARY AS OF 01/21/2003

INST: 008
CODE: CRSUM

**********************************************************************

AIS: 00139044B INMATE: WHEELER, MARK SHANNON RACE: W SEX: M

INSTITUTION: 008 - KILBY CORRECTIONAL FACILITY JAIL CR: 000Y 08M 16D

DOB: 05/13/1961 SSN: 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 PREVIOUS AIS: P0033514

ALIAS: WHEELER, MARK

ADM DT: 05/06/1994 DEAD TIME: 000Y 00M 000

ADM TYP: LIFE SENTENCE STAT: EOS FROM PAROLE

CURRENT CUST: MED-9 CURRENT CUST DT: 09/30/1994 PAROLE REVIEW DATE: SEP 2003

SECURITY LEVEL: (4) FOUR

SERVING UNDER ACT446 LAW IN CLASS IV CURRENT CLASS DATE: 05/06/1994
INMATE IS EARNING : PROHIBITED FROM EARNING GOODTIME

| COUNTY | SENT DT | CASE NO | CRIME | JL-CR | TERM | |
|---|---|---|---|---|---|---|
| CLEBURNE | 05/06/94 | N93000080 | MURDER | 0256D | LIFE | CS |

ATTORNEY FEES : $001000 HABITUAL OFFENDER : Y
COURT COSTS : $0000276 FINES : $0000000 RESTITUTION : $0000050

| TOTAL TERM | MIN REL DT | GOOD TIME BAL | GOOD TIME REV | LONG DATE |
|---|---|---|---|---|
| LIFE | 00/00/0000 | | | LIFE |

INMATE LITERAL:
**********************************************************************

DETAINER WARRANTS SUMMARY
INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
**********************************************************************

ESCAPEE-PAROLE SUMMARY

PAROLED FRM 115:12/10/90 RVK:00/00/00 DELQ:00/00/00 RECAP:00/00/00 RTN:00/00/00

INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
SINCE D.B.S.C.I.S. RECORDING BEGAN IN 1978
**********************************************************************

DISCIPLINARY/CITATION SUMMARY

>> DISCIPLINE: 08/15/2001 TIME LOST: 00Y00M00D CUST FROM MED9 TO MED9
DISCIPLINE TYPE: MAJOR AT INST: 008 RULE NUMBER: 54
RETAINED DAYS: 0000 SEQ #: 01 RULE LIT: REFUSING TO WORK/ENCOURAGING OTHE

Page 21 Exhibit No 1.

*Claims* (1) Show that Wheeler has stated claim on Which relief can be granted in Accordance with Rule 8 A.R.Cv.P.

## Demand For Judgment (and Relief), Demand For Jury Trial

So as Plaintiff Mark Shannon Wheeler A.i.s# 139044 can obtain (relief) substantial Justice, Plaintiff Wheeler demands a Jury Trial so that Rule 38(a) (b) Rules of Civil Procedures are utilized so as Plaintiff Wheeler can obtain relief, by this demand Which is deemed a written Notice given now to this Honorable said styled Court so as to GRANT this Demand for Judgment (and Relief), Demand for Jury Trial, and Notice to the Defendant, that Plaintiff Wheeler is now exercising his Right to a jury Trial, By Wantoness, Negligence and Civil Rights Violations 14th, 8th U.S. Const. TorTs Personal Injury (relief sought) Declaratory

(1) Punitive: $ 250,000.00

(2) General $ 250,000.00

(3) Compensatory: (Costs).

(4) Further relief sought: That (William) Bill Segrest, Executive Director of the Alabama Board of Pardons and Paroles be immediatly impeached from his Job at the said Board, and be barred from any Job at said Board in Alabama.

(5). That this Court ORDER that an (Emergency Ex-Parte Injunction) issue to prevent a further NON Violent "Rocket Docket" Consideration from transpiring without all the prescheduled Violent Cases being first Considered for Parole.

(6.) That all persons with violent cases be shown extra Mercy by the Board than Previously to those with violent cases in times past so as to "help" right the wrong, by this will help to remove any stigmatization by the Cruel and unusual Punishment inflicted upon those whom have been Kicked to the curb.

7. That Torts Personal Injury claim (1) and (2), in the event of Bill Segrest death, if it were to happen, before or after a Settlement could be reached in Claims 1 through 7, that a Levy in the form of a lien be placed upon Defendant Bill Segrest Estate, payable to Mark Shannon Wheeler the Plaintiff.

## IN THE ALTERNATE RELIEF, Demanded

(1). If Plaintiff Wheeler were to be brought up for a Parole hearing, Granted and Released on Parole, Wheeler would not be granted relief in 1-7, because he would already be released, and 1-7 (relief) would not affect Wheeler, as he has not filed this in form of a Class action, and it may become void if Wheeler were to be paroled.

## Rule 16 Pretrial Conference

Plaintiff Wheeler moves this Honorable Court to now set a docket calender date for a pretrial Conference in This cause, for the following reasons:

(1) Expediting the disposition of the action.
(2) Establishing early and continuing control so that the case will not be protracted because of lack of Management.
(3) To discourage wasteful Pretrial activities.
(4) Improving the quality of the trial through more thorough preperation.
(5) Facilitating the Settlement of the case.

## Comments

Plaintiff Wheelers release from prison is consistent with society's interest. Wheeler has 20 Certificates (in his file) of accomplishments of Programs he has Completed. "A prisoner has the right to be properly Considered for parole". _Christopher v. U.S. Board of Parole_ 589 F.2d. 924 (7th Cir. 1978); _Wallace v. Turner_, 525 F. Supp. 1072 (S.D. Fla. 1981). The Paroling authority must comply with "Constitutional requirements" and may not determine parole "eligibility" on improper grounds. _Wallace v. Turner_, Supra. A parole should not be denied for false, insufficient, or capricious reasons. _Christopher_, Supra.

III Plaintiff Wheeler is entitled to Declaratory Judgment, relief Demanded, and Wheeler Demands a Jury Trial so as to obtain sought relief for said in this Civil Complaint. Plaintiff Wheeler seeks his Relief as a matter of Law, and retains the Right to Redress under color of state Law. Wheeler moves under Rule 7(A) A.R.CV.P., and Rule 38(a)(b) A.R.CV.P. securing a Jury Trial, as now Preserved.

Wherefore, Premises Considered, Plaintiff Wheeler moves this Honorable Montgomery County Circuit Court in Alabama, For Citizens (Civil Division), to enter Judgment on the pleadings, Granting Wheeler's Demand for Jury Trial, Pertaining to Tort damages (sought) demanded for Relief. Done this the 18th Day of May, 2005. Respectfully submitted [signature]

Mark Shannon Wheeler
Plaintiff, Ais# 139044
Pro Se

First Duly sworn and Subscribed before me this the 18th Day of May, 2005, Did Appear Mark Shannon Wheeler

[signature] Ais# 139044. [signature]

Mark Shannon Wheeler
Pro Se Plaintiff

NOTARY PUBLIC

My Commission Expires 6/23/2008.

## Certificate of Service

I Mark Shannon Wheeler Ais# 139044 a prisoner at Kilby Prison, hereby Certify that I have placed a Copy of the same in the U.S. mail Postage Pre Paid and served upon the Defendant: Bill Segrest "et al", by service of Clerk of above Styled Court, with Process Mailing Instructions, this the 19th day of May, 2005. The Defendants address is: c/o STATE OF ALABAMA, Board of Pardons and Paroles, To: Executive Director Bill Segrest, 301. S. Ripley street, P.O. Box 302405 Montgomery, Al. 36130-2405.

Mark S. Wheeler Ais# 139044
Kilby Corr. Fac.
P.O. Box 150
Mt. meigs, Al. 36057

[signature] Ais# 139044
Mark Shannon Wheeler Pro Se
Plaintiff

# Certificate of Service

I Mark S. Wheeler hereby certify that I have mailed a Copy of the same to the Defendant Bill Segrest by Pre Paid U.S. mail, First Class, and addressed to Defendants Counsel:

At: Steve M. Sirmon
Assistant Attorney General
Ala. Bd. Pardons and Paroles
301 South Ripley street
P.O. Box 302405
Montgomery, Al. 36130

Done this the 20th day of June, 2006.

M S. Wheeler #139044
Mark S. Wheeler Plaintiff
Pro se

Mark S. Wheeler
Ais # 139044, K-125
Kilby Corr. Fac.
P.O. Box 150
mt. meigs, AL. 36057