IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

Mark Shannon Wheeler 139044 )
          Plaintiff, )
 )
VS. ) Civil Action # 2:06-CV-274-MHT
 )
Bill Segrest et al, )
 )

RECEIVED 2006 JUL -5 A 9:35

## Motion For Order of Contempt of Court by Default, Motion for Order to prevent further extension of time

Comes Now the plaintiff Mark Shannon Wheeler in the above styled Court, and moves this Honorable Court to "GRANT" these motions: Motion for Order of Contempt of Court by Default, Motion for Order to prevent further extension of time, as Plaintiff Wheeler's claim was Amended, yet Defendant Bill Segrest has Not correctly answered Order of this Court for this Courts April 21st, 2006, order yet, After having 40 days, then, A 14 extension of time. It would prejudice Plaintiff Wheeler for further delay of relief if Defendant Segrest were to further delay justice by this Honorable Courts Remedy, therefore Plaintiff Wheeler hereby opposes any further extension of time "past July 5th - 2006" to Answer this said Courts June 19th - 2006 Order, as it in itself was a type of extension which plaintiff concurs with, but Now by motions forsaid in this document seek to be free from further delay of relief and prays this Court for relief of Default Judgment be ordered upon Defendant Bill Segrest et al, for NON Compliance to this Courts "ORDER", and to deny Defendant Segrest et al any further extension of time, past July 5th - 2006. Plaintiff Wheeler is due relief for Declaratory Judgment for reimbursment of 22 months "late time" of Guideline setting, as it is Not a prisoners responsibility to get a state employee of the Parole Board to "Get on the Ball" and get their job done sufficiently, yet this Plaintiff Wheeler must have this Courts Remedy for the sake of All affected Prisoners in Alabama including himself convicted of A class felony murder case. Plaintiff Wheeler also prays this Court for Remedy in the ex-post facto issue for the Executive Director Bill Segrest of the Parole Board give answer to this Court "To prove" that a 10 year term served (only) on a sentence is Not the reason for a denied Parole when sentenced to A Class A violent felony, prior to Dec. 4th - 2001, which is when the 15 year or 85 percent of time served was invoked. That cannot be legally retroactive, but it illegally has been made that way by the Boards order Feb 23rd - 2004 order.

1 of 2

cont:
Plaintiff Wheeler further states that he ask that this Court review (exhibit I-A (page 4)) BOARD ORDER, of the STATE BOARD OF PARDONS AND PAROLES, order approved by Defendant Bill Segrest Executive Director of said Board on the 23rd day of February, 2004, that plaintiff Wheeler filed as exhibit in this Honorable Court on June 15th-2006, known to this Court as (Court Doc. No. 11), as that BOARD ORDER "proves" the ex post facto violation of plaintiff Wheeler's Constitutional rights of Article 1, section 9 of the U.S. Const. was violated as this for said BOARD ORDER exhibit "IMPLICATES" the Constitution, giving this said Court jurisdiction for remedy as the last sentence of this exhibit I-A, states, "All **previous** orders governing these procedures are hereby **repealed**". Done this 23rd day of February, 2004. Plaintiff Wheeler hereby proves the guideline setting of 10 years or one third which ever is less, guideline setting has been abolished **for** Class A violent felony offenders, and changed to 15 years or 85 percent on Dec. 4th, 2001. Plaintiff Wheeler was sentenced in 1994 (May), and given a 10 year guideline setting date, then made "22 months late" after waiting 10 long years. The **ONLY** way this Court can be shown that ex post facto is not being violated further, is for the BOARD to show this Court **reason** for denial of Prisoners Parole, which cannot be for insufficient amount of time, if Prisoner has **served** 10 years and was sentenced prior to Feb. 23rd, 2004" Plaintiff Wheeler invokes all **Rules**, of Federal Rules of Civil Procedure now for relief, and truly awaits it. I hereby swear this to be true and correct to the best of my knowledge this the 29th day of June, 2006

Mark Shannon Wheeler 139044 Pro Se

## Certificate of Service

I Mark Shannon Wheeler hereby certify that I have mailed a copy of the same by Prisoners Inmate U.S. Mail Box 1st class Postage Pre Paid and addressed to Counsel for the Defendant etal, at: Alabama Board of Pardons and Paroles
TO: Steven M. Sirmon Assistant Attorney General
301 South Ripley St.
P.O. Box 302405
Montgomery, AL. 36130

This the 29th day of June, 2006

Respectfully Submitted
for Due Relief

Mark Shannon Wheeler 139044
Plaintiff Pro Se.

Mark Shannon Wheeler
AIS# 139044, Faith Dorm #125
Kilby Corr. Fac.
P.O. Box 150
Mt. Meigs, AL. 36057

2