IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT
OF ALABAMA NORTERN DIVISION

Mark Shannon Wheeler #139044 )
 Plaintiff )
 )
v. )  Civil Action # 2:06-CV-274-MHT
Bill Segrest, et al )
 Defendant )
 )
 )

## Motion to Incorporate Attachment exhibit (Page #258) of Trial Transcript case # CC-93-80 of Cleburne County Alabama Circuit Court

Comes now the plaintiff Mark Shannon Wheeler in this Honorable United States District Court middle District of Alabama Northern Division, and moves this said Court to GRANT this "Motion to Incorporate Attachment exhibit (Page#258) of Trial Transcript, case # CC-93-80 of Cleburne County Alabama Circuit Court",

Reasons are as follows:

* "This Motions GRANTING might ensure that Defendant Bill Segrest et al properly Considers Plaintiff Wheeler's NEXT Parole review."

Grounds:
1). Defendant Bill Segrest et al, has in their possesion a frivolous Pre Sentence Investigation Report (P.S.I.) That the Parole Board Reviews (in Parole Consideration of an Inmate), on Prisoner Mark Shannon Wheeler Ais #139044. This P.S.I. report was put together by an employee (Harold Duncan) in 1994. Mr Duncan Worked for the Board at the time of Plaintiff Wheeler's sentencing. Plaintiff Wheeler "REFUSED" to be interviewed by Mr Duncan (That is mentioned in P.S.I.). Plaintiff Wheeler had had word exchanges previously with Mr Duncan about Mr Duncans bias opinion of Plaintiff Wheeler. Plaintiff Wheeler knew Mr. Duncan would write something harmful about him in the interview, and Wheeler chose not to assist Mr. Duncan in doing so. Mr Harold Duncan then in his (supposed) investigation stated, as "if" it were a true fact of evidence, that Wheeler had sexually mutilated the corpse (of the young woman) that Plaintiff Wheeler had have of claimed to of Killed in a fight. Harold Duncan had "ONly" taken Wheeler's fabricated statement ("to-authorities") and did not investigate "the trial", but of only things prior to the trial. In fact there was only Plaintiff Wheeler's statement to authorities (that he has long since retracted) that stated he sexually mutilated the corpse, and put the body parts in a

1

bottle of rubbing alcohol. Plaintiff Wheeler had been shown some pictures of the badly decomposed upper torso which had been in the river for 4-5 weeks. Carnivores had taken a toll on the corpse. Plaintiff Wheeler initially had only been shown pictures of the "upper torso" of the remains, and, (which were mostly bones). So as an insanity type of plea for defense, Plaintiff Wheeler used the ideology of a sexual mutilation, and figured authorities would not know the difference, and the remains had already been cremated. Plaintiff Wheeler learned that from his mom, which was the Sheriffs Secretary. Plaintiff Wheeler gave to authorities the fabricated supposed "Confession", after he learned also from his Mom, that there was some kind of evidence linking Wheeler to blood found in the floor board of his truck (which came from a mop) where the young woman had indeed been killed in a fight at Plaintiff Wheeler's house. At trial, pictures of the "INTACT" lower extremities were shown, with evidence of cuts on a thigh, but "No evidence" of any sexual mutilation. Plaintiff Wheeler Incorporates into this civil action Page # 258 of that same said Trial Transcript (CC-93-80), which is a "Cross-examination" of state pathologist (examiner of corpse), doctor Joseph Embry, Pathologist, stating under sworn oath, that any sexual mutilation "was-not-evidence", "nor did he see it". Yet, the Presentence investigation (P.S.I.) report that the Parole Board reviews, that Defendant Bill Segrest et al still now has, states by Harold Duncan, that the sexual mutilation is fact, (as it sounds) in his statement. This is very arbitrary and Capricious for the defendant Bill Segrest to not correct being he has been directed by Plaintiff Wheeler to make inquiry, and corrections. Plaintiff Wheeler is only making this Notice "formal", as Plaintiff Wheeler will sue Defendant Bill Segrest in this Honorable Court for 100 million dollars, and to then expunge this information from Plaintiff Wheeler's P.S.I., if it is not expunged "within 30 days" of the signing of this motion, and a true and correct copy mailed to the Cleburne County Circuit Clerks office, "as well as to plaintiff Wheeler a copy of the same", and the Parole review Board shall have the same "so as to review". There should not be any mention of the forsaid of body parts, alcohol bottle, or sexual-mutilation, as they are "Not Evidence". To consider otherwise, is, arbitrary and capricious, and violates plaintiff Wheeler's Equal Protection rights, for proper consideration, in Parole CONSIDERATION. Plaintiff Wheeler Prays this Honorable Court GRANTS this motion, this the 16th day of July, 2006. _Mark Shannon Wheeler_ AIS #139044 Plaintiff

I hereby swear this to be true and Correct to the best of my knowledge, and understanding under Penalty of Perjury _Mark Shannon Wheeler_ Plaintiff.

2

## Certificate of Service

I Mark Shannon Wheeler hereby certify that I have mailed a copy of the same to the Defendant Bill Segrest et al, by Pre Paid U.S. Mail First class, and addressed to Defendants Counsel at: Alabama Bd of Pardons and Paroles

To: Steve M. Sirmon, Assistant Attorney General
301 South Ripley St.
P.O. Box 302405
Montgomery, AL. 36130

Done this the 16th day of July, 2006.

_Mark Shannon Wheeler_
Mark Shannon Wheeler

Mark S. Wheeler
Ais # 139044-K-125
Kilby Corr. Fac.
P.O. Box 150
Mt. Meigs, AL.
36057