IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARK SHANNON WHEELER,       ) | |
| AIS# 139044        ) | |
| Plaintiff,      ) | |
| ) | |
| ) | |
| v.                  ) | Case #2:06-CV-274-MHT |
| ) | |
| ) | |
| ) | |
| BILL SEGREST,            ) | |
| ) | |
| Defendant.     ) | |

**SUPPLEMENTAL SPECIAL REPORT**

Comes now the Defendant, William C. Segrest, by counsel, denying Plaintiff's 1983 claims, and shows unto the Court the following:

**Defendant's Understanding of the Petition**

The Defendant, hereby, adopts its "understanding of the petition" as state in their previously filed Special Report concerning claims of 14th Amendment "equal protection" violations and 8th Amendment "cruel and unusual punishment" claims.

Plaintiff's amended complaint claims he is entitled to have 22-months taken off his reset date of 2010 due to having a 22-month delay in having his original parole consideration hearing. Plaintiff was originally set for parole consideration for September 2003, but due to a back-log in hearing victim cases his hearing was not actually held until July 13th, 2005, approximately 22 months later.

Plaintiff's amended complaint claims that Segrest violated the ex post facto clause of the Constitution by "approving" the Board's changes in their internal operation rules, where by, certain violent offenses call for the inmate to serve 15-years or 85% of their sentence before being considered for parole. Plaintiff claims this change is contrary to and more sever than Ala. Code 15-22-28(e), therefore violating the ex post facto clause.

Plaintiff's amended complaint claims Segrest violated Plaintiff's "equal protection" rights by not providing him with the reasons he was denied parole.

Plaintiff's amended complaint seeks to have the Court direct Segrest to deduct 22-months from his reset

date of July 2010, to state the "reasons" Plaintiff was denied parole, to prohibit V.O.C.A.L. (Victim of Crime and Leniency) from participating in the parole hearings, and impeach Segrest from the Board's Executive Directors position.

**Defendant's Position**

The Defendant, by reference, adopts his position as stated in the previously filed Special Report.

Plaintiff filed the claims at bar in the Circuit Court of Montgomery County, Alabama (CV 2005-1307). The Circuit Court's Final Order is attached *(Exhibit A)*. Wheeler failed to pursue the available appellate review of the Circuit Court's Final Order. He abandoned his claims when he failed to appeal the Circuit Court's decision to the Alabama Court of Criminal Appeals. Wheeler is now estopped from bringing these same claims in Federal Court under the principles of res judicata.

Damages may not be awarded when an official is sued in his official capacity. That is a suit against the State, and the State's immunity extends to bar the claim.

William Segrest, the Board's Executive Director, is absolutely immune from suit for his discretionary functions in supervising the Board's staff and assisting the Board in allocating scarce resources. He is also protected by the doctrine of qualified immunity.

The Board, not Segrest, has total discretion to determine what prisoners may be released on parole and when, §15-22-24(a), Ala. Code. The Board, not Segrest, also has the authority to decide how to allocate its scarce resources, *Ex Parte Phelps,* 612 So.2d 1177 (Ala. 1992.) When the prisoner is considered for parole, the Board, not Segrest, has total discretion to grant or deny parole, *Thompson vs. Ala. Bd. of Pardons & Paroles,* 806 So.2d 374 (Ala. 2001). Segrest is without authority to recalculate Plaintiff parole consideration date set of July 2010.

The dictum in *Andrus vs. Lambert,* upon which Wheeler relies, did not establish a "right" to be "properly considered" for parole. That dictum contradicted the holding of the case, and relied on cases which were not and are not authoritative.

4

Furthermore, *Thompson* expressly contradicts that notion. Alabama prisoners do not enjoy a liberty interest in parole, and are not entitled to due process in parole consideration.

Wheeler contends that he is being denied equal protection of the laws. He contends that it is unlawful for Segrest to treat violent crimes differently than non-violent crimes. This is hardly a suspect classification. If there is a rational basis for the State's action, it is due to be upheld. Plaintiff overlooked the fact that the Board, not Segrest, sets the policies about which he complains.

Plaintiff claims Segrest violated the ex post facto clause of the constitution by allowing the Board to change its internal operating rules. Plaintiff is working under the mistaken belief that the Board works under the direction of Segrest. Actually the opposite is true. The Board is the appointing authority for the agency and Segrest was appointed by the Board to carry out its orders, policies, and rules. Segrest is without any authority to change and did not change the rules for which Plaintiff complains.

5

Furthermore, the Legislature requires the Board, including all its employees, to treat violent crimes differently than non-violent ones. Section 15-22-36(e)(1) defines which crimes are subject to greater scrutiny by the Board. Each category of crime listed, including the broad category of "felony involving violence, death or any physical injury to the person of another," is a serious crime. It is rational for the Legislature to treat these crimes differently than thefts or possession of drugs or other crimes that did not directly threaten or harm an identifiable individual victim.

The Legislature has required the Board to notify victims in this class of cases, and to afford them an opportunity to express their views, before considering the prisoner for parole. This process is labor-intensive and expensive. It costs significantly more to process a victim notification case than it does to process a case not requiring such notice. The Board is processing both categories of cases, but as a matter of course, the easy cases move through the system faster than the hard cases. The Board does not have the

6

resources to move all of the cases as quickly as we would like. However, given the resources available, the Board is allocating those resources so as to consider as many cases as possible, as quickly as possible. Note that all these decisions are within the authority of the Board, not Segrest.

It is the Board's place to allocate its appropriated funds so as to fulfill its competing responsibilities. It would be inappropriate for this Court to usurp the Board's power to prioritize its needs and resources. Even if the Court chose to do so, Segrest is without authority to implement the relief the Plaintiff seeks.

Plaintiff seeks reasons for the denial of his parole. The Board is not required to state its reasons for denying parole, only to state their reasons for "granting" parole. *Tedder v Alabama Board of Pardons and Paroles, 677 So.2d 1261, (Ala.Cr.App. 1996).* Absent the Board stating their reasons for denying parole, Segrest would have no knowledge of the reasons for their decision.

The Complaint fails to state a claim under §1983.

Segrest has not deprived Plaintiff of any right, privilege or immunity protected by the Constitution or laws of the United States.

Plaintiff seeks to have Segrest prohibit V.O.C.A.L and like victims groups from attending parole hearings. The Board is statutorily required to conduct its hearings in an open public meeting. *Ala. Code §15-22-36.* Anyone that wishes may attend, including victim rights groups.

The Complaint and Amended Complaint asks this Court to usurp the Board's role in allocating its resources, in scheduling parole consideration, in deciding which prisoners may be released on parole, giving reasons for denial of parole, restricting who may attend Board hearings, and in appointing its Executive Director. Each of these powers was delegated to the Board by the Legislature, in furtherance of the Board's mission of exercising powers delegated to the Legislature by Amendment 38 of the Alabama Constitution. Section 43 of the Alabama Constitution prohibits this Court from exercising those powers.

## Conclusion

The Complaint reveals on its face that the Plaintiff has no viable claim for relief. The Board is not amenable to suit, and its Executive Director is immune from liability. The Executive Director, William Segrest, has not deprived Wheeler of any right, privilege or immunity protected by the Constitution or laws of the United States. Wheeler has not been deprived of a liberty interest, nor has he been treated differently than similarly situated persons. Nor is he entitled to know the reasons the Board denied parole. The Complaint seeks to insinuate the Court into the administration of pardons and paroles, which is a function reserved to the Legislature. Plaintiff brought this action in State Court and received an adverse ruling. He now brings the same claims against Segrest, who is without authority to grant the relief he seeks, even if directed by the Court. The Defendant is entitled to judgment on the pleadings.

                              Respectfully submitted,

                              TROY KING

ATTORNEY GENERAL

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL


s/STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Steve.Sirmon@alabpp.gov


**CERTIFICATE OF SERVICE**

I hereby certify that on 8-25-2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that on 8-25-2006 I mailed, by United States Postal Service, the document to the following non-CM/ECF participants:

**MARK SHANNON WHEELER
AIS #139044
KILBY CORRECTIONAL FACILITY
P.O. BOX 150
MT. MEIGS, AL 36057**

Done this **25th** day of **August 2006.**

10

Respectfully submitted,


s/ STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
steve.sirmon@alabpp.gov