IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN
DIVISION

MARK SHANNON WHEELER #139044 )
    Plaintiff, )
     )
VS. )  CIVIL ACTION NO. 2:06-CV-274-MHT
     )
BILL SEGREST, et.al )
    Defendant )
     )

## MOTION TO FILE RESPONSE TO DEFENDANTS "OUT-OF-TIME" SUPPLEMENTAL SPECIAL REPORT

Comes now the plaintiff, Mark Shannon Wheeler in this Honorable District Court of the United States For the Middle District of Alabama Northern Division, and files in a "timely" manner this response; "Motion to File Response to the Defendants "Out-of-Time" Supplemental Special Report." Plaintiff Wheeler Contest the following in Response, but not limited to thereby.

1. Defendant Segrest has not sufficiently answered by affidavit, as no signiture, is obviously not submitted by him, as ordered.
2. Probationary (Parole) statutes do not, (and shall stay 5 years not in excess), and may not exceed 5 year duration.
3. Plaintiff Wheeler seeks relief from this Honorable Court against Defendant Bill Segrest et al, All executive directors of Parole Boards, "Direct", and approve or disaprove policies, and direct change therefor in policies and procedures, within the Legislative directives and are restricted thereby.
4. Plaintiff Wheeler has not sought "reimbursment" as a ground in any Court outside of this Honorable Court directly.
5. Plaintiff Wheeler Contends ex post facto violation, and that Defendant Segrest et al should be ordered by this Court to "re-review" each prisoner that has completed 10 years or one third of sentence, that has been denied parole, so as to "show this Court" (not plaintiff) each reason for each inmates denial of parole "being ex post facto" of Plaintiff Wheeler right to be free from such violation is clearly violated by Plaintiff Wheeler's previous exhibits showing 10 year guideline setting date of Sept. 2003, was not reviewed until July, 13th, 2005. Wheeler's 5 year max set off was in violation having been made 22 months late by Defendant Bill Segrest "Approved policies and procedures. This Court should shut down this Corupt Boards Procedures and do so by starting with Defendant Segrest, et al.

(1)

6. Plaintiff Wheeler was not responsible for Defendant Segrest et al "BACK LOG", and causing the 22 month Delay. Plaintiff Wheeler is affected by inappropriate Parole Consideration Approved Procedure by Defendant Segrest et al. The expost facto violation comes by Defendant Segrest changing "by-Approving" the 10 year, one third Guideline Setting, to, 15 years or 85 percent of sentence. (Article 1, sec. 9) No Bill of Attainder or expost facto law shall be passed. To say its o.k. for Segrest violation, would change the law, and the effect's definition of "retro activity".

7. Plaintiff Wheeler's equal Protection rights were not violated by Defendant Segrest et al not showing reason for parole denial "to Wheeler", but by the expost facto violation, as relief, Wheeler demands the Defendant, Segrest et al be "ORDERED" by this Court to show "this Court" reason for "every denial" of violent felony reviews so as to prove whether expost facto is, and was violated against all whom were previously denied, to show this Court, is the only way to show (Prove) that no expost facto violation exist. "All previous violent felony convictions warrant now re-review".

8. Defendant Segrest et al was the name (William C. Segrest) rubber stamped on Plaintiff Wheeler's Parole denial and reset for "5 Years", which was 22 months in excess to say the least.

9. Plaintiff Wheeler Argues that V.O.Ca.l has 1st Amendment right of Freedom of Speech (obviously) but it is Arbitrary and Capricious for any Board member of the Parole Board "to Consider" any statement or otherwise by any person not affiliated directly as a victim to a case as "an-address" (Direct Affilliation) can only be the grounds for Re-dress, (Protection 1st Amend). Therefor a gag order should issue via Bill Segrest et al to that affect.

10. Defendant Bill Segrest has not protected inmates rights, but have been bullying minority prisoners by Arbitrary and very Capricious policy Approvals.

11. The former exhibits filed by Plaintiff Wheeler (Cert of Service June 2nd, 2006) shows "exhibit 1-A page 4 of Plaintiff Wheeler's exhibits", shows: "All Previous orders governing these procedures are hereby "repealed"" "Done this 23rd day of February, 2004. Exhibit 1-B page 5 (Paragraph #11) show next docketed Consideration is not to exceed 5 years (order of Feb. 23rd-04). Exhibit 1-C page 6 (paragraph #7) shows the Class A felonies (conviction) on 12/04/01 was changed for "initial" Parole Consideration date shall be set in conjunction with the inmate's completion of 15 years or 85 percent of his or her sentence, whichever is less.

12. Defendant Segrest et al Counsel has continously violated this Courts orders which very much Prejudices due Process of Plaintiff Wheeler's litigation in a timely manner for remedy. Wheeler has not raised these claims in any other Court. Troy King and Assistant Attorney Generals seek Continual Vindictive Prosecution showing up at Parole hearings, Congesting due Process of law. Bill Segrest should be sent to Prison for breaking the law.

(2)

13. Impeachment of Executive Director Bill Segrest should ensue, and "All Proceedings of the Parole Board should be halted" until state Legislative intervention can be empaneled to ensure prisoner's rights of due process, not as a Liberty interest, but recognized as "Equal Protection" by the same Amendments already in place(s). This Court should impose such sanctions, and direct federal intervention to empanel federal marshalls to consider parole for Alabama inmates until the overcrowding is down to capacity, not exceeding, and prisoners parole review for "re-review are all exercised."

14. Wheeler's claims are not estopped, not having raised these claims previously in any court. Arbitrary and capricious actions violations by Defendant Segrest disqualifies any immunities, by prisoners rights violations against Plaintiff Wheeler, raised in Complaint. Wheeler's argument of Andrus vs. Lambert set a presidence for Alabama inmates, not "due process", but "Equal Protection", of 14th Amend. U.S. Const.

15. As Good time credits awarded by the Al. Dept. of Corrections could not be removed, as it would have violated ex post facto, neither can 10 year, or one third Guideline settings be changed after time frame of convicted felons conviction date, regardless of violent or non violent because of ex post facto, and Equal Protection (U.S. Const.) 6th, 8th, 14th Amend, (Article 1, sec. 9) Also (clause).

16. Defendant Segrest obligations are superior to "Board" to uphold Regulating Legislative Procedures, to say otherwise is Ludicris.

17. Being this Court has jurisdiction to declare appropriate remedy relief, sanctions upon Defendant Segrest et al, would and could (by et al) be emposed upon the Board and anyone else less superior to that of "Executive Director", which would include "All persons under Segrest". This Honorable Court would be right in "Shutting the BOARDS DOORS", and empanel Remedy, would constitute Justice. Wheelers claim under 1983 is warranted. Any further extensions for Defendant Bill Segrest would be Ludicris, et al or for Counsel.

Done this the 28th day of August, 2006.   /s/ Mark S. Wheeler
                                                         Mark S. Wheeler
                                                         Plaintiff #139044

## Certificate of Service

I Mark Shannon Wheeler, here by certify that I have mailed a copy of the same and served upon the Defendants Counsel by 1st class (pre paid postage) U.S. mail and addressed: Ala. Bd. Pardons and Paroles
TO: Steven M. Sirmon Ass't Atty General
P.O. Box 302405
Montgomery, AL. 36130

Done this the 28th day of August, 2006

Mark S. Wheeler  #139044

Mark S. Wheeler
Ais # 139044
Kilby Corr. Fac.
P.O. Box 150
Mt. Meigs, AL
36057

(4)