IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

MARK SHANNON WHEELER  
AIS# 139044  
Plaintiff,

v. CASE# CIVIL ACTION 2:06-CV-274-MHT

BILL SEGREST et al,  
Defendant,

RECEIVED 2006 SEP -6 A 9:14

(Motion to District Judge M.H. Thompson)

## Motion for ORDER of Contempt and ORDER for sanctions to be imposed upon defendant Segrest and/or Counsel therefor

Comes now the Plaintiff Mark Shannon Wheeler in this very Honorable United States District Court for the Middle District of Alabama, and Prays this Honorable Court GRANT, This Motion for ORDER of Contempt and ORDER for Sanctions to be imposed upon defendant Segrest and/or Counsel therefor. Grounds for demanded relief are as follows:

1). On April 21st, 2006 in this Honorable Court, it was "ORDERED" by the Honorable Chief Magistrate Judge Charles S. Coody, that (on Page 1, paragraph 2) the defendant (Bill Segrest et al) named in the Complaint undertake a review of the subject matter of the Complaint, on Page 2, #2, defendant forsaid was ORDERED: A written report be filed with the Court containing the "sworn statements" of all persons having knowledge of the subject matter of the Complaint. Defendant Segrest et al, did not comply. (Court Document #4, 1 of 6, and 2 of 6).

2). In same forsaid ORDER, relevant copies of records, all such Applicable administrative rules, regulation, or Guidelines in addressing the claims of Plaintiff or defense of defendant shall be furnished by defendant relevant to this Complaint. Defendant Segrest et al, has not complied.

3. On June 19th, 2006 it was ORDERED by this Court that defendants directives ORDERED by this Court (forsaid April 21st, 2006) failed to comply. It was again ORDERED that on or before July 5th, 2006 the defendant SHALL file a supplemenal Special report "which contains affidavits and other relevant, admissable evidentiary materials addressing each of the Plaintiff's Claims for relief and their arguments to such claims. Defendant Segrest et al, violated again this Courts ORDER (Document of Court # 25).

4. In this Honorable Court on July 14th Plaintiff Wheeler was "denied" a motion to prevent defendant Segrest et al, any further extension of time (Court document #32) Wheeler forseen delaying tactics to prevent due process by defendant. Plaintiff Wheeler was denied also by this Court an ORDER for contempt upon defendants (Court doc. No. 30), on the 14th day of July 2006 also, even though defendants were in Contempt of forsaid previous ORDERS of this Honorable Court

5. On the 25th day of August 2006 Plaintiff Wheeler's motion for Contempt (Court Doc. No. 38) was Also DENIED even though defendant HAD NOT complied with ORDER for SWORN STATEMENTS (FORSAID) AFFIDAVITS, Plaintiff Wheeler seen a circumventing of Justice for rules of this Court by defendant and Counsel therefor, which seeks to Abrogate the Black and white in the Federal Rules of Civil Procedure which "IS" going to protect now Plaintiff Wheeler, at least after Independant de Novo review.

Page 2

6. In an ORDER of this Court on July 14th, 2006, defendants counsel was cautioned in bold italics that failure to comply in accordance with orders entered therein may result in the imposition of sanctions.

7. Document #44-1 in this Honorable Court filed 25th day of August, 2006, "ORDER ON MOTION" states: Counsel is cautioned that failure to file in accordance with directives of that order will, without further notice from the Court, result in the impositions of sanctions against him (defendant).

8. Plaintiff Wheeler on page 1 attached hereto "Motion to strike unsigned Affidavit of defendant Bill Segrest" is evidence of non compliance, which violates F.R.Civ.P. Rule 11(a).

9. Rule 11(b) F.R.Civ.P. Representations to Court (1) established the criteria for Rules of Court violations; as a written motion, or filing, submitting, other papers, "to cause unnecessary delay by improper presentation, such as to harass, or to cause unnecessary delay"...

10. Rule (c) F.R.Civ.P. sanctions, state: that if forsaid Rule 11(b) has been violated, the Court may subject an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b), or are responsible for the violation.

11. All along defendant Bill Segrest has known his position and his responsibilities for the Boards Staff (et al.). In Article Two (Page 5) of the Parole Boards manual "Rescheduling of Consideration", it states: #5. The Executive Director or the Chief Counsel may refer any case to the review committee to consider whether rescheduling of consideration is appropriate, notwithstanding any other provision in these operating procedures.

12. #7 on the same forsaid page 5 (Article Two) of the Parole manual states an 18 month minimum for rescheduling after being set off (denied) for 3-5 more years, still made Plaintiff Wheeler eligible for reimbursment as he had already been made late (by the Parole Boards staff et al) which defendant Segrest reigns over) for 22 months. Segrest was obligated to reimburse prisoners their lost time as it was the staff's Director to make the correction. Defendant Bill Segrest "knew" he was going to be sued, and still did not comply with request by Plaintiff Wheeler. Plaintiff Wheeler does not sympathize with defendant's Counsel seeking to continue to have blatant violations continue at the command of vindictive prosecutors driven by their own self will. As my brother Moses declared to Pharoah and his cronies "let my people go", so shall the plaintiff. defendant Bill Segrest, et al comply, thus says the Plaintiff.

13. Rule 11(c) sanctions (1)(A)(2) Nature of sanction, F.R.Civ.P., allows for the following which Plaintiff Wheeler now seeks by these forsaid violative delay tactics of rules of this Honorable Court that: Defendant Bill Segrest, et al, and/or defendants Counsel have sanctions now imposed directing fines, PENALTIES Amend upon him/them in the amount to pay this Honorable Court $10,000.00 and also $10,000.00 to be paid to Plaintiff Wheeler, as well as any other sanctions this Court deems appropriate. Plaintiff Wheeler prays this Court for due relief for Equal Protection as guaranteed by the 14th Amend. U.S. Const. Done this the 3rd day of September, 2006.

I hereby swear these attached to be true and correct.

_Shannon W_ AIS #139044
Mark Shannon Wheeler Plaintiff

# Certificate of Service

I Mark Shannon Wheeler, here by Certify that I have Placed a Copy of the same in the Inmates Free "legal Mail" box Prepaid U.S. Postage 1st class mail at Kilby Prison, and addressed a Copy of the same to be served upon the defendant et al, by their Counsel, at:

TO: Ala. Bd. Pardons and Paroles
Steven M. Sirmon Ass't Atty Gen.
301 South Ripley Street
P.O. Box 302405
Montgomery, AL. 36130

Done this the 3rd day of September, 2006.

Mark Shannon Wheeler  Ais#139044
Plaintiff

Mark S. Wheeler
Ais# 139044-K-125
Kilby Corr. Fac.
P.O. Box 150
Mt. Meigs, AL. 36057

Page 4