IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION


MARK SHANNON WHEELER,          )
          AIS# 139044          )
          Plaintiff,           )
                               )
                               )
v.                             )      Case #2:06-CV-274-MHT
                               )
                               )
                               )
BILL SEGREST,                  )
                               )
          Defendant.           )


## SUPPLEMENTAL SPECIAL REPORT DATE SEPT. 11TH, 2006

Come now, the Defendant, William Segrest, by Counsel, denying the Plaintiff's claims, and submits the following in support thereof:

For the Court's convenience all of Plaintiff's claims in the original Complaint and amended Complaints are set out herein. All of the Defendant's defenses and arguments are also set out herein.

### Defendant's Understanding of the Complaint

Plaintiff was sentenced to a "life" sentence for murder in 1994 by the Cleburne County, Alabama Circuit

1

Court. He was originally placed on the Parole Board's September 2003 parole consideration docket. He was not actually considered for parole until 7-13-2005 due to a backlog the Parole Board was experiencing in hearing cases requiring victim notification. On 7-13-2005 the Board considered and denied Plaintiff parole, with a reset docket date of July 2010.

Plaintiff filed a §1983 action on 3-27-2006 against the Defendant, William Segrest. Plaintiff filed Amended Complaints on 6-12-2006, which the Court granted. Consolidating the Complaints, the claims are as follows:

1. Plaintiff, a "violent offender", is being treated differently than "non-violent offenders". The difference in treatment is due to the Parole Board not hearing "violent offender" cases in a timely manner, as they do "non-violent offender" cases. The Complaint alleges the Defendant, as the Parole Board's Executive Director, is responsible for the disparity in treatment.

2. Plaintiff claims the Defendant violated his 14th Amendment right of "equal protection" of the law

by allowing the Parole Board to treat "non-violent
offenders" more favorably than "violent
offenders". He further claims that the disparity
in treatment has caused him to be delayed for
parole consideration for approximately 22-months
(September 2003 until July 2005). Plaintiff claims
an entitlement to the September 2003 hearing date
and since it was delay is entitled to have 22-
months deducted from the 5-year set off for
further parole consideration.

3. Plaintiff claims the Defendant violated his 8th
Amendment right by subjecting him to "cruel and
unusual punishment", in that, the Defendant
allowed the Parole Board to treat "non-violent
offenders" more favorably than "violent
offenders". He further claims that the disparity
in treatment has caused him to endure "cruel and
unusual punishment" by being delayed for parole
consideration for approximately 22-months
(September 2003 until July 2005). Plaintiff claims
an entitlement to a September 2003 hearing date
and since it was delay is entitled to have 22-

months deducted from the 5-year set off for further parole consideration.

4. Plaintiff claims the Defendant violated the "ex post facto" clause of the Constitution by approving the adoption of rules, after he was convicted, that adversely affected him, causing him to serve more prison time than he would have otherwise.

5. Plaintiff claims the Defendant is maintaining a presentence report that contains "false information", seeming to suggest the Parole Board relied upon the false information to denied his parole on 7-13-2005 and reset further consideration for July 2010.

6. Plaintiff claims he is entitled to know the "reasons" his parole was denied on 7-13-2005 and that the Defendant is depriving him access to those reasons.

7. Plaintiff claims the Defendant allowed victim rights groups to influence the Parole Board in their decision to deny parole and that the Defendant should bar the victim rights groups from

4

the Parole Board's hearings unless they have a relationship to the case.

Plaintiff seeks the following relief: (1) an injunction mandating the Defendant, William Segrest, re-tabulate all parole consideration dates for "violent Offenders" who were made late due to the Parole Board's backlog; (2) order directing the Defendant to subtract 22-months from his current parole consideration date of July 2010; (3) order that the Defendant provide Plaintiff with the "reasons" for denial of parole; (4) order that the Defendant prohibit victim rights groups from attending parole hearings unless they have a relationship to the case; (5) a hearing before the Court on the matters alleged.

## Exhibits

Exhibit – A    Final Order, State Case CV05-1307

Exhibit – B    Board Rules dated 9-27-82

Exhibit – C    Board's Rules dated 3-21-2001

Exhibit – D    Board's Rules dated 2-23-2004

Exhibit – E    Segrest Affidavit dated 9-11-2006

**Defendant's Response, Arguments, and Defenses**

***Statute of Limitations***

"A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. *Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir.1999), citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)."*, quoted from *Lesley v. David, 2005 WL 3536276 (N.D. Fla. 2005).*

The statute of limitations for a 42 U.S.C. §1983 claim involving personal injury in the State of Alabama is two years.  There is no tolling provision in Alabama in relation to §1983.  See *Hill v. City of Montgomery, 74 F.Supp.2d 1169 (M.D.Ala. 1999).*  See also *Hughes v. Lott, 350 F.3d 1157 (11th Cir. 2003).*

Plaintiff is barred by a two year statute of limitations for bringing a §1983 action on the following claims, as set out above:

*Claim 1* – The complaint claims he was entitled to and denied a parole consideration hearing in September 2003. He also includes the claim that non-violent offender were receiving more favorable treatment than violent offenders. This claim stems from the Board's backlog in hearing violent cases. Plaintiff's right to challenge this issue started when he did not receive a hearing in September 2003. Yet Plaintiff waited until March 2006 to bring the claim. Plaintiff's first claim is barred by a two-year statute of limitation.

Claim 2 – Plaintiff's second claim also stems from the Board's backlog in hearing violent cases. Plaintiff claims his parole consideration hearing was delayed 22-months violating his equal protection rights. As in claim one, the action or inaction giving rise to his claim occurred in September 2003 when the Board could not hear his case. Plaintiff waited until March 2006 to file his claim. The claim is barred by a two-year statute of limitation to bring a §1983 action.

Claim 3 – As in claim 2 the action or inaction that gave rise to Plaintiff's claims began in September 2003 when he did not receive a parole consideration

hearing, but Plaintiff waited until March 2006 to bring his §1983 action. Claim three is barred by a two-year statute of limitation.

Claim 4 – Plaintiff claims the he was subjected to an "ex post facto" violation when the Defendant promulgated rules allowing for a 5-year set off for further parole consideration following a parole denial. The Board's rule and practice at the time of Plaintiff's sentence called for a maximum set off of 3-years (Exhibit B, 640-X-2-.02(8)). The Parole Board changed this rule when it adopted new rules on March 21, 2001 (Exhibit C, p. Article 6, para.11). These rules were repealed by a subsequent rules adopted on February 23, 2004 (Exhibit D). It should be noted that the 2004 rules did not change the 5-year set off as set out in the 2001 rules. (See Exhibit C, Article 6, para.11, p.10). Plaintiff waited over four years to bring this claim from the date of the action giving rise thereto – March 2001. Plaintiff even waited over two-years from the adoption of the 2004 rules to bring his §1983 action concerning the ex post facto claim. The two-year statute of limitations bars this claim.

Claim 5 – Plaintiff waited from 1994 until 2006 to bring a claim that the Board files contained false information. This claim is barred by a two-year statute of limitation in bringing §1983 claims. Plaintiff had access to the presentence report he claim contains the false information prior to or at sentencing in 1994. The doctrine of laches also barrs this claim. Plaintiff waited over ten years to raise this claim, putting the Defendant at a disadvantage in responding thereto.

Claims 6 and 7 do not appear to be barred by the two-year statute of limitation.

### *Res judicata*

Plaintiff is barred by res judicata from bringing the 14th Amendment and 8th Amendment claims of "equal protection" and "cruel and unusual punishment" against William Segrest. Plaintiff brought these claims in Montgomery County, Alabama Circuit Court against the Board of Pardons and Paroles and its Executive Director, William Segrest, in case number CV 05-1307. The Final Order in this case was filed August 25, 2005, wherein, the State Court ruled in favor of the defendants on the following issues: violations of due

process and equal protection for not treating violent offenders the same as non-violent offenders; liberty interest in being paroled; immunity from damages concerning William Segrest; and claims for injunctive relief sought to involve the court in the administration of the pardon and parole process, which the court refused to do *(Exhibit A)*. Notice of appeal was given to the State Court on 9-12-05, but no further action was taken in the case. Plaintiff appears to have abandoned his State remedies.

In the case at bar, the Plaintiff's first three claims are barred by res judicata.

### Damages

Damages may not be awarded when an official is sued in his official capacity. That is a suit against the State, and the State's immunity extends to bar the claim.

Defendant William Segrest, the Board's Executive Director, is absolutely immune from suit for his discretionary functions in supervising the Board's staff and assisting the Board in allocating scarce resources.

Segrest is also protected by the doctrine of qualified immunity in his individual capacity.

### *Failure to state a claim*

The Alabama Board of Pardons and Paroles, not the Defendant William Segrest, has total discretion to determine what prisoners may be released on parole and when, *Ala. Code §15-22-24(a).* The Board, not Segrest, also has authority to decide how to allocate its scarce resources, *Ex Parte Phelps, 612 So.2d 1177 (Ala. 1992).* When a prisoner is considered for parole the Board, not Segrest, has total discretion to grant or deny parole, *Thompson vs. Ala. Bd. of Pardons and Paroles, 806 So.2d 374 (Ala. 2001).* The Board, not Segrest, also has the authority to promulgate rules not inconsistent with the parole statutes *(Ala. Code §15-22-37).*

The Defendant, William Segrest, is without authority to address the relief Plaintiff seeks.

### *Plaintiff's first claim: Disparity in treatment between Violent Offender vs Non-violent Offender*

Alabama's paroling statutes require the Parole Board to treat certain offenders differently *(Ala. Code*

*§15-22-36)*. Class "A" felonies, felonies involving violence, and certain sex crimes requires additional notice be given before the Board may consider those cases for parole. This requires addition resources and man hours to comply. This is a statutory requirement on the Board. Segrest is without authority to approve any change in this statutory requirement.

The Parole Board considers parole and upon denial sets the next parole consideration date. This authority comes from *Ala. Code §15-22-37* granting them the authority to promulgate rules. On 2-23-2004 the Board created such rules and based on those rules set Plaintiff for future parole consideration in July 2010 (Exhibit D, P.10, para.11) Segrest is without authority to change the Board's decision.

The fact the Board got behind in hearing its dockets resulting in Plaintiff being delayed 22-months before his case was heard is unfortunate. However, Plaintiff has no liberty interest in a certain parole consideration date. Nor does Segrest have the authority to change Board procedures or docket to satisfy

individual inmates who become dissatisfied. Segrest denies violating Plaintiff's rights.

**Plaintiff's second claim:** *Violation of 14th Amendment right to "equal protection"*

William Segrest denies violating Plaintiff's right to "equal protection" of the law. Segrest is without authority to affect state statutes or the Board's promulgated rules. Contrary to Plaintiff's beliefs, Segrest is an employee of the Board. The Board is the appointing authority for the agency and Segrest does not work from a position of authority over the Board *(Ala. Code §15-22-21).* Segrest acts as the Executive Director for the Board to carry out the Board policies and directives. Segrest has taken no action that violates Plaintiff "equal protection" rights.

**Plaintiff's third claim:** *Violation of 8th Amendment right – "cruel and unusual punishment"*

William Segrest denies violating Plaintiff's 8th Amendment right concerning "cruel and unusual" punishment. Segrest is without authority to affect

state statutes or the Board's promulgated rules.
Contrary to Plaintiff's beliefs, Segrest is an employee
of the Board. The Board is the appointing authority for
the agency and Segrest does not work from a position of
authority over the Board *(Ala. Code §15-22-21).* Segrest
acts as the Executive Director for the Board to carry
out the Board policies and directives. Segrest has
taken no action that violates Plaintiff's 8th Amendment
rights.

**Plaintiff's fourth claim**: *Violation of the "ex post facato" clause of the Constitution*

Segrest denies violating the "ex post facto"
clause of the Constitution. Segrest has not changed
state statutes or the Board's promulgated rules.
Segrest has taken no action that has caused Plaintiff
to serve a more severe penalty than what he received at
sentencing.

Alabama's paroling statute gives the Board total
discretion to determine whether and when to grant
parle, *Ala. Code §15-22-24(a)*. The Board, pursuant to
*Ala. Code §15-22-37*, has adopted a practice of

14

reviewing cases again, periodically, to ensure that they don't miss a case in which circumstances have changed. The operating procedures adopted in 1982, 2001, and 2004 do not create any enforcible right.

To the extent that any one or all of these procedures might be deemed to confer some right on the Plaintiff, the evolution of these "rules" does not offend the Constitution, as interpreted in *Garner vs. Jones,* 120 S.Ct. 1362 (U.S. 2000.) The Board relied on *Garner* and explicitly designed its 2001 operating procedures to comply with *Garner's* guidance.

Under the operating procedures when Plaintiff was convicted in 1994, the Board could schedule[1] further consideration as much as three years after parole was denied (See Exhibit B, 640-X-2-.02(8)).[2] Under the 2001 operating procedures, this period was extended to five years (Exhibit C, Article 6, para.11). However, at the same time, the Board adopted a specific procedure to

---

[1] This did not mean that the case would actually be considered within three years. Administrative burdens associated with compliance with statutory mandates could and did delay parole consideration beyond the scheduled time in many cases.

[2] Note: Plaintiff has not challenged the Board's rules prior to 2001 and makes no claim concerning his original parole consideration set date. The Defendant, William Segrest, in his affidavit (Exhibit D) attest that prior to the 2001 rules the Board's rule and practice called for a maximum set off, following parole denial, of three years. Also see Exhibit B, as cited.

allow a prisoner who had been set off more than three years to show a change of circumstances two years after parole was denied, and thereby open the door to the possibility that he could be considered again less than three years after denial (Exhibit C, Art.2, para.8).

In 2004, this provision was modified further. Under current procedures, any prisoner scheduled for further consideration *three years or more* after parole is denied may petition for further review *eighteen months* after parole is denied (Exhibit D, P.5, para.7).

The Board is trying to balance many competing interests here. They start from the premise that Alabama's parole statutes are purely discretionary, and that parole exists primarily for society's benefit, not the prisoner's. With that in mind, the Board wants to consider any available information to assess the likelihood of success on parole. Input from the judiciary, from law enforcement, and from victims is clearly relevant to the prudent exercise of this discretion. At the same time, it is prudent to consider information from the prisoner, his family and friends, and the Department of Corrections.

It is worth noting that statutes specifically require the Board to notify certain officials and individuals of parole hearings and to offer an opportunity to comment in person or in writing. This procedure can become burdensome at times, but it is mandatory, *Ala. Bd. Of Pardons & Paroles vs. Brooks,* 802 So.2d 242 (Ala. Civ. App. 2001.) The Board cannot lawfully grant parole without complying with these statutes. The *Brooks* case interpreted the statute so as to impose a heavier burden on the Board than was previously believed. Much more time and effort goes into locating and notifying victims than was previously expended.

The Board must determine which prisoners are suitable candidates for parole. This duty is owed to the State, not the prisoner. It must also use its resources prudently, to maximize the benefit to the public. At the same time, the Board is concerned with the burden on the taxpayers resulting from prison crowding.

The challenge is to consider as many candidates for parole as possible, and to grant parole to as many

as possible of those who present less risk, while
prudently conserving the resources available for
performing the Board's many functions. In this light,
it is prudent for the Board to schedule for early and
frequent consideration those prisoners who present less
risk, and to schedule for later and less frequent
consideration those prisoners who appear less likely to
be suitable candidates for parole.

Plaintiff has been considered for parole and
denied. A prisoner whose consideration is set off five
years can still be considered in less than three years,
under appropriate circumstances (Exhibit D, p.5,
para.7).

Plaintiff has not been prejudiced by the
scheduling of parole consideration under the 2001 or
2004 operating procedures. Even if he had, these
procedures and the Board's practices provided
opportunities for further consideration earlier than
the date set when parole was denied. In that respect,
the adoption of the 2001 and 2004 operating procedures
has been consistent with *Garner's* application of the *Ex
Post Facto* Clause.

Again, it should be noted that Segrest had no authority to promulgate the explained rules, but only to implement them. Plaintiff's claim against Segrest is without merit.

**Plaintiff's fifth claim:** *Relying on "false information" in parole file*

A two-year statute of limitations bars this claim, supra.

The doctrine of laches bars the Plaintiff from now, after 10-years, challenging the contents of his presentence report. Plaintiff had the opportunity to challenge the report at sentencing and has provided no evidence that he did so.

Plaintiff's allegations of false information contain in the Board's files fails to state a claim upon which relief may be granted, *Jones vs. Ray,* 279 F.3d 944 (11th Cir. 2001.) If this Court assumes the truth of all factual averments in the Complaint, Plaintiff has merely alleged that there is some inaccurate information available to the Board. This is far short of what is necessary to plead or prove a claim of arbitrary and capricious action on the part of

the Board. In *Greenholtz vs. Inmates of Nebraska, 442 U.S. 1, 7; 99 S.Ct. 2100, 2104; 60 L.Ed.2d 668 (1979)* the Court observed that the Constitution does not require perfect decision-making, especially in the exercise of discretionary clemency powers.

Assuming that the Board did receive, consider and rely on information that was inaccurate, this is not constitutionally significant. In order to show that the Board was arbitrary and capricious, Plaintiff must show that the Board *relied on* information that the Board *knew to be false*.

Segrest, as the Board's Executive Director, is the custodian of the Board's files. As such he does not have a duty to research every piece of information provided to the Board's files. Nor does he have the authority to expunge information from those files. Plaintiff claims the information addressing the mutilation of the victim's body is false. Plaintiff has the burden to show that the information is false and can do so by producing the police records. The Board may then correct it files. Plaintiff's claim that the badly decomposed body showed no sign of mutilation, is

not determinative that other evidence is not available to prove the issue. Plaintiff has failed to show that the Board's records contain false information.

Segrest has no authority to expunge information from the Board's files based on Plaintiff's allegation that the badly decomposed body showed not evidence of mutilation. Segrest denies maintaining "known false" information in the Board's files.

**_Plaintiff's sixth claim:_** _Violation of right to know the reasons for parole denial_

The Board does not have to state the "reasons" for denying parole. _(Tedder v. Ala. Bd. Pardons and Paroles, 677 So.2d 1261, Cr-95-236, Al.Crim.Ct.App. 1996)._ They are only required to state the "reasons" for "granting" parole. _Ala. Code §15-22-36(b)._ Absent the Board stating the reasons for denying parole, Segrest is without that knowledge. Nor does he have the authority to direct the Board to state such reasons. Segrest denies violating Plaintiff's rights on this matter.

**Plaintiff's seventh claim:** *Allowing victim rights groups to attend parole hearings*

*Ala. Code §15-22-23(b)* requires the Board to act in an open public meeting. The Board and Segrest are without authority to prohibit victim rights groups from attending Board meetings. *Ala. Code §15-22-23 and §15-22-36* requires the Board to allow certain elected official and the victim to present their views concerning an inmates parole. Segrest denies violating Plaintiff's rights on this matter.

## CONCLUSION

Premises consider, a two year-statute of limitations bars Plaintiff's first five claims.

Segrest is without authority to grant the relief sought by the Plaintiff. He is without authority to re-tabulate Plaintiff's or any other inmates' next parole consideration date or to direct the Board to do the same; he has no authority to subtract 22-months from Plaintiff's next parole consideration date; he is without authority to direct the Board to state the reasons they denied Plaintiff's parole; and he can not,

by statute, prohibit victims rights groups from attending the Board open public meetings.

Plaintiff's sixth claim has already been litigated, supra. The Board does not have to state its reasons for denying parole.

Plaintiff's seventh claim is without merit. State statutes make the Board hearing open public meetings.

Plaintiff has failed to state a claim upon which relief may be granted. The Defendant, William Segrest, is entitled to have this action dismissed pursuant to Rule 12 (b)(6), Fed.R.Civ.Proc.

In the alternative, Segrest is entitled to judgment as a matter of law pursuant to Rule 56, Fed.R.Civ.Proc.

Respectfully submitted,


TROY KING
ATTORNEY GENERAL

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL


s/STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
P.O. Box 302405

Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Steve.Sirmon@alabpp.gov

## CERTIFICATE OF SERVICE

I hereby certify that on 9-11-2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that on 9-11-2006 I mailed ,by United States Postal Service, the document to the following non-CM/ECF participants:

**MARK SHANNON WHEELER
AIS #139044
KILBY CORRECTIONAL FACILITY
P.O. BOX 150
MT. MEIGS,AL 36057**

Done this **11**th day of **SEPTEMBER 2006.**


Respectfully submitted,


s/ STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
steve.sirmon@alabpp.gov