2/

IN THE CIRCUIT COURT FOR
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| MARK S. WHEELER,<br>AIS# 139044,<br><br>Plaintiff,<br><br>Vs.<br><br>ALABAMA BOARD OF<br>PARDONS & PAROLES, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case #CV-05-1307<br>)<br>)<br>)<br>)<br>) |

2005 AUG 25 AM 8:57
FILED CIRCUIT COURT OF MONTGOMERY COUNTY

## FINAL ORDER

This matter is before the Court on a complaint, filed by an inmate in the State prison system, and the answer & motion for judgment, filed by the Board of Pardons & Paroles and its Executive Director, William Segrest. The Complaint attempts to state claims against the Defendants under 42 U.S.C. §1983.

The Board is clearly not a "person" subject to §1983 liability. Furthermore, as an arm of the State, it is absolutely immune from suit.

Assuming the truth of all well-pleaded facts, Wheeler is alleging that he is denied liberty without due process and that he is denied equal protection of the laws because he and others convicted of violent

EXHIBIT A

crimes are not considered for parole as promptly as inmates convicted of non-violent crimes. He clearly does not have a liberty interest in his desire to be paroled. The Complaint does not allege that he is treated differently than similarly situated persons. The Complaint merely argues that a rational classification is irrational. Wheeler has not alleged that he is deprived of any right, privilege or immunity protected by the Constitution or laws of the United States, based on the facts averred in his Complaint. Even if Segrest were not immune, the Complaint fails to state a claim upon which relief may be granted.

Segrest is clearly immune from damages in his official capacity. Such a claim is an impermissible suit against the State. Segrest enjoys absolute immunity for his discretionary acts. He also enjoys qualified immunity where his acts do not violate clearly established Federal law. There is no basis for any claim for damages.

The claims for injunctive relief seek to involve this Court in the administration of the pardon and parole system. These powers are delegated to the

Legislature under our Constitution. The Legislature has delegated to the Board of Pardons and Paroles the authority to determine what prisoners may be released on parole and when and under what conditions. Implicit in this grant of authority is the power to allocate its scarce resources and to set priorities among competing needs. This Court declines the invitation to usurp those powers.

It is, therefore, **ORDERED, ADJUDGED and DECREED,** that the Complaint is due to be, and it is hereby, **DISMISSED WITH PREJUDICE.**

Done this 24 day of August, 2005.

*[signature]*
William A. Shashy
Circuit Court Judge