| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **MONTGOMERY COUNTY** | ) |

### AFFIDAVIT

BEFORE ME, the undersigned authority for said County and State, personally appeared **William C. Segrest,** who is known to me, and after being duly sworn, deposed and said as follows:

My name is **William C. Segrest.** I am currently employed as the Executive Director of the Alabama Board of Pardons and Paroles. In that capacity, among other duties, I am Custodian of the Records and supervise the Board's officers and administrative staff in carrying out the Board's policies and directives.

Ala. Code §15-22-37 provides for the Board of Pardons and Paroles to adopt rules and regulations touching upon all matters dealing with paroles, not inconsistent with the paroling statutes. Under that authority the Board established parole consideration dates and, following parole denials, sets future parole consideration dates. I am *not* a member of the Board of Pardons and Paroles and do *not* have the decision-making authority in deciding which prisoners are granted or denied parole or when they are set for further parole consideration. I have no authority to vote on the passage of promulgated rules that may or may not violate the ex post facto clause of the Constitution. The Board's rules at the time Mr. Wheeler was sentenced provided that an inmate would not be set off, after denial of parole, for more than 3-years. The rules adopted in 2001 allowed for a 5-year set off. The adoption new rules, modifying the 2001 rules, were adopted in 2004. However, the maximum set of following parole denial

1



EXHIBIT E

remained at 5-years.

As custodian of the Board's records and administrator for the agency, I am responsible for assuring the Board's records and files are sufficient to confer jurisdiction for the Board to act. There are statutory prerequisites to the Board having jurisdiction to hear a case, evidenced by Ala. Code §15-22-23, §15-22-25, and §15-22-36. The Board maintains thousands of files containing thousands of reports. I do *not* warrant the accuracy of each report. I am to supervise the staff members assigned the task of requesting, preparing, reviewing, and filing materials that are statutorily required and/or ordered by the Board. I *do* deny maintaining any "known false" information in any file and will take corrective action upon it being proven the information is false. I do *not* have the authority to expunge records from the files, but may add addition records that will draw the Board's attention to "known false information".

I deny taking any action that violated Mr. Wheeler's 14th Amendment or 8th Amendment rights. I have not affected his parole consideration date, nor do I have the authority to charge that date. I have not caused him to serve a longer sentence as a result of my actions.

I do not know the reason the Board denied his parole.

The Board, by statute, must meet in an open public meeting. Alabama's open public meeting law requires it be open to anyone, including victim rights groups. I am without authority to prevent any group from attending the Board's meeting, provided room is available and not disturbance created.

I deny violating any of Mark Shannon Wheeler's constitutional rights. I have no knowledge of Mr. Wheeler being treated any differently than other inmates who have

2

committed a violent crime. I have no authority to grant the relief Mr. Wheeler seeks.

Contrary to Mr. Wheeler's belief, I work for the Board as their Executive Director, not them for me. I have no authority to direct the Board to set parole consideration dates a certain way, or hear certain cases in a certain manner, or to direct them to promulgate certain rules.

_____
WILLIAM C. SEGREST
EXECUTIVE DIRECTOR

SWORN TO AND SUBSCRIBED before me this 11th day of September 2006.

_____
NOTARY PUBLIC
Commission

Expires: 4-6-10

3