IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN
DIVISION

MARK SHANNON Wheeler )
     # 139044 )
     Plaintiff, )
 )
V. ) CIVIL ACTION NO. 2:06-CV-274-MHT
 )
BILL SEGREST, et al )
     Defendant. )

Motion to File Plaintiff's response to Defendant's Supplemental Special report filed 9-11-2006 in this above styled Court    In Compliance with Fed R. Civ. Procedure

Comes now the Plaintiff Mark Shannon Wheeler in this Honorable District Court of the United States for the Middle District of Alabama Northern Division, and Prays this Court GRANT this Motion to file Plaintiff's response to Defendant's Supplemental Special report filed 9-11-2006 in this above styled Court.

Grounds for relief:

Plaintiff Wheeler seeks adjudication of this Cause of Action to resolve hopefully once and for all "all" due relief due him. Defendants Counsel also request adjudication, and submitted further evidence very favorable to Plaintiff Wheeler, so as this Honorable Court may now adjudicate "appropriate" due relief the Plaintiff. The Plaintiff submits the following follow-up, but, limited to resources, as Plaintiff, a layman seeks out Justice in this Honorable Court. Plaintiff would like to now Commend Defendants Counsel for their Curteous professionalism, in not slandering, or bad mouthing Plaintiff as Prisoners are many times mistreated by Professional Attorney's. That is worthy of mention, but, that does not change the fact that plaintiff Wheeler (as is many other Prisoners in Alabama) due relief by law. Plaintiff Wheeler states that in this Honorable Court, Document # 22, Plaintiff Wheeler was "GRANTED" MOTION to AMEND: ..."to add as relief the re-calculation of his Parole Consideration date to include reimbursement of twenty-two (22) months". Plaintiff Wheeler now stipulates that verbatim said "to include" not, restrict to 22 months of relief. Plaintiff Wheeler, as well as others, by law can only be set off for 3 years After being denied Parole, if having been Sentenced between 1982 - March 20th - 2001. The Rules changed March 21st, 2001. Plaintiff Wheeler was sentenced May 6th - 1994.

Page 3

Cont:

Plaintiff Wheeler states that on "his" Motion to Amend Complaint (that was Granted),(Court Doc.#22) states that under "Grounds" Plaintiff sought verbatim"....<u>Plaintiff Wheeler Prays for relief For All, due "Equal Consideration"</u> prisoners awaiting Parole review in Alabama.

Response to Defendants enumerated response.

1). Defendant Bill Segrest, et al is liable under the 14th <u>Amend. U.S. Const.</u> in Superviseing the carrying out of directives of "Equal Protection", as Director (Executive-Director) Al. Bd. of Pardons and Paroles. Defendant Segrest in his Signed sworn Affidavit states that other than what he lists, he "has" other specified "duties" as he says quote, "among other duties" (2nd paragraph, Exhibit E), as well as, "Supervise... carrying out... directives". Defendant Segrest as Plaintiff Wheeler listed Grounds for relief which can be Granted in Complaint, and Amended Complaint Plainly show this Honorable Court Plaintiff Wheeler's civil Constitutional and State Rights Violations. Plaintiff Wheeler has not and will not replicate exact grounds for relief by claims, that he raised in the state court, although they are on similarly different neighborhood ground.

2). Defendants Counsel seeks to tie state raised claim to the Grounds raised by Plaintiff in this Honorable Court by Defendants Counsel continously repeating "non-violent offenders" more Favorably than "violent offenders". The reason Plaintiff Wheeler raised any consideration was the back log caused by "Victims-Notification" (which "DOES NOT" Affect "Non Violent") and this Court surely Plainly sees and knows the difference. Plaintiff Wheeler was due a 2003 Parole review date in accordance with 1994 IAW Statute Regulations and the Defendant "knew" or should have known to "NOT" permit the "carrying out" of rubber stamping his name to a 5 year reset hearing when a 3 year MAX was the most Applicable by law. How was Executive Director Bill Segrest Directing Supervision? Negligently, or by being Arbitrary and Capricious? Either way, Plaintiff Wheeler and All other affected, are, due relief. Plaintiff Wheeler, by law, is due re-hearing this month, September, 2006 before the Al. Bd. Pardons and Paroles.

3. Plaintiff Wheeler has been treated differently, everyone Sentenced when Wheeler was, was "not" set "off" 5 years, violent or non-violent, "that nature is irrelevant" (with the exception of the back log similarity).

Page 4

Plaintiff Wheeler has suffered from this cruel and unusual punishment, which violates Plaintiff Wheeler's 8th <u>Amend U.S. Const.</u> Right to be free from it. Being 22 months neglected is much more realistic than 30 days past due, this is nearly 2 years, and Plaintiff Wheeler's supposed victim's family would not run from plaintiff much less from the Parole Board so there should have been, NO-DELAY. To reset Plaintiff to a 5 year set off, surely constitutes cruel and unusual punishment after making the Plaintiff nearly 2 years late, rescheduling him 2 years inferior to what the law "Allows". Being Plaintiff Wheeler was due and granted to be reviewed by a Guideline Setting for some time in the month of September 2003, being that Plaintiff Wheeler was "NOT" reviewed properly, that July 2005 hearing should be recognized as the Sept. 2003 parole review, with a 3 year rescheduleing which is the MAX Allowable, and the Defendant in his authority should be ordered to reschedule Plaintiff Wheeler thereby in Compliance to regulated laws of 1994. Plaintiff Wheeler is due a rehearing, September 2006, and seeks this "Appropriate" due relief.

4). Defendants Counsel claims that Plaintiff Wheeler suggest he is serving more time, than must. To say the Board can keep setting someone off makes it O.K. to manipulate the rules to regulate review periods (according to defendants counsel) because they act as if it is perfectly fine to change the rules as "they" desire, as life and time progresses. Plaintiff Wheeler considers now the family and children of the prisoners back logged in prison because of these malicious practises, and the overcrowded prisons burdening tax payers when their dollars could be used for practicable purposes, like, exploration of "stacking" "transparent" solar panels, to "utilize" small restricted areas of space to create energy. Actually, Plaintiff himself has thought of this, and doesn't actually know if that would work, he is just making a point.

5). Defendant Segrest et al, has not changed Plaintiff Wheeler's Pre Sentence Investigation, and have relied on false information, and Plaintiff Wheeler ultimately was denied parole. Being Plaintiff Wheeler has brought this to Defendant Segrest et al, (counsels) attention, plaintiff Wheeler's Granted Motion to Incorporate attachment exhibit (page #258) of Trial Transcript Case # CC-93-80 of Cleburne County Circuit Court into this present cause of action, sets the stage for the next civil suit in this Honorable Court, if Plaintiff Wheeler is Denied Parole, next time up.

Page 5

Cont:
This GRANTED MOTION is this Courts Document #37. This same said Motion specified that its reasons are as follows: (2nd Paragraph); This Motions GRANTING might ensure that Defendant Bill Segrest et al properly considers Plaintiff Wheeler's NEXT Parole review.

6. Plaintiff asked for relief also that "this Honorable Court be shown" (by the Parole Board) each reason for prisoners denial of Parole if the prisoner's ex post facto had-been violated because this would ensure those affected by the violation that they would not be violated ex post facto any further. As any Alabama Prisoner denied Parole and reset for "more-than-3-years", that had been sentenced in an Alabama Court between 1982 and March 20th 2001, (in State Court) would trigger this sought for (by Plaintiff) injunction to be mandated upon Defendant Bill Segrest etal. Plaintiff Wheeler does not concern himself with what the Parole Board "Panel" suggest as to their reason for any denial-as-long-as it is not based on false information or biased oppinions. Plaintiff Wheeler has done all he can do to better himself, and has approx- 25 certificates of achievments towards exposing his integrity. This Honorable Court by injunction should ensure each relevant case to ex post facto clause, and be made aware of each reason for denial of prisoner to ensure the denial is not for "not having-served-a sufficient amount of time". The reason "this" could not be acceptable to this Court is: when a prisoner reaches- "a guideline" setting, that is "The guideline". To require "more time" deems the regulated guideline "inappropriate", and that, is unconstitutional, violating "Equal Protection" (14th Amend) and (8th) Cruel and unusual Punishment. That would create a due process violation. The due process violation would be the denial of equalty of civil rights of minorities equal- ization, of Equal Protection, which already is a guaran- tee (14th Amend. U.S. Const.). Plaintiff Wheeler knows of prisoners right now whom were denied parole, then reset for "3 years later", but, the review then came many months late, such as the case of Prisoner Dallas Simmons, AIS #180081. This policy must be corrected. Anything less would be a travesty to justice.

7). Plaintiff Wheeler states Amend 9 U.S. Const., states: The enumeration in the Constitution of certain rights shall not be construed to deny or disparage others retained by the People.

Page 6

Cont'd:

This 9th Amend. U.S. Const. prevents V.O.C.A.L. or anyone else from using the Constitution as a manipulative weapon. V.O.C.A.L. has a freedom of speech 1st Amend. protection as does any U.S. citizen, but V.O.C.A.L. does not retain "redress" of grievances "unless" they personally have a direct affiliation, and an "address" to warrant the "redress" guaranteed protection. Plaintiff Wheeler does not care if V.O.C.A.L. harbor's hatred and screams until their blue in the face, as long as freedom of speech, does not turn into "influence" on a Board members decission, "unless" that particular protester was "directly" related to the case at hand as a victim. Otherwise there is no redress guarantee to support an influential sway of a Board members decision to deny a prisoner parole, because that decision by influence would violate prisoners 9th Amend. U.S. Constitutional right, (14th) of Equal Protection, and (8th) cruel and unusual punishment. This also might "create" a due process violation of 14th Amend. U.S. Const. It now appears that V.O.C.A.L. has some financial influence by the STATE OF ALABAMA, and Attorney Generals Office. This is a Conflict of Interest the "Keep'em in - Let'em go" fiasco, and puts unecessary political pressure on politicians, and the Panel Board members to grant clemency. The tax payers are footing the bill for this Fiasco, and tax payers monies are paying both sides, creating the Conflict of interest.

Defendants Counsel then addressed Plaintiff's supposed relief sought, and Plaintiff now touches more now briefly on that: Enumerated, 1-5 in response

1). Plaintiff agree's, but also that all persons incarcerated that was "sentenced" from 1982 - to March 20th-2001, should have no more than 3 year set off, and even if made late by Boards Staff (directed by defendant Segrest) the late time must be calculated to prevent (8th), (14th) U.S. Const. Amend. Violations.

2). Plaintiff is legally due a 3 year parole max set off, from required date of granted guideline setting review, and that tabulation warrants (at the max) a September 2006 parole review date (immediatly) to prevent further violations. 22 months alone is not Constitutional, as Plaintiff Wheeler demanded all relief due him.

3). "Only" this Honorable Court is entitled (denial of) prisoners parole by review - by the jurisdiction of the proven ex post facto violations. If a person reaches a Guideline Setting, they have satisfied the sufficient amount of time served and then when the sentence procedes, the ex post facto of 3 years max would then again arise.

Page 7

Cont... when a prisoner reaches their guideline setting for review, they "Must" be recognized as having served a sufficient amount of time in accordance with regulations. This must-not-be-permitted to be regulated by "opinion", as that is the beginning of the fiasco that brings politics into the matter that every politician hates. Alabama must now rise above this in this newly forming "New South".

4). Plaintiff Wheeler reiterates his claim by refering now to page #6, (#7) and continued on page 7 (cont: #7) of this motion concerning victims rights groups, (in this response to #4).

5). A hearing on these matters before this Honorable Court may ensue, but this motion for relief in response to Defendants said Report should ascertain to provide Plaintiff due relief.

Plaintiff's Response to Defendant's Response, Arguments, and Defenses Statute of Limitations.

Hughes v. Lott, 350 F. 1157 (11th Cir. 2003), that defendants Counsel relies on states in Part (1157)... (3) Prisoners in Forma Pauperis Complaint raising deprivation-of-"property" claims was properly dismissed "prior to service" as time-barred (1158) 10. states: because prisoner could prove no set of facts which would avoid a statute of limitations bar, however he could have amended his complaint if able to plead facts to support a finding that statute of limitations had been "tolled" he could be granted leave to amend his complaint. (See Plaintiff's Granting of doc. of Court #22) 22 months to-"include". Plaintiff Wheeler can not be possibly time barred by 2 year statute of limitations, as a fact known to this court the violation began in Sept. 2003 against Plaintiff Wheeler "And-Continued-For-22-months". Is the defendants Counsel suggesting that if a person forged a check "everyday" for 22 months, starting say "Sept. 2003", and did so everyday for 22 months, that the check writer (of all those "everyday" forged instruments) would only be held accountable of the 1st one in Sept. 2003? Hardly not, and the defendant Segrost etal for 22 months "After" Sept. 2003 were guilty of not scheduling Plaintiff's due review hearing, everyday. When Plaintiff finally did have a hearing on July 13th-2005, he was denied, "that day" a "timely" hearing by proper procedures, as it was due 22 months earlier. The 5 year set off, violated Plaintiff's ex post facto clause guarantee, as the max was actually-3 years, and Plaintiff Wheeler was already 22 months to the good towards that, on July 13th, 2005.

Page 8

Cont:
Plaintiff Wheeler states there was no tolling (stopping) the violation, it continued for 22 months thereby rendering the statute of limitations harmless to Plaintiff as he was well within "daily" the 2 year laches. Plaintiff Wheeler was due 22 months of credit towards a reset review on July 13th 2005, but keep in mind that on July 12th 2005 Plaintiff Wheeler had still not had his due review, and "that" is only "8 months prior" to the cause of action in which now ensues, and will bring proper relief by this Honorable Courts Remedy, Plaintiff prays this Honorable Court. "There was 22 months of damage done to Plaintiff, not a one day delay that arose". Plaintiff Wheeler has satisfied 1983 actions requirements. Defendant Segrest et al did not promulgate rules in the proper manner, as he violated ex post facto which previous rules persons were protected by, and are still protected by, and the person raising this claim has been Plaintiff Wheeler, which requires relief by this Courts injunction to mandate "all" appropriate relief. Plaintiff was not due relief until Sept. 2003 for a maximum set off of 3 years which was in place in 1994 to protect Plaintiff Wheeler. Plaintiff Wheeler was not violated of the March 2001 max set off standard until July 13th, 2005, because Wheeler had not been denied parole, so the 4 year prior statute of limitations claim by defendants counsel is simply ridiculous. Plaintiff Wheeler is totally amazed at the defense that is being fought at tax payers expense to defend the "wrong doings" of those whom are in positions as role models. Plaintiff Wheeler as other prisoners, was denied his Presentence Investigation Report (P.S.I.) Years later, Plaintiff Wheeler's mom being an employee for the Cleburne County Sheriff's Dept, was able to obtain a P.S.I. for Plaintiff Wheeler at the Circuit Clerks office. Plaintiff Wheeler began "to sue for expungement of false information", but "just wrote letters" and "sent legal court trial transcript documents to clarify the truth of the matter." Plaintiff Wheeler never received any response, and therefore must presume the false information is still in the P.S.I. From the day Plaintiff Wheeler was granted to incorporate page #258 of his trial transcript legal document that, began the calulation towards the 2 years statute of limitations, as Defendant Segrest et al cannot "Deny" the true facts in opposition to the Boards P.S.I. Report that he now undeniably has in his possesion. Not any of Plaintiff Wheeler claims barred by res judicata, as not any of these issues ever by Plaintiff Wheeler, been before any other court. Defendant Segrest has violated all immunities protections provisions by all of the presented evidence now before this Court. Plaintiff Wheeler is guaranteed "Equality" in parole consideration.

Page 9

As the good time credits could not be forfeited Prisoners at a whim, neither can the Executive Director Bill Segrest, et al, take away the mandatory guidelines for Parole from those sentenced in Court thereby. A sentencing Judge factors in the Parole eligibility standards upon imposeing Sentence upon a Convicted person in Alabama at the state level. For a Board of Pardons and Paroles Executive Director et al to change a Convicted person's sentencing Structure, would undermine "Balance of Justice", and violate Constitutionally Protected Rights of Prisoners "Equal Protection", and "the right to be free from Cruel and unusual Punishment". Defendant Segrest approved Policies and Procedures, undermineing his oath of office, and exceeding his authority, as the Defendant did not, and does not have thee authority to violate "ex post facto" Article 1, sec. 9. U.S. Const. Defendant Bill Segrest, et al was needed to implement these violations of "rules", and admit to it on Defendants response Page 19 (Top paragraph says)... but..to implement them. Defendant Segrest has thee authority to correct Plaintiff Wheeler's Parole date yet, al "pro se pleadings are held to a less stringent standard than pleading drafted by Attorneys and will therefore, be liberally construed." Tannenbaum V. United States 148 F.3d 1262, 1263 (11 Cir. 1998) per curiam.

I hereby swear this to be true and correct to the best of my knowledge this the 18th day of September, 2006. /s/ Mark Shannon Wheeler
　　　　　　　　　　　　　　　　　　　　　　　　　Mark Shannon Wheeler
　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff Pro se

### CERTIFICATE OF SERVICE

I Mark Shannon Wheeler hereby Certify that I have now served upon the Defendants Counsel a copy of the same by Prepaid 1st class U.S. mail, and addressed to:

TO: Ala. Bd. Pardons and Paroles
ASST ATTY General; STEVEN M. SIRMON
301 South Ripley Street
P.O. Box 302405
Montgomery, AL. 36130

and placed in the "Legal mail" box for Prisoners at Kilby Prison. Done this the 18th day of September, 2006.

/s/ Mark Shannon Wheeler 139044
Plaintiff Pro se

Mark Shannon Wheeler
Ais # 139044-K-125
Kilby Corr. Fac.
P.O. Box 150
Mt. Meigs, AL. 36057

Page 10