IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

Mark Shannon Wheeler )
　　Ais# 139044 )
　　　Plaintiff )
 )     CIVIL ACTION NO. CV-274-MHT
VS. )
 )     RECEIVED
BILL SEGREST, et al. )     2006 OCT -2 A 10: 19
　　Defendant. )

**SUMMARY Judgment Accompanyment**
**MOTION TO INCLUDE SOME FACTUAL RELIVENT CASE**
**LAW TO PLAINTIFF'S CLAIMS IN RESPONSE**

In Compliance with Fed. R. Civ. Proc. Rule 8

i). All Previous Claims on which relief can be granted - Plaintiff's should be adjudicated on Merits of the implied Constitutional Claim, as Plaintiff is not an Attorney. Plaintiff Wheeler's Claims (in this Action) are Now Ripe for adjudication, and not to be restricted to the following case law alone. Suggested "Determinations of Undisputed Fact and Conclusions of Law. Case at bar: IN NO CERTAIN ORDER, but relivent to All Claims.

a). A Prisoner has the right to be "properly" considered for parole. Christopher v. U.S. Board of Parole, 589 F. 2d 924 (7th Cir. 1978); Wallace v. Turner, 525 F. Supp. 1072 (S.D. Fla. 1981).

b). The Paroling authority must comply with Constitutional requirements and may not determine Parole eligibility on improper grounds. (Wallace v. Turner, supra. A parole should not be denied for false, insufficient, or capricious reasons. Christopher, supra.')

c). A parole board may not engage in 'flagrant or unauthorized action.' Thomas, 691 F. 2d at 489. Section 15-22-26 cannot be read as granting the Board the discretion to rely upon false information in determining whether to grant parole. Therefore by relying on the false information in Monroe's File (Monroe v. Thigpen), the Board has exceeded its authority under Section 15-22-26 and treated Monroe arbitrarily and Capriciously in violation of due process. Thomas, 691 F. 2d at 489. Moreover, the question of whether a state law creates a federally protected right does not depend exclusively on the Construction of that law by state Courts. Ellard v. Alabama Bd. of Pardons and Paroles, 824 F. 2d 937, 944 & n. 7 (11th Cir. 1987), cert. denied, 485 U.S. 981, 108 S. Ct. 1280, 99 L. Ed. 2d 491 (1988).

d). Alabama Courts have a long history of discouraging the dismissive treatment of pro se filings. Bords v. Baxley, 621 So. 2d 240, 243-44 (Ala. 1993).

(1)

Moreover, even if we were to take a literal form-over-substance view of pro se pleading, Strong filed the Petition against the "Executive Director, Board of Pardons and Paroles, et al." Even if we were to disregard the body of the petition, and we do not, this alone should have been enough notice to the circuit court and to the respondents that Strong had, in fact, implicated the appropriate parties. Strong v. Alabama Bd. of Pardons and Paroles, 859 So. 2d 1201 Crim. App. LEXIS 303 CR-00-2212.

e). The Court of Appeals, Johnson, Circuit Judge, held that, while Alabama Parole statute did not confer liberty interest in Parole, it did not grant Alabama Board of Pardons and Parole discretion to rely upon admittedly false information in determining whether to grant Parole. Reversed and remanded with instructions Monroe v. Thigpen, 932 F. 2d 1438.

f). Fourth Circuit has recognized a due process right to be fairly considered for Parole. See Paine v. Baker, 595 F. 2d 197 (4th Cir.) Cert. denied 444 U.S. 925, 100 S. Ct. 263, 62 L. Ed. 2d 181 (1979).

Done this the 28th day of September, 2006, Plaintiff Wheeler prays this above styled Court grant this forsaid Motion. Respectfully submitted /s/ Mark S. Wheeler 139044
Mark S. Wheeler Plaintiff Pro se

## CERTIFICATE OF SERVICE

I hereby certify that I have placed a copy of the same prepaid postage U.S. mail and addressed the same and mailed to the following Defendants Counsel at:

TO: Asst Atty General Steven M. Sirmon
P.O. Box 302405
Montgomery, Al. 36130
Al. Bd Pardons/Paroles

1st Class, and placed in Kilby Prison's Inmates mail box on this the 28th day of Sept. 2006. /s/ Mark S. Wheeler 139044
Mark S. Wheeler Plaintiff Pro se

SWORN TO AND SUBSCRIBED before me this the 28 day of September, 2006, did appear Mark Shannon Wheeler.

/s/ Cynthia M. Butler
NOTARY PUBLIC

/s/ Mark Shannon Wheeler
Mark Shannon Wheeler
Plaintiff Pro se

My Commission expires 12-15-2009

seal.

(2)