IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

MARK SHANNON WHEELER 139044)
    Plaintiff )
VS. ) Civil Action No: 2:06-CV-274-MHT
BILL SEGREST, et al, )
    Defendant. )

RECEIVED 2007 JAN -4 A 10:03

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## Motion For required Permission of Court, to enable Plaintiff to Procede with motion For Final Judgment (In Part).

In Compliance with Fed. R. Civ. Proc. Rule 54(b).

Comes now the Plaintiff, MARK SHANNON WHEELER, and moves this Honorable above styled Court to GRANT this Motion For required Permission of Court, to enable Plaintiff to Procede with motion For Final Judgment (In Part), in Compliance with Fed. Rules of Civil Procedure. THis GRANTING will ensure Plaintiff Wheeler's due Process, as any further delay, delays due Justice for all. Defendant Segrest et al, themselves do not disagree with Plaintiff Wheeler's claims for the most Part, but Defendant Segrest et al still has not set Plaintiff Wheeler his due new review date in Compliance with law For Parole reviews of when Plaintiff was sentenced in 1994. Plaintiff Wheeler acknowledges a newly organized Group established by Incumbent Gov. Bob Riley that supposes to lead 8 states at the cost of twelve million (12,000,000) dollars. This supposes to expand Community Corrections and to recognize a length of "sufficient" Prison time theretofore to serve on the impositioning terms of sentences.
Plaintiff Wheeler full well Knows that any recommendations this Group will recommend must be billed before the Legislators, House and Senate passing through both and comes before the Governor before any law could be passed on it. Times Past in Alabama over the years have created Groups to No AvAil. Example: Alabama Sentencing Commission.
This Court Cannot expect to depend on any new laws. It must interpret current law, and Protect Past laws not to violate, or allow others to violate ex post facto. Plaintiff Wheeler is due relief.
Plaintiff Wheeler states now that this "Group" must also protect a Conviction Sentence imposed "At" the time of sentencing, to not violate ex post facto of Article one, Section nine of the U.S. Constitution.

Page 1

Thereby, recognizing a sentencing Judges intentions upon sentencing (not on Rhetoric), but by imposition of sentence by the "paroling factor" GUIDELINE, AT THAT TIME, must be ruled as mandatory regulation (as the Sentencing Judges structured Mechanism) so as to not jeopardize the sentencing law structure of that time. This must thereby recognize "THAT" timely impositions Parole Guideline setting date as sufficient amount of time served, as it (the length of prison time) was considered by sentencing Judge to determine the actual Release Mechanism of Prisoners alloted reasonable time to serve, before imposing sentence, in accordance with current law.

This Civil Action should now be ruled upon by this Honorable Court in accordance with standing policies of the Court.

Plaintiff Wheeler would like to reflect on a prisoner with a Good Record. His name is Robin Williams Ais# 138944. He was convicted in 1986 for Murder. He was just again denied Parole, and was illegaly reset for 5 years. He had custody to work outside the fences, and that, was taken away from him. Some parts of the system (AKA. Defendant Segrest etal) are working against the other parts of the working system, and are doing so illegally, by the denial, and reset "put-off" of due process.

Plaintiff Wheeler seeks justice for himself and the deserving Prisoners in Alabama that have completed (the appropriate alloted time to serve), by satifying the Guideline setting date without any new convictions to hinder release. These deserving Prisoners in Alabama that have completed their initial guideline setting Parole date goal, should be immediatly released. To deny us our already appointed goal (by the sentencing Judges determination) is a total miscarriage of justice. Plaintiff Wheeler seeks Equal Protection as to be equally considered for parole as set forth in accordance with 1994 laws. Being discribed as no discrepancy in some issues in this cause before this Court, between Plaintiff and Defendant, this Court surely can make that decision to rule in Plaintiff Wheeler's favor. Done this the 3rd day of January, 2007, I hereby swear this to be true, and correct: /s/ Shannon Wh—  139044
MARK SHANNON WHEELER
Plaintiff

## Certificate of Service

I, MARK SHANNON WHEELER hereby certify that I have mailed a copy of the same and served upon the defendants by 1st class Postage, Pre Paid U.S. Mail and addressed:

Ala. Bd. of Pardons and Paroles
Legal Division
P.O. Box 302405
Montgomery, AL. 36130

and Placing said in Kilby Prison's Inmate Regular Mail Box, This the 3rd day of January, 2007.

_____ 139044
MARK SHANNON WHEELER
Plaintiff.


Mark S. Wheeler
Ais# 139044
Faith Dorm bed #125
Kilby Corr. Fac.
P.O. Box 150
Mt. Meigs, AL. 36057


CR.