IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

MARK SHANNON WHEELER, 139044,)
    Plaintiff, )
    )
VS. )  Civil Action No: 2:06-CV-274-MHT
    )
BILL SEGREST, et al., )
    Defendant )

## APPEAL FROM MAGISTRATE Judge UNDER 28 U.S.C.A. 636(b),(1),(A) TO DISTRICT JUDGE

In Compliance w/ Fed Rules Civ. Procedure Rule 54(b) and (c), and Rule 52(a) pursuant to Rule 58(a)(2)(iii); Being denied relief.

Comes now the Plaintiff Mark Shannon Wheeler, and moves this Honorable above styled Court to GRANT this APPEAL FROM MAGISTRATE Judge under 28 U.S.C.A. 636(b),(1),(A), TO DISTRICT Judge AS, on the 28th day of March 2007 in this Honorable Court, the Honorable CHIEF UNITED STATES MAGISTRATE JUDGE CHARLES S. COODY did deny Plaintiff Wheeler's 3rd Attempt for relief (For *Partial* Ruling in Compliance w/ Rule 54 F.R.C.P.), on March 28th, 2007, (Document #77-1) Filed in this said Court. GROUNDS are as follows:

FACTS:
1). Plaintiff Wheeler has made 3 Attempts for a *partial* Ruling favorable to him, with no success.
2). The Defendant Segrest et al, does not deny that Wheeler (Plaintiff) had a Guideline Setting for a Parole Review date set for Sept. 2003. Plaintiff has been incarcerated since Aug. 17th 1993, and had been set for a 10 year review date.
3.) Plaintiff Wheeler wasn't reviewed for Parole until July, 13th, 2005, making Wheeler (22 months) nearly 2 years late for parole review due him.
4). Plaintiff Wheeler was denied Parole, and illegally set off for 5 years (July 2010), as the *most* Plaintiff Wheeler could have been set off for after being denied, is 3 (three) years, in Compliance to 1994 *RULES* and *GUIDELINES* of the ALA. Bd. of Pardons and Paroles, which are in place for Judges to Consider in the Sentencing Structure, when Wheeler was sentenced in 1994.

Page 1

cont:

5) The Defendant Segrest et al, DOES NOT ONLY AGREE that Plaintiff Wheeler was set off for 5 years, But STATED openly in this Court that in 1994 when Wheeler was sentenced that (3) three years was the *MAXIMUM* duration that they could set an Inmate off.

6) These facts prove EX post Facto has been violated.

7) Plaintiff Wheeler was by due process and/or Equal Protection of the 14th Amend (U.S. Const), due a Parole review in September 2006. If the Defendant would have been in Compliance with Rules, Procedures, Laws, Legislative intent, being Wheeler (Plaintiff) was due his review in Sept. 2003, three year set off would've made September 2006 his (Plaintiff's) Reschedule date.

8) Plaintiff Wheeler filed this Civil Complaint 1 year ago, and has since been seeking an Injunction for relief.

9) Plaintiff Wheeler seeks A Partial Ruling on this Parole Reset claim, in Compliance with the Above sited Rules, Presented in an action (Amended included), whether as a claim..., or when multiple parties are involved, the Court may direct the entry of a Final Judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* (Rule 54(b) F.R. Civ. P.

*10) Plaintiff Wheeler claims that a MAGISTRATE JUDGE should not be *overseeing a matter* where an iNjunction is sought. (Above styled) and sited cases (Fed. R. Civ. P.);

*11) 636(b)(1)(A).* There is NO just reason for delay as forsaid for a partial ruling, to the Affect that All Affected thereby the partial ruling should obtain relief by the injunction forsought.

12) Plaintiff Wheeler with now again express direction demands for the entry of Partial Final Judgment favorable to Plaintiff respectfully in this Honorable DISTRICT COURT.

13) Plaintiff Wheeler prays this court for Partial adjudication in a Partial Final Judgment so as for All affected hereby to obtain due, parole dates in Compliance to the standing policies of this Court during the time of Prisoner Sentencing At trial, and Current Policies of this Court Now.

14) *Defendant et al have just ordered (possibly already received), 50,000 envelopes* that can be used to comply with a positive ruling in Favor of Plaintiff.

Page 2 OF 3

Cont:

15). Plaintiff Wheeler is due relief.

16). Plaintiff Wheeler is due Equal Consideration rights of the 14th Amend. U.S. Const. as, *before* the Defendant et al *started* (themselves) *causing* prisoners with violent convictions *to-be-late* for Parole reviews, those *former* prisoners were reviewed *on time*, thus discriminating against Plaintiff Wheeler. Wheeler would seek an 11th Circuit Appeal on this subject matter, but is now hoping for due relief in this Honorable Court, on this Appeal for a Partial Final Judgment Ruling.

I hereby swear this to be true this the 2nd day of April, 2007 /s/ Shannon Wh #139044
MARK SHANNON WHEELER
Plaintiff Pro Se

## Certificate of Service

I Mark Shannon Wheeler hereby Certify, that I have by 1st Class Prepaid Postage, placed a copy of the same in the Kilby Inmates Legal Mail box, and address and served upon Defendants at: Ala. Bd. Of Pardons and Paroles
Legal Division
P.O. Box 302405
Montgomery, AL. 36130

this the 2nd day of April, 2007
/s/ Shannon Wh #139044
MARK SHANNON WHEELER
Plaintiff pro se.

Mark Shannon Wheeler
Ais #139044
Kilby Faith Dorm bed I-5-B
P.O. Box 150
Mt. Meigs, AL. 36057

Mark S. Wheeler
A is # 139044-I-5-B
Kilby Corr. Fac.
P.O. Box 150
Mt. Meigs, AL
36057

LEGAL MAIL

mailed 4-2-07

MONTGOMERY AL 361
03 APR 2007 PM 4 L

Office of the Honorable
District Judge Myron H. Thompson
United States District Courthouse
P.O. Box 711
Montgomery, AL. 36101-0711

36101+0711 B007