IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARK SHANNON WHEELER, | ) | |
| AIS # 139044, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06cv274-MHT |
| | ) | |
| BILL SEGREST, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

Mark Shannon Wheeler ("Wheeler"), a state prisoner, filed the complaint in this 42

U.S.C. § 1983 action on March 24, 2006.[1]   Wheeler names William Segrest ("Segrest"),

Executive Director of the Alabama Board of Pardons and Paroles ("the Board"), as the sole

defendant in this case.  Wheeler contends that Segrest violated his constitutional rights by

permitting the delay and resetting of his parole consideration dates and allowing the Board

to consider information from victims' rights groups and his pre-sentence report during parole

hearings.

---

[1] Although the clerk of this court stamped the complaint "filed" on March 27, 2006, Wheeler executed the
complaint on March 24, 2006.  The law is well settled that a pro se inmate's complaint is deemed filed the
date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams
v. U.S.*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).
"Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the
instant complaint] was delivered to prison authorities the day [Wheeler] signed it . . . ." *Washington v. U.S.*,
243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers March 24, 2006, as the
date of filing.

Segrest filed special reports and supporting evidentiary materials addressing Wheeler's claims for relief. Pursuant to the orders entered in this case, the court deems it appropriate to treat these reports as a motion for summary judgment. (Doc. Nos. 14, 43, & 57.) Thus, this case is now pending on Segrest's motion for summary judgment. Upon consideration of the motion, the evidentiary materials filed in support thereof, and Wheeler's responses in opposition to the motion, the court concludes that Segrest's motion for summary judgment is due to be granted.

## II. FACTS

On or around August 1993, the Cleburne County Circuit Court imposed a conviction upon Wheeler for murder and sentenced him to life imprisonment.[2] *See Wheeler v. State*, 659 So. 2d 1032, 1033 (Ala.Crim.App. 1995). Wheeler was subsequently placed on the Board's September 2003 parole consideration docket. Due to a backlog of cases requiring victim notification, the Board did not consider Wheeler's application for parole until July 13, 2005. On that date, the Board denied the application and reset a parole consideration date to July 2010.

## III. STANDARD OF REVIEW

To survive Segrest's properly supported motion for summary judgment, Wheeler is

---

[2] The evidentiary materials indicate that Wheeler began serving his sentence in a county jail on or around August 1993 and that he was transferred to Kilby Correctional Facility on May 6, 1994. (Doc. No. 26-3, p. 22 of 27.)

required to produce some evidence which would be admissible at trial supporting his claims of constitutional violations. *See* Fed.R.Civ.P. Rule 56(e). Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Sw. Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue of material fact, the party opposing summary

judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving part, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Consequently, where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to any material fact); *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Wheeler has failed to demonstrate that there is a genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## IV.  DISCUSSION

Wheeler asserts that Segrest violated his constitutional rights by denying him parole, scheduling his parole consideration date at a five year set-off, and delaying his parole consideration review.  Specifically, Wheeler complains that Segrest (i) denied him due process, (ii) deprived him of equal protection, (iii) subjected him to cruel and unusual punishment, (iv) relied on false information, and (v) circumvented the Ex Post Facto Clause. He further complains that Segrest violated his rights by failing to provide him the reasons for the denial of his parole and allowing members of a victims' rights group to attend parole consideration hearings.  Under applicable federal law, these claims entitle Wheeler to no relief from this court.

### A.  Claims Barred by the Statute of Limitations

The claims arising from adverse parole actions or decisions which occurred on or before March 24, 2004, are barred by the statute of limitations.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled.  *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). Selection of a limitations period for § 1983 actions changed several times [between 1985 and 1989].  Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose.  *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981).  It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (*Jones II*).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11ᵗʰ Cir. 1994).  In Alabama, the general statute of

limitations for personal injury actions is two years.  *Ala. Code* § 6-2-38(l).  Thus, at the time

Wheeler filed the instant complaint, the applicable statute of limitations for actions brought

under 42 U.S.C. § 1983 was two years.  *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the

proper statute of limitations for § 1983 actions is the forum state's general or residual statute

of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105

(11ᵗʰ Cir. 1992)

Several of the actions about which Wheeler complains occurred from his sentencing

in 1993 until the delay of his parole consideration date in 2003.  On May 17, 1996, the

Alabama legislature rescinded that portion of the tolling provision which previously applied

to convicted prisoners.  *See Ala. Code* § 6-2-8(a) (1975, as amended).  The tolling provision

of *Ala. Code* § 6-2-8(a) is therefore unavailing.  Wheeler filed the instant complaint on

March 24, 2006.  This filing occurred after the applicable limitations period had lapsed on

the aforementioned claims.

Based on the uncontroverted facts of this case, Wheeler has no legal basis on which

to proceed with respect to any claims that arose on or before March 24, 2004, as he filed this

cause of action more than two years after these alleged violations accrued.  As previously

determined, the statutory tolling provision provides no basis for relief.  In light of the

foregoing, the court concludes that Wheeler's challenges to actions taken against him on or

before March 24, 2004, are barred by the applicable statute of limitations and Segrest is therefore entitled to summary judgment on these claims.

### B.  Due Process -- The 2005 Denial of Parole and Five Year Set-Off

Wheeler contends that Segrest acted in violation of his due process rights when he (i) failed to provide him a parole consideration hearing on his scheduled date and delayed the hearing without justifiable reason, (ii) failed to act in accordance with laws and regulations applicable to the determination of parole consideration dates and scheduling of parole hearings, (iii) set-off his parole consideration date for five years based on a regulation enacted after entry of his conviction, (iv) considered protests from victims' rights groups, such as VOCAL, without determining the truthfulness of such protests and allowed these groups to attend hearings, and (v) failed to provide reasons for the denial of parole. Wheeler's claims arising from an alleged lack of due process in the denial of parole entitle him to no relief.

"The Alabama [parole] statute . . . calls for discretionary rather than mandatory action on the part of the board.  The law directs the board to consider a number of factors in making their determination, which is a subjective rather than objective determination. It does not contain any language that mandates parole . . .  When the statute is framed in discretionary terms there is not a liberty interest created." *Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982).  This court's review of the history of the Alabama parole statute establishes that from

its inception the statute has been framed in discretionary terms.  The law is well settled that

"[t]he mere possibility of parole provides simply 'a hope that is not protected by due process

. . .' *Greenholtz,* 442 U.S. [1, 11-12 (1979)] . . . .  [Moreover], the Alabama parole statute

frames the Parole Board's authority in discretionary terms, and thus does not create for

Alabama prisoners a protected liberty interest in the expectation of parole.  *See Thomas v.*

*Sellers,* 691 F.2d 487 (11th Cir. 1983)." *Ellard v. Alabama Bd. of Pardons and Paroles*, 824

F.2d 937, 942 (11th Cir. 1987).

> Unless there is a liberty interest in parole, the procedures followed in
> making the parole determination are not required to comport with standards of
> fundamental fairness.  *See Brown v. Lundgren*, 528 F.2d 1050 (5th Cir.), *cert.*
> *denied*, 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283 (1976).  In *Staton v.*
> *Wainwright*, 665 F.2d 686 (5th Cir. 1982) (former Fifth Circuit decision), the
> court concluded that no liberty interest in parole was created by the Florida
> statutes. The court, therefore, rejected appellant's claim that his due process
> rights were violated when he did not receive an initial parole interview within
> the time required under the parole laws.  The analysis in *Staton* was adopted
> by the Eleventh Circuit in *Hunter v. Florida Parole and Probation*
> *Commission*, 674 F.2d 847 (11th Cir. 1982), where the court held that no due
> process violation could be shown through an allegation that the Florida Parole
> and Probation Commission improperly calculated a prisoner's "presumptive
> parole release date."

*Slocum v. Ga. State Bd. of Pardons and Paroles*, 678 F.2d 940, 942 (11th Cir. 1982).

Wheeler does not possess a liberty interest in being granted parole that is protected

by the Due Process Clause.  *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991);

*Ellard*, 824 F.2d at 941-942; *Thomas*, 691 F.2d at 488-489.  Thus, the procedural due process

protections of the Fourteenth Amendment do not apply to either the parole decision making

process, *Thomas*, *supra*, or the determination of parole consideration dates. *Slocum*, 678

F.2d at 942 (failure to provide parole review within time required under parole laws or

properly calculate presumptive date of release on parole does not constitute a violation of due

process).

Moreover, a delay in holding a parole consideration hearing past the originally

scheduled hearing date in violation of the governing administrative regulations likewise does

not run afoul of the Constitution. Federal courts no longer ascertain whether a state created

a constitutionally protected liberty interest by parsing language of statutes and regulations

to determine if the language was "of an unmistakably mandatory character" placing

"substantive limitations on official discretion" but must instead look to the nature of the

deprivation to determine if a state created a liberty interest. *Sandin v. Conner*, 515 U.S. 472,

483-484 (1995). As previously noted, an Alabama inmate has no liberty interest in parole

protected by the Due Process Clause. Although "States may under certain circumstances

create liberty interests which are protected by the Due Process Clause[,]... these interests will

be generally limited to freedom from restraint which, while not exceeding the sentence in

such an unexpected manner as to give rise to protection by the Due Process Clause of its own

force, ... nonetheless imposes atypical and significant hardship on the inmate in relation to

the ordinary incidents of prison life." *Id*. "Since an inmate is normally incarcerated in

prison, [Wheeler's remaining in prison while awaiting parole consideration] did not impose

atypical and significant hardship on him in relation to the ordinary incidents of prison life and, therefore, did not deprive him of a protected liberty interest." *Asquith v. Dep't of Corr.*, 186 F.3d 407, 412 (3rd Cir. 1999).

Nevertheless, even though there is no liberty interest involved, a parole board may not engage in "flagrant or unauthorized action." *Thomas*, 691 F.2d at 489. It is undisputed that Segrest is without authority to review parole applications and that he does not know the reasons for the Board's denial of Wheeler's parole application. (Doc. No. 57-6.) In addition, Wheeler has failed to present any evidence indicating that Segrest was in any way involved in the Board's decision-making process to deny him parole. Moreover, Wheeler has failed to present any evidence indicating that Segrest engaged in any arbitrary or capricious action with respect to the denial of Wheeler's parole application. *Cf. Conlogue v. Shinbaum*, 949 F.2d 378 (11th Cir. 1991); *Thornton v. Hunt*, 852 F.2d 526, 527 (11th Cir. 1988) (holding that the denial of eligibility for incentive time benefits to inmate who received sentences of more than 15 years "is rationally related to the legitimate purpose of preventing the early release of serious offenders [and] does not violate the equal protection clause or due process clause"). Consequently, the motion for summary judgment with respect to each of Wheeler's due process claims should be granted in favor of Segrest.

### C. Equal Protection

Wheeler asserts that Segrest violated the Equal Protection Clause by treating "violent

10

inmates" differently from "non-violent inmates." (Doc. No. 1-1, p. 3; Doc. No. 26-1, pp. 1-2.)    Specifically, Wheeler asseverates Segrest allowed inmates with non-violent classifications to be considered for parole earlier than inmates with violent classifications, resulting in a 22-month delay of his parole consideration hearing.  He also contends that Segrest violated his right to equal protection by permitting members of VOCAL to attend parole consideration hearings.

In order to establish a claim cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986) (per curiam)." *Jones v. Ray*, 279 F.3d 944, 946-947 (11th Cir. 2001). Moreover, to succeed on an equal protection challenge, the plaintiff must also demonstrate the existence of discriminatory intent; arbitrary application of prison rules without discriminatory intent is insufficient to demonstrate a violation of the Equal Protection Clause. *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987).

> [O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . .  Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences.  It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite

of,' its adverse effects upon an identifiable group.

*Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted);

*see also Hernandez v. New York*, 500 U.S. 352, 359 (1991).  In a case such as this one, where

the plaintiff challenges actions of parole officials, exceptionally clear proof of discrimination

is required.  *Fuller v. Ga. Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988).

Evidence which merely indicates disparity of treatment is insufficient to show discriminatory

intent.  *McCleskey v. Kemp*, 481 U.S. 279 (1987).

Since this case is before the court on Segrest's properly supported motion for

summary judgment, Wheeler bears the burden of producing some evidence to show that

Segrest's actions were the result of intentional discrimination.  *Celotex*, 477 U.S. at 322-324;

*Waddell*, 276 F.3d at 1279.  Wheeler concedes that the differential treatment occurred due

to the violent nature of his offense.  Thus, Wheeler utterly and completely fails to meet his

burden as he has offered no evidence identifying any other similarly situated inmate who

received more favorable treatment from the defendant, *Brunskill v. Boyd*, 141 Fed.Appx. 771,

776 (11th Cir. 2005), or that the defendant subjected him to adverse treatment based on some

constitutionally impermissible reason.  Moreover, even a liberal interpretation of Wheeler's

*pro se* complaint does not reveal any factual basis for an equal protection claim.  In light of

the foregoing, summary judgment is due to be granted in favor of Segrest on this claim.

### D.  Cruel and Unusual Punishment

Wheeler contends that he has been denied "the right to be free from cruel and unusual

punishment" by delaying his parole consideration date.  The Eighth Amendment proscribes

those conditions of confinement which involve the wanton and unnecessary infliction of pain.

*Rhodes v. Chapman*, 452 U.S. 337 (1981).  Only actions which deny an inmate "the minimal

civilized measure of life's necessities" are grave enough to violate the Eighth Amendment's

prohibition against cruel and unusual punishment.  *Id.* at 347; *see also Wilson v. Seiter*, 501

U.S. 294 (1991).  The denial of parole fails to rise to the level of an Eighth Amendment

violation.  Consequently, Segrest is entitled to summary judgment on this claim.

### E.  False Information

Wheeler argues that the information in his pre-sentence report is false and should not

be considered during parole consideration hearings.  In addition, he argues that erroneous

information from victims' rights groups should not be considered by the Board during parole

consideration hearings.  Segrest does not admit that the information in Wheeler's file is false

and adamantly denies any knowing reliance on false information.  (Doc. No. 57-6, p. 2.)

While *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), establishes a constitutional claim

for the knowing use of false information by parole officials, the instant case is controlled by

*Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940 (11th Cir.1982).  In

*Slocum*, the Court held that prisoners do not state a due process claim by merely asserting

that erroneous information exists in their prison files.  Moreover, "prisoners cannot make a

conclusory allegation regarding the use of [false] information as the basis of a due process

claim." *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001).  Wheeler merely asserts that the

13

Board based the denial of parole on false information. This does not state a claim for relief and Segrest is therefore entitled to summary judgment.

### F.  Retroactive Application of Increase in Parole Set-Off Dates

Wheeler contends that the Board's revised rule requiring that an initial parole consideration date be set upon completion of 85% of a prisoner's total sentence is violative of his constitutional rights. Wheeler also maintains that Segrest violated his constitutional rights by retroactively applying administrative rules, which altered the frequency of parole consideration dates from every three years to every five years, in setting his most recent parole consideration date.

**1.  The Initial Consideration Date**. Wheeler asserts that, at the time the trial court imposed sentence upon him, the rules of the Alabama Board of Pardons and Paroles entitled him to parole consideration after serving ten years (10) or one-third of his sentence. The administrative regulation at issue, which the parole board revised in 2001, extends the date of an initial parole consideration to completion of 85% of a prisoner's sentence or fifteen years (15) years imprisonment. *See Alabama Board of Pardons and Paroles Rules, Regulations and Procedures*, Article I, § 7. However, the revised rule did not affect the scheduling of Wheeler's initial parole consideration, as such consideration indisputably occurred several years prior to enactment of the revision. Therefore, Wheeler lacks standing to challenge any amendment to the Board's administrative regulations concerning the scheduling of initial parole consideration dates and summary judgment is due to be granted

in favor of Segrest with respect to this claim.

   2. **The Frequency of Reconsideration**. Wheeler complains that set-off of his parole

consideration date for five years upon retroactive application of amended administrative

regulations is unconstitutional because prior regulations allowed parole consideration at more

frequent intervals. This allegation implicates the protections guaranteed by the Ex Post Facto

Clause and the court therefore construes the claim as one arising under this provision of the

Constitution.

   The Ex Post Facto Clause bars "enactments which, by retroactive operation, increase

the punishment for a crime after its commission." *Garner v. Jones*, 529 U.S. 244, 249

(2000). An amended law or regulation must create a significant risk of increasing the

punishment imposed upon an inmate in order for the amendment to run afoul of this

constitutional provision. *Garner,* 529 U.S. at 255. Decisions with respect to whether a

parole regulation violates the Ex Post Facto Clause when applied to inmates entitled to more

frequent parole consideration at the time they committed their crimes must be made on a

case-by-case basis. *Harris v. Hammonds*, 217 F.3d 1346, 1350 (11th Cir. 2000). In making

these decisions, a court is required to consider evidence of the general operation of the parole

system and any other evidence produced by a prisoner in support of his assertion that the

regulation "'as applied to his sentence,' created a significant risk of increasing his

punishment." *Harris*, 217 F.3d at 1350 (quoting *Garner v. Jones,* 529 U.S. 244, 255, 120

S.Ct. 1362, 146 L.Ed.2d 236 (2000)); *Jones v. Ray*, 279 F.3d 944, 946 -947 (11th Cir. 2001).

In *Garner*, the Court addressed whether an amended rule increasing parole consideration hearings from every three years to every eight years in Georgia violated the Ex Post Facto Clause. The Court determined that extending the time for a scheduled parole consideration hearing did not prevent the exercise of discretion by the Georgia Board of Pardons and Paroles during the period between parole reviews, because the agency's policies permit the Board, in its discretion, to schedule expedited reviews in the event of a change in circumstance or new information. *Garner*, 529 U.S. at 256.

A determination of whether retroactive application of a particular change in a law or regulation governing parole respects the prohibition of ex post facto legislation is often a question of particular difficulty when the discretion vested in the parole board is taken into account. *Id.* at 249. In deciding whether a parole regulation prevents a parole board's exercise of discretion, the court may consider the implementing regulations, the statutory structure and the board's representations regarding its operations. *Id.* at 254. "The idea of discretion is that it has the capacity, and the obligation, to change and adapt based on experience." *Id.* at 253.

Alabama law gives the Alabama Board of Pardons and Paroles broad discretion in determining whether an inmate should be granted parole, *see* § 15-22-26*, Ala.Code 1975*, "and when and under what conditions" parole will be granted, *see* § 15-22-24(a)*. Applicable state law also requires that the parole board consider the public interest in every case. *Ala. Code* § 15-22-26. This unconditional discretion, however, does not displace the protections

of the Ex Post Facto Clause.  *Garner*, 529 U.S. at 253.

The rules and regulations governing the frequency of parole consideration dates are found in  the operating procedures for the Alabama Board of Pardons and Paroles.  In 2001, the parole board adopted the rules and regulations currently in effect.  The board amended these rules and regulations in 2004.  Article 6, § 11, *Rules, Regulations and Procedures of the Board of Pardons and Paroles*, vests the Board with discretion to determine whether to set the case for reconsideration and, if reconsideration is allowed, "when the case shall next be docketed for consideration, not to exceed five years.[3]  Article 2, § 7, provides that, if the Board "scheduled the next consideration three years or more after denial [of parole] . . ., the [Review] Committee may consider earlier scheduling, but such review shall not begin earlier than eighteen months after the Board has denied or revoked parole."[4]  The opportunity for an expedited parole review is likewise available to qualified inmates.  Article 2, § 1, provides that "[s]uch a rescheduling may be granted only for good cause shown and circumstances bearing on his probability to succeed on parole, not merely because the prisoner is following the rules in prison."  Thus, the rule changes are designed to facilitate better exercise of the Board's discretion.  *See Garner*, 529 U.S. at 254-255.

---

[3]3.  The initial operating procedure governing the scheduling of parole consideration dates, *Ala. Adm. Code* § 640-X-2.02(8)(1982, revised 1986), provided that upon denial of parole to an inmate "the Board will determine when [the inmate's] case is to be reset but in no event shall it be reset for more than three years from the date of denial."  The increase in the reset date from no "more than three years" from denial of parole to the current five-year maximum originally occurred in adoption of the 2001 rules and regulations.  The parole board retained the five-year set off in its 2004 amendments.

[4]4.  The 2001 amendment to the regulation allowed the "earlier scheduling" of consideration twenty-four months, rather than eighteen months, after the denial of parole.

It is clear that the law changing the frequency of parole consideration dates from three years to five years does not extend the term of imprisonment imposed upon Wheeler nor increase the level of risk that he will serve a longer term of imprisonment. Specifically, prior to this change, the Board never guaranteed Wheeler that he would be released before completion of his sentence of life imprisonment. Additionally, eighteen months after a denial of parole, Wheeler will have the opportunity under the current regulation to submit information about changed circumstances bearing on his suitability for parole and could be scheduled for consideration at an earlier date. Thus, even if risk of an increased term of incarceration develops in Wheeler's case, he may, upon a showing of "good cause ... and circumstances bearing on his probability to succeed on parole," seek an earlier review before the 5-year interval expires. *See* Article 2, § 1, *Rules, Regulations and Procedures of the Board of Pardons and Paroles*.

Wheeler has presented no evidence and the court is unaware of any evidence which demonstrates that the regulations at issue create a significant risk of increased punishment for Wheeler. Moreover, Wheeler possesses the ability to petition the parole board for an earlier parole consideration date. Based on the foregoing, the court concludes that the change in the Board's regulations did not lengthen Wheeler's actual term of imprisonment. In short, the rules do not by their own terms show a significant risk inherent in their framework of increasing the measure of punishment for Wheeler. Likewise, Wheeler has failed to demonstrate "by evidence drawn from the rule's practical implementation by the . . . [Board]

18

that its retroactive application will result in a longer period incarceration than under the earlier . . . rule." *Garner*, 529 U.S. at 255  Segrest is therefore entitled to summary judgment on this claim.

## V.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The parole defendants' motion for summary judgment be granted.

2.  Judgment be GRANTED in favor of the parole defendants.

3.  This case be dismissed with prejudice.

4.  The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before April 24, 2007, the parties may file objections to the Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en*

*banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

      Done this 11th day of April, 2007.

                    /s/Charles S. Coody
                  CHARLES S. COODY
                  CHIEF UNITED STATES MAGISTRATE JUDGE