IN THE U.S. DISTRICT COURT OF APPEALS
FOR THE 11th CIRCUIT

MARK SHANNON WHEELER #138144 ) CASE #_____
   PLAINTIFF, Pro Se            )
                                )
vs.                             ) IN RE:
                                ) U.S. District Court for the Middle
BILL SEGREST et al,             ) District of ALABAMA Northern-
   Defendant.                   ) Division Case #2:06-CV-274-MHT
                                )

Motion to Appeal *For* Partial, (or Total) Final Ruling
IN Compliance With Rule 54(b) Rules of Civil Procedure
Plaintiff Wheeler Appeals ruling of April, 5th, 2007 doc. #81-1, in the lower Court.
IN Compliance with Rule 5, U.S. Federal Rules of
Appellate Procedure (Civil)

   Comes now the plaintiff Pro Se, Mark Shannon Wheeler in this Honorable U.S. District Court of Appeals For the 11th Circuit, and Prays this Court GRANTS this Motion to Appeal *For* Partial, (or Total) Final Ruling IN Compliance with Rule 54(b) Rules of Civil Procedure, (F.R.C.P.).
Reason (Grounds) in which Relief is Due:
   Plaintiff Wheeler on 3 Filings (seperate), in the U.S. District Court For the Middle District of ALABAMA Northern Division, Case #2:06-CV-274-MHT has Sought to have A *Partial* Final Ruling in Compliance with Rule 54(b) Fed. R. of Civ. Proc., Showing Said Honorable Court that there is *NO Just Reason For Delay* and Sought Express Determination as is evident.
FACTS: Defendant Segrest et al openly before the lower Court Stated that Plaintiff Wheeler had been made, (by the Parole Board in which he was Executive Director) *late* For Parole review by 22 months Past Plaintiff Wheeler's *Pre*Scheduled (Parole review Preset 10 years prior to the 22 months) Parole Review date, AND, Reset Plaintiff Wheeler For Review Again (After the 22 months) to A *5* Year Set Off, violating Ex Post Facto, as Plaintiff Wheeler's max set off *When* Wheeler was sentenced was 3 (Years!) Plaintiff Wheeler has other issues before the said lower Court, but being the Defendant (et al) openly admitted in the lower Court to the Correctness of Plaintiff Wheeler's claims,

Page 1

therefore confirming No just Reason for Delay in Compliance to Rule 54(b), Plaintiff Wheeler seeks now *by this express direction for the entry of Judgment.

### Facts Continued:

Plaintiff Wheeler has been incarcerated since August 17th-1993, being charged with Murder, and was Convicted thereof in Cleburne County, Alabama on May, 1994. Plaintiff Wheeler was issued the Appropriate 10 year Guideline Sentence for Parole Review, For A Life Sentence for Murder in Alabama in 1994. Wheeler was scheduled then for *Sept. 2003* for Parole Review, which was 10 years and 1 month since incarceration.

Plaintiff Wheeler was *Not* Reviewed until July 13th, 2005, (22 months) nearly 2 years late *because the Defendant, et al, had caused *all violent cases to be made late*, while bringing the NoN violent up for *Early* Rocket Docket Review. The Defendant et al explained because of the victims Notification requirement, all violent cases had become (been made) late for review. Plaintiff Wheeler addressed the unconstitutionality of the requirement in seperate claim in this Civil Complaint, as well as others.

Being Plaintiff Wheeler's original Parole Review was Pre-Set for Sept. 2003, a 3 year MAX set off for Re-Review *should have* Constitutionally (by Equal Protection 14th Amend U.S. Const.) been held in Sept. 2006, 3 years post Sept. 2003 which was Wheelers *Pre*-Scheduled Guideline-given Setting. This miscarriage of Justice Denied Plaintiff Wheeler his Equal-Consideration for Parole Review (14th Amend. U.S. Const. Equal Protection), amongst his Peers that were being Reviewed under the same Sentencing Structure in 1994 that Wheeler was sentenced under, Violating Ex Post Facto, (Article 1, sec. 9 - U.S. Const.), Causing Discrimination. Thus *Creating* a Due Process Violation of a Liberty Interest FOR- PAROLE-REVIEW *CONSIDERATION*, which IS an entitlment by law, (Equal Consideration), 14th Amend.- U.S. Const.

Page 2

Plaintiff Wheeler has sought out an INJUNCTION, in which to ORDER ALL similar cases to Plaintiff Wheeler's that were due relief should be GRANTED it, as these only 2 requirements were that those violent cases of CONVICTION,

1) Must have been made late for Parole review, and
2) Was sentenced between 1982 and 2001; and was set off for *more* than 3 years (which was the legal MAX during that time).

Relief: All affected should be accredited their due Process Relief, by Equal Protection Rights Guarantee of the 14th Amend. U.S. Constitution so as to Not discriminate against Plaintiff Wheeler.

Plaintiff Wheeler seeks NOW to be GRANTED this Appeal to ORDER the said lower Court to make this Partial Ruling in favor of Plaintiff Wheeler in Compliance with Rule 54(b) Fed. Rules of Civil Procedure. At the least, a MANDAMUS should issue for Partial adjudication, on Part, or *All* the meritable claims of (the) Plaintiff (Wheeler) in this Civil Complaint, as to Not grant, would be a miscarriage of Justice *As* Plaintiff Wheeler was (by law) Due, another review for Parole, last Sept. 2006, which was 3 years from the Original scheduled Due date processed to Wheeler so many many years ago *for* September 2003. This July 13th 2005 review was (late), cruel and unusual punishment making Plaintiff late, (Wheeler) nearly 2 more years (over the 10 year wait), to be reviewed, as Wheeler in this Civil Complaint, raised as a 8th Amend. U.S. Const., violation. Plaintiff Wheeler now prays relief All due him by the U.S. Civil Appellate Court Granting this Appeal. I hereby swear this all to be true and correct, done this the 9th day of April, 2007.

Mark Shannon Wheeler AIS# 139044
Plaintiff, Pro Se

## Certificate of Service

I Mark Shannon Wheeler the Plaintiff Pro Se hereby certify that I have mailed a copy of the same by 1st class postage pre paid mail (U.S.), and placed in the Kilby Prison Inmate legal mail box addressed to the following:

1). Ala. Bd. of Pardons and Paroles
   Legal Division, P.O. Box 302405
   Montgomery, AL. 36130

2). U.S. District Court of Appeals
   for the 11th Circuit (clerk)
   56 Forsyth St. N.W.
   Atlanta, Ga. 30303-2289
   Attention: Bill Pryor

3). United States District Court
   Honorable Myron H. Thompson
   P.O. Box 711
   Montgomery, AL. 36101-0711

done this the 9th day of April, 2007.

_____
Mark Shannon Wheeler  AIS# 139044
Plaintiff Pro Se

Mark Shannon Wheeler
   AIS # 139044
   Faith Dorm I-5-B
Kilby Corr. Fac.
P.O. Box 150, Mt. Meigs, AL. 36057

Page 4 (Contents:) Cover Page, Page 1, 2, 3, 4.