In The District Court of The United States
For The Middle District of Alabama
Northern Division

MARK SHANNON WHEELER, #139044 )
　　　　　Plaintiff　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)  Civil Action # 2:06-CV-274-MHT
v.　　　　　　　　　　　　　　　　　)
BILL SEGREST, et al.　　　　　　　)
　　　　　　　Dependant.　　　　　　)

2007 APR 25　A 9: 51

## Plaintiff's objections to MAGISTRATE Judges recommendations

　　　　Comes now the Plaintiff Respectfully in this District Court of the United States for the Middle District of Alabama Northern Division, and Prays this Honorable Court GRANT plaintiff (WHEELER'S) relief sought in Instant Complaint, "which included essential elements of FACT to merit plaintiff Wheeler's claims as "PROOF" Wheeler is entitled to relief. Wheeler "included" time sheet proving he was "Duo" a Parole Review "Sept. 2003", and that Wheeler on another included "GRANTED" form "included" in the Instant Complaint proving Wheeler WAS set off for another Parole Review for "5-Years", which is 2 years post the maximum Allowable by law (ex post facto), and this same form signed by the Defendant (Segrest), showed Wheeler's review date, (which was 22 months *late) "occured" July 13th 2005, which constituted the civil violation-(discrimination of Parole Consideration) in Wheeler being treated differently than his peers that was "Considered" for Parole in 1994, under the "same" sentencing statute structure as "when" Wheeler-was-sentenced. Plaintiff's objections to mag-istrate Judges recommendations are not only meritous, but prove again, Wheeler is due relief, and Magistrate Judge Coody has Not reviewed or Considered appropriatly Wheeler's Proof(of claims) as said judge in his own recommendation obviously has not even entertained Wheeler's materials as said Judge almost verbatim recited the said Defendants response, as if it were his own, when the said Defendants response "did not" Comprehend Wheeler's claims, but sought to try to circumvent the Truth of the matter's At hand.

Plaintiff Wheeler now will again will seek proper adjudication before the Honorable MYRON H. THOMPSON. Plaintiff Wheeler sought in Instant Complaint Declaratory Judgment. Plaintiff Wheeler is Due Process for entitled relief **WITHOUT PREJUDICE.**

Plaintiff Wheeler will now, by exact enumeration, show this Court the Contradictions in MAGISTRATE Judge Coody's recommendation, hereforth:

OBEJECTIONS:

I. INTRODUCTION AND PROCEDURAL HISTORY.

Plaintiff "Wheeler" contends that Defendant Segrest was sued et al.  Wheeler contends that Chief MAGISTRATE JUDGE Coody "(Coody)" states that Wheeler contends that Segrest "permitted" the delay in Parole Consideration, but Coody failed to recognize that Wheeler claims Segrest "caused" the delay by not Directing his workers (co-workers) he was responsible (for) the BOARDS managment, to Afford Equal "Parole" Consideration Guarantee to state incarcerated INMATES and Allowed (Approved) of his Co-workers getting behind on Parole reviews. Not once has Segrest Sought out the Governors help, or Legislators for relief **TO ENSURE PRISONERS** their EQUAL Consideration Protected Rights Guar-antee, neither does Coody mention it, Prejudicing Wheeler. Wheeler did not state that Victims had no Redress (Board) Rights (to consider information from victim's rights groups) BUT Wheeler's claim "is" and has been "which Coody does not even address that the BOARDS den-ying someone parole, having used a testimoney of a Person (vocal) for example; when vocal has "No direct Affilliation" with the Parole Consideration (by right) by not having "any Affilliation" to A case, is unconstit-utionol, as A Person (vocal) would only be protected by 1st Amend. U.S. Const" if "they were a victim*to-the-matter* to be protected by the "Re"-dress Guarantee, and Wheeler stated that for A Parole Board Member to deny one's parole by consideration of an outsider, not Protected, is, unconstitutional, violating Prisoners 9th, 8th, 14th Amend, rights, Coody fails to address this.

(2).

Plaintiff Wheeler does not contend that defendant Segrest is "Not" entitled to the permitting of the Pre-sentence report during Parole hearings, But, Wheeler contends that "False" information in Wheeler's Pre-sentence report has been reviewed, when Wheeler was considered for Parole. Wheeler submitted to this Court an exhibit showing this Court that States Patholo-gist (Joseph Embry) testified At Wheeler's trial, that he did Not see any evidence of Any Kind of sexual mutalation of the corpse. Wheeler's Pre sentence investigation report states that wheeler cut off A Nipple and genitalia, and Placed the body Parts in an alcohol bottle". Wheeler had retracted this claim for Insanity defense, but the Parole Boards investigator was bias Against wheeler, Wheeler knew it, and would not even allow Harold Duncan (the Board of Paroles Parole officer) to interview Wheeler because he (Wheeler) knew Duncan would write things to incriminate wheeler in Any way he chose to. The BOARD (parole) has had this false information "Considered" at wheeler's (22 month late) parole review, Wheeler's seeks to have it expunged.

Honorable Judge Coody failed to inform this Court, or over looked the sought out (by Plaintiff Wheeler) Declaratory Judgment in Instant Complaint, but supposes that Defendant Segrest is entitled to summary Judgment (and recommending that wheeler be barred from further review)(Page 19 #3), all while claiming that Wheeler being Pro se Is entitled liberal review, but in turn denies review of Wheeler's claims showing open bias in any review he may have undertaken. For PROOF OF this, Plaintiff Now directs this Honorable Court to Document # 36 and #37, in this Honorable Court which was "GRANTED" Plaintiff. This case is now NOT pending on Segrest Motion for Summary Judgment but to deny its Granting is Appropriate, and that would entitle Wheeler his due relief. The forgoing is an enscential element of "PROOF" as you have just read Concerning Wheeler's claim (Not supposed claim by Coody) refering to this Courts document # 36 and #37, plainly speak for themselves, As merit to Wheeler's claim of false information, in Wheelers pre sentence investigation report. Coody was not tharough in review.

(3)

Plaintiff Wheeler means no disrespect to Honorable Chief Magistrate Judge Coody, when Wheeler states "Coody", Wheeler is trying to be as quick As Possible to make Proper adjudication as easy as possible. Wheeler will now "object" to Facts (supposed) recommended by Coody.

## II. FACTS

Wheeler was arrested, and has remained incarcerated since August, 1993, not "sentenced" in 1993 as Coody states. Wheeler was sentenced in May (6th) 1994, and has also stated this repeatedly in this Cause of Action. Judge Coody then Acknowledges a "BACK-log of CASES" requiring Victims notification, but does not state any scintilla of evidence of this Backlog is legal whereas it denies equal Protection to Inmates, being discriminated against a "Proper" review for being "considered" for Parole, amongst their Peers at their time of sentencing*when- there-was-No-Backlog* because of mismanagment, by (Directives inforcer). Wheeler was reviewed for Parole on July 13th, 2005 (22 months late) and reviewed late of 22 months constituted "the" depriving Wheeler his due Process, and "began" his 2 year statute of limitations toll time. The Sept. 2003 is to be recognized as the due date for Proper consideration, but the 2 year statute limit could not possibly begin until the late hearing, transpired. Besides that "before" the July 13th, 2005 date of the "late review", the defendants, etal, had not even yet reviewed the false information in Wheelers Presentence investigation report. This makes Wheeler believe a double standard of consideration by Coody is being recommended for this Court to Finalize, openly seeking to have Honorable Judge Thompson, (thompson) agree to do this with Prejudice. Wheeler has "repeatedly" stated by contention that he (Wheeler) knows he has "No" Gauranteed Right to be Granted Parole, as that is well established, Wheeler has contended that he has sought "EQUAL CONSIDERATION" in being Reviewed for the Possibility of being granted a Parole. Wheeler was, and is eligible right Now, legally for Parole.

# III STANDARD OF REVIEW

Plaintiff Wheeler objects to Coody's recommendation that Segrest Motion is properly Supported (for Summary Judgment) as proper claims indicated by Wheeler have not been addressed, but have been circumvented As Coody Knows Wheeler is due relief if Coody had properly reviewed Wheeler's Motions and exhibits submitted to this Court during this litigation Process. Wheeler has felt he has fought Segrest and Coody to a Certain degree being held to a different standard. Whatever the reason for Coody's Poor recommendation, Wheeler is not concerned with, but Wheeler and thousands of Inmates are due immediate reviews by the AL. Bd. of Pardons and Paroles, and Wheeler seeks justice in the laws being Protected, especially concerning himself where he has the right to Seek the Constitutions inforcment - until it is No more, if so it be.   Wheeler has, (and will again) sent to this Court (in Instant Complaints eritial - filing) filed as the elements essential to his case to establish the existance of merit to his claim, a time sheet Sent to Wheeler by A.D.O.C. Central Records, As "**Proof**", Wheeler was suppose to have a September, 2003 Parole review date, and, also a denial of Parole on July 13th, 2005 (making Wheeler 22 months Post Sept. 2003), and reset for 5 More years (which exceeds by 2 years- the max Allowable at time of Wheelers sentencing), this form submitted to this court (along-with said time sheets (was) in March, 2006. The Parole reviews "late" review and denial and reset exceeding the maximum Allowable "BYLAW", was signed by Defendant Segrest. This Court "**HAS**" This evidence for PROOF to merit Wheeler's Right to Summary Judgment Apposed to Defendants. "A Prisoner has the right to be properly considered For Parole." Chris - topher v. U.S. Board of Parole, 589 F.2d 924 (9th Cir. 1978); Wallace v. Turner, 525 F. Supp. 1072 (S.D. Fla. 1981). Alabama Courts have a long history of discouraging the dismissive treatment of Pro se filings. Boros v. Baxley, 621 So.2d 240, 243-44 (Ala. 1993). There by Wheeler should be granted Proper adjudication by this Court, or deny without Prejudice but Not with. With Prejudice is Cowardly.

Wheeler therefor has submitted to this Court evidence that was admissable (at initial filing), and is admissible at a trial supporting Wheeler's claims of Constitutional violations, contrary to Coody's recomendations. Perhaps Judge Coody forgot about those documents, or maybe overlooked them. Wheeler has gone beyond the pleadings to ensure this Court understands now the implications, designating specific facts of constitutional violations. If one can not see the 'scintilla' of light by the evidence with their eyes closed, surely they are blind, or willfully negligent, after a sufficient review. The trier of fact will rule in Wheeler's favor if the trier is about true "Justice for all". Wheeler has not drawn, nor presented conclusory allegations, but has produced in Black and white, perfectly legible legal documents to this Court, which was mailed to Wheeler by defendant Segrest, and the Alabama Department of Corrections. To say that those entities don't mail legitimate information would in and of itself prove Prima Facie showing, to appose a motion for summary Judgment. Harris v. Ostrout. 65 F. 3d 912 (11th Cir. 1995); Fullman v. Graddick, 739 F.2d 553, 556-557 (11th Cir. 1984). Wheeler has shown the elements essential to his case (the 14th Amendment of the U.S. Constitution) violating Wheeler's Guaranteed Equal Protection Rights — to be Equally "Considered" for a chance at making Parole. The Defendant Segrest et al, has denied Wheeler a proper "review", as Defendant Segrest et al caused Wheeler to be 22 months (nearly 2 years) LATE "for a Parole review". Wheeler proves the due date of Sept. 2003 by the "time sheet" designated at initial filing, showing the Sept. 2003 date. And the "LATE" review date July 13th, 2005, Constituted the review as sufficient to warrant a violation being 22 months "LATE", denying Wheeler to his Right to Equal Protection ensured him by the 14th Amendment of the U.S. Constitution. It doesn't get any plainer than that. The Defendant Segrest et al, doesn't even deny they made, and caused Wheeler to be late

Wheeler knows, he will win at a trial. Fourth Circuit has recognized "a due process right" to be fairly considered for parole. See Paine v. Baker, 595 F.2d 197 (4th Cir.) cert denied 444 U.S. 925, 100 S.Ct. 263, 62 L.Ed.2d 181 (1979). Defendant Segrest, et al is not authorized to Deny anyone their Equal consideration right of the 14th Amend. Thomas 691 F.2d at 489 states: A Parole board may not engage in flagrant or unauthorized action.

Wheeler in this case has proven sufficient evidence to establish a fact (Prima facie) and has disproven Coody's claim that defendant is entitled to summary judgment. Wheeler has not been a complete failure in proof concerning an essential element of case that necessarily renders all other facts immaterial; Barnes v. Sw. Forest Indus. Inc., 814 F.2d 607, 609 (11th Cir. 1987). Coody then stated on his re-commendation on page 3 that (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is Appropriate), Wheeler now disputes that by Coody's claim is not supported by case law. Besides Wheeler "continues to" prove his case by going over things he's covered repeatedly. Wheeler has proven by "more" than some metaphysical doubt that his claim has merit, and his support by case law. Defendant Segrest sought with an "unsigned" affidavit to answer this court as to his responsibilities. Wheeler had to nearly beg Judge Coody to enforce an Affidavits construction requirements to make Segrest sign his own Affidavit. Wheeler submitted his own "Affi", May 30th, 2006 to this Honorable Court, and again Sept 26th, 2006.

Strong v. Alabama Bd. of Pardons and Paroles 859 So.2d 1201 Crim. App. LEXIS 303 CR-00-2212, states: Moreover, even if we were to take a literal form-over-substance view of pro se pleading, Strong filed the petition against the executive Director, Board of Pardons and Paroles et al. Even if we were to disregard the body of the petition, and we do not, this alone should have been enough notice to the circuit court and to the respondents that Strong had, in fact, implicated the appropriate parties.

Wheeler has not sought, nor appeared as to be escaping the burden of establishing a genuine issue of material fact exists, Because Wheeler being pro se, in all his capacity has sought to show, by law, and successfully has, proven that there is well established genuine issues, of material facts, "TOTALY" Ripe For Honorable Adjudication in Wheeler's FAVOR. Summary Judgment for Defendant must be Precluded, Matsushita, supra.

(7)

## IV. DISCUSSION

Plaintiff Wheeler "objects" that Coody (and the Defendants) claim that Wheeler Asserts that his (plaintiff) Constitutional rights were denied him "by" Segrest denying him Parole. That is simply a ludicris asumption derived by defendant "to" Assert that there is No liberty interest in A Prisoner being "Granted" Parole, which Wheeler has Known that, and has Asserted That knowledge. Defendants are trying to Assert that that is Wheeler's claim, BECAUSE they simply have "NO DEFENSE". It is A Shame Coody would try to ride with them on that foolish Note. That Puts him in the Bandits Car. If Wheeler had claimed A "Liberty Interest", Coody himself knows "he" would have sumarily dismissed Wheeler's Action without — Prejudice already, but he could not, because Wheeler has Not raised A liberty interest claim. If a liberty Interest has been created, let the court announce its creation – as Wheeler has not made such claim. Wheeler "has-read" the Chance vs. Siegelman Case Where susan James could not help Chance. Wheeler read said Case 2 years ago (was given to Wheeler by Phillip Chance). Wheeler believes that possibly a Liberty interest is "Possibly" created "by" this case "Wheeler V. Segrest, but Wheeler has not raised any "claim" of Liberty Interest as a ground or otherwise. Wheeler believes A Liberty interest may now have been created by Wheeler's case of this ex post facto violation for Parole Consideration (which would enable the right of EQUAL Protection Guarantee of the 14th Amend) Protected by Due Process to ensure the "EQUAL Consideration" so as to Not discriminate any Person among their Peers so as to have the Avenue Guaranteed them in the determining Road of Consideration that-leads-to-Freedom. That door cannot be Constitutionally closed, but only suspended under Martial Law declaration, by the suspending "of" the Constitution itself. Wheeler is ENTITLED by said Right (14th Amend DUE PROCESS in EQUAL — Protection) to be Considered in A timely manner as was imposed upon him by the sentencing structure Wheeler was sentenced under in 1994 when Wheeler was sentenced.

Under IV. Discussion, Wheeler would agree with Coody on Page 5 (i), and (ii), and (iii), and (iv) but on (v), Wheeler asserts that Coody states that Wheeler claims only that Defendant Segrest circumvented the ex Post facto clause, when in fact, Wheeler has asserted that Segrest "Illegally" circumvented the ex Post facto clause, imposing an extra 2 years over the 1994, (3) three year max set Guideline Imposed on Wheeler. and Coody Also suggest Wheeler Asserts that Wheeler has sought to be given the "reason" For Parole's denial when that is incorrect also and that is Also Def-Segrest claim As they Circumvent Wheeler's Claim. Wheeler's claim "is" to have the reason a Violent (Felony Case Conviction) inmate was, or is denied Parole "Provided to This Honorable Court", Not Wheeler. Wheeler shows that his reason As Sufficient grounds were, and Are that "the Board" could not state As A ground For denial that the Prisoner had not done enough time (Which would be "contrary" to "being eligible-to begin with"). the Board has been denying People by this illogical reason. Wheeler seeks that the Board (via et al-Segrest) be mandated to show this Court its reasons, For Proof, See this Courts Document # 62-1 Granting Wheeler's Motion; Refering now to Page 6 #6. of Wheeler's Granted Motion (to File response) Wheeler submitted to this Court the 18th day of September, 2006. This Page #6, Paragraph #6 Plaintiff Wheeler Plainly STATED: Plaintiff asked For relief also that "this Honorable Court be Shown" (by the Parole Board) each reason For Prisoners denial of Parole if the Prisoners ex post facto had-been Violated because this would ensure those affected by the violation that they would not be violated ex post facto any Further... Wheeler request this Court now examine said Filed Motion of Wheeler submitted by Wheeler by Cert. of Service 18th day of Sept-ember, 2006, Considering it in its totality, For a proper review.

Coody Also states (Whereas Wheeler objects) that Wheeler claims that Segrest Violated Wheeler's Rights by Allowing Victims' Rights group to attend Parole Consideration hearings.

Also refer to NOW again "Plaintiffs response" submitted to this Honorable Court the 18th day of September, 2006, page #6 and #7, starting At #7 Paragraph, concerning what was, and is Wheeler's claim is to defendant Segrest et al, violating Wheelers right to due Process, concerning victims rights group. "The Board" using what a NON-Affiliated groups rhetoric to deny a Persons Parole, violates Wheeler's (and others 9th Amend U.S. Const) right, as any group has a 1st Amend right to freedom of speech, but Not a Re-dress Guarantee "UNless" directly Affi-liated As A victim. Please refer to page #6, #7 Paragraph (starts) At #7 of motion submitted (and Filed) by Plaintiff on September 18th, 2006. Wheeler does not have time to re-write this whole case or he (I) would if it meant getting a fair and impartial ruling. That is what Wheeler's seeks, and contrary to Honorable Magistrate Judge Charles S. Coody's recommendation, under Applicable Federal law of Wheeler's claims "AS" Wheeler presented them to this Court (Not As the way Defendant Segrest et al, and Coody's (incorrectly) interpretation states)). Wheeler IS Entitled to Relief from this Court. For Curtosy's sake, and lack of time for Wheeler to re-write All that is necessary, Wheeler will hereforth For the most part, refer back to previous submitted Granted Motions to this Court in objecting to All of Coody's recommendations.

Continued IV. Discussion
A. Claims (supposed) Barred by the Statute of Limitations. Plaintiff Wheelers "Claim" is Contrary to Dependants and Coodys findings by law. Refer to Page #8 Bottom Paragraph (and All of Pages 9, and 10) of same September 18th 2006 Response Filed by Plaintiff to this Honorable Court which was Granted Wheeler *(Considered Filed by Plaintiff on Sept. 20th, 2006) Granted Sept. 22nd, 2006 by /s/Charles S. Coody. Wheeler's Certificate of Service was Filed written Sept. 18th, 2006 as forementioned. Wheeler agrees with Coody's case law, but Wheeler is not by laches pre-cluded, as the toll of Wheeler's claim would not have Arisen until July 14th, 2007, as that is 2 years and one day "Post" the "LATE" Parole Consideration date that was improperly, and illegally Afforded Wheeler.

Wheeler claims that and now further asserts that Alabama law, provides that the applicable limitations period is the one in effect when the claim is "filed," NOT when the cause of action AROSE. See Tyson v. Johns Manville Sales Corp. 399 So.2d 263, 269-70 (Ala. 1981).

* Continue now of Coody's recommendation, page #6, continued: (1) Wheeler states that ex post facto is constitutional and cannot be of itself time barred. Coody stated on page 5 that decisions which occurred on or before March 24th 2004 of claims ARISING from adverse parole actions are barred. Wheeler's claim of arisal of duration period began in Sept. 2003 (to July 13th, 2005), but if Wheeler had filed in October 2003 one month after the review arose to be late, that would not have been sufficient grounds, only that duration of "length of time" for A proper review can be held to scintilla, as the violation became affective WHEN IT OCCURED, which was July 13th 2005 "the" late review, That is when the violation of improper consideration transpired because of Segrest, (refer to same filed) Sept. (18th cert of service) 20th Sept. 2005, motion filed by Plaintiff in this court, (page 4, Response to Defendants enumerated response, paragraph 2).

Paragraph 2 on page 6 of Coody's recommendation inappropriatly suggest that the Legislature rescinded that portion of the tolling provision which previously applied to Convicted prisoners. See Ala Code §6-2-8(a)(1975, as amended) The Legislature could not have on May 17th-1996 violated ex post facto guarantees ensured by the Constitution, Article 1, Sec. 9, states: No Bill of Attainder nor ex post facto law shall be passed, which gaurantees Wheeler righteous claim that he cannot be legally set off for parole consideration for more than 3 years, as Wheelers sentencing guidelines provided him, in 1994 when Mark Shannon Wheeler was sentenced to "Life" with— the possibility for parole. Coody's recommendation only asserts (Defendants) inappropriate, as Wheeler was not even set off (the illegal amount) until July 13th, 2005. These facts sinks Coody's ship which has the Defendants name on it, BILL SEGREST, et al, defendant. SORRY!

Judge Coody's (Coody's assertion of Wheeler's supposed UNCONTROVERTED FACTS) Contends Falsly. Wheeler Claims are being Circumvented as Wheeler has repeatedly stated in this response to Coody's recommendation. Wheeler has supported all of his Claims not only with Constitutional violations supportive Case law, but has presented this before. Wheeler is entitled A Trial and due relief. The defendants and Coody obviously do not want to lose At a Trial, and that is what will happen. I expected this type of response from Coody, I know his Character having delt with him prebiously. But the Honorable Judge Thompson I hear more (Note worthy) understanding in discretion and in Fairness is used. I hope and pray this Court has this fairness Now. As Wheeler stated the statutory tolling Provision does Not hinder Wheeler in any manner being this Action was filed March, 24, 2006 in this Honorable Court, and Wheeler's "late" hearing was July 13th, 2005 (8 months and 11 days) prior to the filing of this Cause of Action, Coody response is Ludictis. Defendants are "NOT" entitled to Summary Judgment.

B. Due Process -- The 2005 Denial of Parole and (5) - Five Year Set-off (Page 7-10) of Coody's recommendation, and Wheeler's objects thereto.

(i) Wheeler was Denied due Process when:
Wheeler's Parole hearing (For supposed Proper review) was made late by Defendant Segres et al. because Wheeler's case was considered violent, which discriminated against Wheeler because those inmates whom were review for Parole in 1994 (Which had violent Cases) were not made late For their review, showing thereby that Wheeler "WAS", treated differently, and there is "NO" justifiable reason to Violate the Constitution, to treat (Consider) those Alike, differently.

(ii) Plaintiff agrees with this assumption.

(iii) Plaintiff agrees with this and includes the duration in which Wheeler seeks Credit of due reimbursment of (22 months) and was set off 2 years over the max allowable by 1994 Sentencing strucure which was 3 years.

(iv) Plaintiff agrees to the degree that Defendant Segres et al Considers protest from Victims' rights groups (such as Vocal), whom are actually NO victim at all in many cases they protest, (which violates Wheeler's and other inmates 8th, 9th, 14th Amendment rights guarantee) Those groups are permitted to say whatever they desire, but the inmates Family's or those in behalf of Wheeler or other inmates, are barred from exercising their 1st Amendment Constitutional right to freedom of Speech, and Wheeler has, and does seek an injunction still.

(12)

(v.) Wheeler contends again, he has not sought through this Court to learn why (the reason) he or other are denied Parole, but seeks an injunction to cause the Board of Pardons and Paroles via defendant Segrest, et al, to show "*THIS COURT*" the reasons for a Violent offenders denial of parole "BECAUSE" the Board has been openly telling Inmates family members, that the INMATE has'nt done enough Time, (which "IS" contrary-to-being-eligible-FOR-parole). Wheeler contends that once you arrive at your "guideline setting date" you legally become eligible. The defendants have been violating Wheeler's and other due process rights thereby. AN INJUNCTION is Necessary to safe gaurd INMATES. Wheeler recommends A federal Court "MASTER" be an overseer in this Provision stipulated in this sought for injunction.

Wheeler agrees that discretionary action by the Board is statutory, IN Being GRANTED Parole. That is totaly seperate from Guidelines in Proper Consideration. EQUAL Protection (proper consideration) is Constitutional, 14th, Amendment (u.s.), which "does" (make) Constitute an objective determination in mandated factors, contrary to Coody's subjective stance defending Defendant Segrest, et al. See Thomas V. Sellers, 691 F. 2d 487, 489 (11th Cir. 1982).

* continued: Page 8 Coody's recommendation, wheeler's objections: Wheeler's Due Process violations claims are NOT conclusory but are well established Prima Facie uncontroverted FActs, even in its least of liberal construction enterpretation. A Prisoner has the right to be properly considered for parole. <u>Christopher V. U.S. BOARD OF PAROLE,</u> 589 F. 2d 924 (7th Cir. 1978); <u>Wallace V. Turner,</u> 525 F. Supp. 1072 (S.D. Fla. 1981). This is Facts essential as proof of elements in Wheeler cause of Action, and Constitutes the "late" July 13th, 2005 hearing review date as a violation of Due Process, and the 5 year set is further violation. Also of this 14th Amendment of the U.S. Constitutional Rights Wheeler suffered by the Defendant Segrest, et al Causing cruel and unusual Punishment upon Wheeler. Wheeler is due Summary Judgment in his own favor. Alabama has Not adopted the "Analysis" of Staton V. Wainwright in the legislation whereas Wheeler's late review date would be acceptable "Even though his peers sentenced as, and when, he was, was sentenced in 1994 were not made late by the Parole Board "by further inflictions that are now proven to be unconstitutional by violating EQUAL protection, Causing discrimintion against Wheeler, by treating him differently.

Cont'd Wheeler's contention has not been "about-a-Release-Date-from-Prison". This has become the defendants and Coody's "conclusory fabrication" that Wheeler is, or has made a Parole "Release" an issue, because Wheeler has not (ever) in this cause of action. So thereby Coody's and the defendants assertion and recommendation is Moot, (in Credibility) of merit.

In the Slocum v. Ga. State Bd. of Pardons and Paroles, 678 F.2d 940, 942 (11th Cir. 1982), held by the 11th Circuit in Hunter v. Florida Parole and Probation Commission, 674 F.2d 847 (11th Cir. 1982) held that no due process violation could be shown through an allegation that the Florida Parole and Probation Commission improperly calculated a prisoner's presumptive parole "release" date.

Wheeler again contends this issue has no merit asserted by defendants and Coody because Wheeler has not raised a issue concerning "being" released on Parole, but Wheeler contends "Proper Consideration" is a right, not a priviledge. Wheeler appreciates the time defendants and Coody has assertained in putting on a deffense, but the bottom line is the trier here now, and/or the jurrors have and will see vestment right of Wheeler and will displace the defendants and the Honorable Judge Coody's contentions in recommendations as Wheeler does. Plaintiff Wheeler has stated that he has not possessed any liberty interest in being granted Parole protected by a due Process Clause. Wheeler knows and states that he will continue to exercise what his rights are, and that is to be not discriminated against, and be protected by the ex post facto Clause, Fourth Circuit has recognized a due process "right" to be fairly considered "for" Parole. See: Paine v. Baker, 595 F.2d 197 (4th Cir.) Cert. denied 444 U.S. 925, 100 S.Ct. 263, 62 L.Ed. 2d 181 (1979).

*Continued: Page 9 Coody's recommendation, Wheeler's objections:
Wheeler refutes Coody's claim that Wheeler's Assertion is:
(Failure to provide parole review within time required under Parole laws" or properly calculate presumptive date of release on Parole does not constitute a violation of due Process); As Wheeler claims "discrimination of "Equal Protections" right of due Process. Defendants Segrest and Judge Coody again circumvented Wheeler's claim to seek to displace Wheeler's right to even redress, his (Wheelers) true claims, as Coody seeks to dismiss "WITH" Prejudice, Wheeler's civil complaint.

Wheeler Asserts again that: Fourth Circuit has recognized a due Process right to be Fairly Considered For Parole. See Paine V. Baker, 595 F.2d 197 (4th Cir.) Cert. denied 444 U.S. 925, 100 S. Ct. 263, 62 L.Ed. 2d 181 (1979). To deny Wheeler relief At this point would deny Wheeler due Process rights if he is denied relief With Prejudice. Wheeler is due relief, and has vested this right with merit Prima Facie as Wheelers claims CANNOT be disproved in this Honorable Court. Wheeler Contends this (Honorable) should rely on Wheeler's "Filed motions, and not presumptions supposed by defendants and Judge Coody For Wheelers Proof. This Honorable Court should respectfully look to the nature of the deprivation to determine if A state Created a liberty interest. Sandin V. Conner, 515 U.S. 472, 483-484 (1995). The Creation of Wheeler's late Parole review, ensured his consideration was not Proper, and was very disrespectful to Wheelers Consideration as A Candidate "for" Parole. Twenty-two months of delay ensured Wheeler that Wheeler was being discriminated against. Those Whom were reviewed on time in 1994 when Wheeler was sentenced, was treated differently being "Considered" differently. It is obvious to those incarcerated that Dependant Segrest, et al, have become more and more Complacent to Proper Considerations to most. They have been permitted to do so, until Now, so the Cause must Preclude; to toll. Even though Wheeler was denied Parole on July 13th, 2005 (Perhaps because of the false information in Wheeler's Pre Sentence investigation report), Wheeler still did not know what his Fate would be for 22 months over, Perhaps, him being denied in September 2003, as Wheeler was trusting in God while anxiety tried continously to overwhelm him, as Wheeler then didnt even know when he would be reviewed until only a month before the "late" "supposed" Proper Consideration transpired. This imposed atypical and significant hardship on Wheelers relation to What should have been ordinary incidents of prison life. This Perhaps "Created" the liberty interest that Wheeler Asserts "may" have arisen, Wheeler shant say that it has.
*Continued: Page 10 Coody's recommendation, Wheelers objections:

Wheeler contends that Dependant Segrest, et al was flagrant by instituting unauthorized Action of discrimination against Wheeler, causing a substantial hardship of Prison life, as Dependants obviously sought laches of Wheeler's Proper Consideration.

Wheeler has not suggested at any time that Segrest reviewed Wheeler for parole, but that Segrest permitted the said violations to exist, the tolerance thereof, approving thereby the discriminative procedures. Wheeler has shown this court obvious flagrant violations that Segrest did or should have known exist by his authoritative position as executive director of the Alabama Board of Pardons and Paroles, in which he didn't even want to sign his own affidavit which explains some of his directives responsibility. See: (Doc 25-1, and Doc. 53-1, and Doc. 40-1). The issue of Wheeler being denied parole, DOES NOT EXIST! The Defendants and Coody again circumvent Wheeler's claims. After Wheeler wrote defendant Segrest, and Segrest still didn't comply with a proper review for Wheeler's consideration, Segrest obviously was negligent, wilfully, proving capricious and arbitrary actions of engagement. Wheeler even mailed a notice of intent to sue to Segrest on March 19th, 2006 (Exhibit "C") in intial instant complaint, which plainly merits Wheeler's claim as "Not" being any liberty interest issue, but showing Segrest intentional deprivations continuation. Prisoners that were previously granted eligibility for incentive good time credits could not be taken from them, as that due process violation would create itself by Ex-Post Facto. Wheeler contends this presumption for Guide-line setting dates for proper review. "Also" cannot be removed, or it creates discrimination in Wheeler's case under circumstances in Wheeler's case at hand. Again, Fourth Circuit has recognized a due process right to be fairly considered "for" parole. See Paine v. Baker, 595 F.2d 197 (4th cir) cert denied 444 U.S. 925, 100 S. Ct. 263, 62 L. Ed. 2d 181 (1979). Wheeler is thereby due Summary Judgment on all claims favorable to Wheeler.

## C. Equal Protection

*Page 10-12 Coody's recommendation, Wheeler's objects to

Wheeler asserts that Segrest et al "Could-have" utilized MAN power of the employees to contact victims for required notification whereas they were used for bringing up others with non violent cases for early review, This appears to be a double standard.

* Cont: Page 11

Wheeler has not sought to prevent members of VOCAL or other protest groups from attending parole reviews. Wheeler has sought to stop the defendant Segrest, etal, Boards Review Panel from denying someones, parole by having derived at their conclusion "because" of a protester (such as VOCAL) in which was not themselves a victim" = in the case being considered". That person (At VOCAL, etc.) would not have a 1st Amend - Redress guarantee (to Redress grievances) because they did not have the ~~be~~ initial "address" to affiliate a Redress. Wheeler contends his claims by defendant and Coody have been circumvented. Wheeler asserts this with confidence, that Coody and dependants have a defense with no merit to their response and recommendation because it does not address Wheeler's claims, they only circumvent by this tactic, proving they have no other type of defense to even make a showing. That is simply wrong of them.

* Cont: page 11, second Paragraph of Coody's recommendation, Wheeler continues to object:

As Wheeler has established a Cognizable claim under Equal protection clause will again demonstrate (1) Wheeler has submitted to this court the name of Inmate: Robin Williams Ais #138~~044~~ was sentenced in 1986 For Murder, Life sentence (was sentenced between 1982-2001) which was also a 3 year max set off provision applicable, Robin in 1996 was only 90 days late" for his parole review, had his hearing, was denied and Reset For 3 years. (But then was not again reviewed until 5 years because the Boards Director did not process his case either As it should have been.) Wheeler is now in the Same prison with Robin. Wheelers point is that there is a big difference in (90 days being late) and 22 months, being reviewed the 1st time for parole. Wheeler shows this example As Wheeler being situated with similarly situated prisoner who received better treatment.

(2) Wheeler being discriminated against by treatment of Constitutionally protected interest (Equal protection). "The Paroling authority must comply with Constitutional requirements and may not determine parole eligibility on improper grounds (Wallace v. Turner) Supra. Wheeler is a convicted felony offender, making him A minority" with a violent classification status when considered among those, with non violent cases Also, and is being treated differently.

(17)

cont: See: Jones v. Ray, 279 F.3d 944, 946-947 (11th Cir. 2001). Wheeler succeeds in demonstrating discriminatory intent, because Segrest has not ~~~~ sought to make "right" his wrong, verifying intent to discriminate against Wheeler can not be displaced. Wheeler has sufficiently demonstrated a violation of the Equal Protection Clause. Jones v. White, 992 F.2d 1548, 1573 (11th Cir. 1993); E&T Realty v. Strickland, 830 F.2d 1107 (11th Cir. 1987). Segrest was aware he was discriminative in his awareness of the consequences, as "Segrest" did as Executive Director have Control of which victims were to be notified when they were. If any victim could not be reached, that does not stop the show, the show must go on, and that was Segrest Responsibility.

✱ Cont: Page 12.

Wheeler asserts Segrest intentionally (therefor) selected to "which victim" got contacted first, proving intention, knowing violent offender Wheeler (along with others) would be made late, but not "All", which discriminates against Wheeler, proving Wheeler is entitled to immediate relief. See: Pers. Adm'r of Mass v. Feeney, 442 U.S. 256, 279 (1979). Also: Hernandez v. New York, 500 U.S. 352, 359 (1991). Exceptionally clear proof of Wheeler's claims have been shown this court by Wheeler. Wheeler has proven elements of discriminatory intent to warrant more than a mere disparity. McCleskey v. Kemp, 481 U.S. 279 (1987).

Wheeler contends that Segrest Claims before this court are "Not" properly supported as Coody Contends because Segrest defense claims (of Wheeler's claims) are so insufficient, as they circumvent Wheeler's claims basically all together and are not due Summary Judgment. Wheeler's claims require proper Consideration "Now" before this Honorable Court to adjudicate "Properly," Wheeler's Claims. If Coody's had reviewed Wheeler's Claims, and not what the defendants claim of what Wheeler's claim are, Coody's recommendation would not have been Conclusory. Wheeler is due a Proper review by a Jury Trial and has so demanded that relief in Complaint. Wheeler even supports the establishment in their Cause, but for the Cause Wheeler A.K.A. as John Mark Ephesus, now makes his stand, and will be rendered due relief, believing praying this Honorable Court will GRANT Judgment favorable to Wheeler, "properly✱ reviewing Wheeler's claims as they was, and are presented to this Court "By Plaintiff Wheeler". Wheeler has shown Segrest intentional discrimination. Celotex, 477 U.S. at 322-324; Waddell, 276 F.3d at 1279. Wheeler has also Already shown a similarly situated treated better, Robin Williams was only 90 days late for parole review.

Cont;

Wheeler contends Segrest subjected Wheeler to adverse treatment based on Constitutionally, impermissibly by discrimination with intent, and has proven that. This case is to be decided by a jury, and Coody Knows that. Wheeler will win, when examined by other deciding Factors outside of colleagues (with) state Employees. Wheeler believes Honorable District Judge Myron H. Thompson has the courage to examine Wheeler's claims Properly, and make thereby a ruling Favorable to Wheeler's cause, which ruling will affect "Thousands of Alabama-Prisoners" seeking only a Fair chance. Wheeler cannot contend that Segrest "sole" intention was to discriminate against Wheeler because of his (Wheeler's) violent case of conviction, As Wheeler does not know what goes on in Segrest mind to do such a discriminitive act against Wheeler, as some violent cases were treated much more fairly than others, Wheeler was not treated fairly at all, and has proven that claim to the extent that Wheeler was discriminated against. Brunskill v. Boyd, 141 Fed. Appx. 771, 776 (11th Cir. 2005). A liberal interpretation of Wheeler's claims have thus far been circumvented, Segrest's defense began this said circumvention, and Chief Magistrate Judge Coody has approved of it, denying Wheeler Proper due Process in this court thereby, and Plaintiff Wheeler respectfully demands Proper screening of Wheeler's claims by thorough examination by Honorable Myron H. Thompson.

### D. Cruel and Unusual Punishment

* Page 12-13

Wheeler does claim he has been denied the right to be Free from cruel and unusual Punishment - having been made 22 months (nearly 2 years) Post a possible consideration for a Possible Proper review. Wheeler even on July 13th 2005 was not only "late" by 2 years but False information was examined in Wheeler's File by the Board, so Wheeler still "has not had, A Proper Consideration. As he is entitled. Christopher V. U.S. Board of Parole, 589 F. 2d 924 (6th Cir. 1978), Wallace V. Turner, 525 F. Supp. 1072 (S.D. Fla. 1981). Wheeler was not even Afforded the minimal civilized measure of A Necessity of A Prison everyday life during this time because he is being denied A Proper due "Consideration Parole review.

cont:
Wheeler contends he has proven his claims violation (8th) Eighth Amendment violation. As each passing day ensues, Wheeler still cannot expect a proper consideration by the defendants segrest et al, as not a scintilla of proper consideration has been afforded Wheeler by the said Defendants, causing Wheeler's inference of every day prison life to a possible parole (someday) proper review outside of a civil complaint, thus now would completly become null and void if "Plaintiff Wheeler's claim are not granted proper adjudication without Prejudice by Honorable District Judge Myron H. Thompson. Thus far, MYRON H. Thompson is in GOOD Standing with Alabama inmates having previously helped the woman at Tutwiler. Wheeler is entitled to Summary Judgment on this claim, and object to coodys recommendation

## E. False Information

✱ page 13-14

As Wheeler continues to object to Honorable Judge Coodys recommendation for defendant to be entitled to Summary Judgment, Wheeler is moving closer to the April 24th, 2007 deadline to respond to coodys recommendation. Wheeler must place this response in the inmates legal mail on April 23rd, 2007 for it to be processed at the Kilby mail clerks room on April 24th 2007, and taken to the post office. Wheeler contends that the references Wheeler has asserted concerning Plaintiff Wheeler's previous Granted "Motion to file response to defendants supplemental special report..." filed by Wheeler on September 18th (cert-of-Service) 2006, this Court stated on Doc. 62-1, that Plaintiff filed it September 20th, 2006, that is incorrect. that would mean that Doc. 61-1 in this Court labeled as 2006, and it doesn't, Wheeler certificate of service would show Sept. 20th, Plainly shows September "18th", 2006. Wheeler has referred to this said Granted Motion in this Court, and Honorable Myron H. Thompson should review it to ensure it has Wheeler's own Certificate of service showing Sept. ✱18th, 2006, and then "Consider its contents as to what Wheeler's claims "ARE", and not presume Judge Coodys recommendation is warranted as correct. For times sake now as Wheeler's deadline of April 24th, 2007 approaches Wheeler must use synopsis of true claims he makes by referal of said motion.

(20)

Cont. E False Information
* page 13

Wheeler does contend that "false information has been considered when he was reviewed "late" for parole-consideration. Proof thereof is that of defendants materials submitted to this Honorable Court of Wheeler's "Pre-Sentence Investigation report" clearly states as factual that Wheeler cut of nipple and genitalia of female and placed in bottle of alcohol.

Wheeler was Granted in this Honorable Court on July, 20th, 2006 (Doc. 37-1) of Wheeler's motion to incorporate exhibit filed by plaintiff on July 19th, 2006. Plaintiff's Granted motion was (an) Attachment exhibit (Page #258) of Wheeler's trial transcript (a verifiable legal document), that shows sworn testimoney of States Pathologist, foreignsic examiner Dr. Joseph, Embry sworn statement under cross examination on Wheeler's case of Conviction (CC-93-80 Cleburne County), that states, said examiner of the corpse, "Did not find "any" evidence that the "body" had been sexually mutilated. Defendant Segrest et al, "has" considered a Pre Sentence investigation report with knowingly false information, and has still not shown Wheeler that it has been, expunged from Wheeler's P.S.I., for next consideration. Wheeler refers to his "Granted motions" (doc. 62-1) document #(61,-1,2) Page 5, Paragraph #5 (and page 6 continues) Proof Wheeler responded correctly, controverting Coody's reccommendations elements right for defendants Summary Judgment in their favor. Coody's assumptions are Bizare. This Courts (Document 70-1) #2, Granted to the extent for Plaintiff to submit case law in support of Plaintiffs responses to the defendants' written reports, dated by Coody 6th day of October, 2006. This Granted said motion must obviously also be Wheelers said filed Cert "NOTORIZED" September 28th, 2006. Probably doc (#69) in this Honorable Court. Refer Please Now to it for times SAKE, Page 2, Paragraph (e). states: The Court of Appeals, Johnson, Circuit Judge, held that, while Alabama Parole Statute did nor confer liberty interest in parole, it did not grant Alabama Board of Pardons and Parole discretion to rely upon admittedly false information in determining whether to grant parole. Reversed and remanded with instructions <u>Monroe V. Thigpen</u>, 932 F. 2d. 1438. Wheeler is Due favorable relief.

Wheeler states that he had created a ficticious statement to give authorities as he was about to be arrested. Wheeler created the statement about the "Nipple - genetalia" for an insanity defense." After Wheeler had been shown a skull picture with no flesh (of supposed corpse) shown by A.B.I. officer, After remains had been pulled from a river. Wheeler did not believe jurrors would find him guilty After making that statement, but they did, as Wheeler's claim of the supposed mutilation was not evidence, as "proven" to this Honorable Court. Defendants Segrest, etal, Pre Sentence Investigation report, A.K.A. — (P.S.I.) Acts as if it is a fact, and Wheeler was Considered for Parole thereby. Wheeler Contends Again of this Violation and Wheeler is due relief of due process, by proving material fact, and not mere allegation as Coody Contends. Wheeler has stated claim for relief, and objects to Coody's recommendation.

### F. Retroactive Application of Increase in Parole Set-Off Dates

Page 14, F. 1) - Page 15,

F.  Wheeler agrees With this, but on 1). <u>The initial Consideration Date</u>, Coody asserts' the defendants retroactive application upon those sentenced before the Boards Rules changed are acceptable. Wheeler Contends it violated Wheelers ex post facto, and it does not matter when the application became aff-etive" IF" (and it was) applied "AFTER" Wheeler was sentenced in the Courts Judicial System, as Wheeler claims and has proven, that Wheeler's ex post facto was violated by Segrest, Contrary to Coody's recommendation. See Garner V. Jones 529 U.S. 244, 249 (2000). Wheeler being 22 months late for parole everyday "Haunted" Wheeler as Wheeler's Prison Conditions grew worse by Wheeler being taunted by the defendants' deliberate indifference to Wheeler's Concerns of being treated equal amongst his peers, denying Wheeler the legal 3 year max set off as Wheeler was sentenced under, creating 2 more extra years for Wheeler to supposed have to endure After A proper (legitimate) set off (would be over) 3 years of A max set off. Wheeler is due (entitled) to summary - Judgment with respect to this claim Contrary to Coody's move.

Cont:

Page 15, 2. <u>The Frequency of Reconsideration</u>

Wheeler contends that if it were not regulative in 1994 (when Wheeler was sentenced) to a 3 year max set off, it would not have been "mandated." Now, when the 5 year (max set off) was adopted, does not make it retroactive, nor could it have been made to be as it violates ex post facto clause PROTECTION Gaurantee.. Defendants have been sneaky and low down trying to circumvent the laws of Alabama, and are to be held accountable by a proper review now, and relief sought by Wheeler in Complaint/Amended Complaint. This Honorable Court should stipulate what holdings was intended by <u>Harris V. Hammonds</u>, 217 F.3d 1346, 1350 (11th Cir. 2000).

Page 16 cont: Garners case was concerning being granting Parole in a scheduled review of re-scheduling. Alabama's Cause does not permit a Constitutional overide, nor permit defendant Segrest et al to exeed its limited Authority. <u>United States V. Swanson</u>, 753 F. Supp. 338 (N.D. 1990), Affd, 947 F.2d 914 (11th Cir. 1991). See Also, <u>Andrus V. Lambert</u>. Also, Garner's case, did not give Alabama's Board a Blank check to "change and adapt" as they choose. Wheeler's claims is not about being granted Parole that defendants keep assorting as Coody Asserts that Wheeler objects to. Because Wheeler doesnt claim he is legally due to be granted Parole, its a priviledge, Not a liberty interest, etc. This discussion of Coodys claim is meritless. Wheeler's relief is due. <u>Wallace V. Turner</u> supra, states, The Paroling authority must comply with Constitutional requirements and may not determine Parole "eligibility" "on" improper grounds. Coody states correctly that; Alabama's Parole Boards unconditional discretion, however "does Not" displace the protections of the Ex Post Facto Clause, Garner, 529 U.S. at 253.

* Page 17 Cont:
Wheeler contends the defendant Segrest et al own rules stated that Wheeler's 1994 Criteria Sentencing set off was not to exceed 3 years. They dont even dis- put Wheeler's claim in that manner, they along with Coody circumvent the claim All together in their response.

Cont. Page 17.

Wheeler Contends that defendant Segrest, et al own "BOARD ORDER", ordered "ALL previous orders governing those procedures ARE hereby REPEALED", done this 23rd day of February, 2004.   Wheeler proves that Again, EX POST FACTO WAS violated Wheeler, and others subjected to the 1982-March 2001 sentencing guidelines structures, as Segrest et al sought to circumvent previous laws and structures of criminal sentences, In 2001, people in society, mostly Prisoners Families simply had A fit when they supposed the Parole Board WAS making the 5 year set off retro Active. They assured everyone that that WAS not the case. the defendants et al, lied. That WAS October, 2001. The defendants et al (Segrest) cannot toll the sentencing structure upon an inmate after a Judge has imposed A sentence to displace the Prisoners lesser Parole review "Consideration", Articl 1, Sec. 9 U.S. Const. Because the defendant Segrest et al has a right to bring someone up "early" For review, does Not vest them with the right to toll the original "Proper-Consideration. The Probability of succeeding on Parole does not as a discretionary objective create martial law to suspend Article 1, Sec. 9 U.S. Const. Wheeler objects to defendants/Coodys recommendation on this issue As unconstitutional, wheeler is due relief.

* Page 18 Cont:

Wheeler contends the law changing the frequency of Parole consideration (dates) From 3 to 5 years "Could" extend the term of imprisonment. To SAY that it doesn't is Prima facie evidence that Coody Asserts that Wheeler WAS not "eligible" For parole, when Wheeler's September 2003 "Guideline Setting, specifies that 10 years or one third of sentence completed made wheeler "eligible". this is not a right to make parole, but wheeler's eligibility, and right to not be discriminated against, and right to due process under Equal Protections Guarantee and the right to be free from Cruel and unusual Punishment inflicted by Dependant Segrest, et al. Wheeler does not seek an early review, only what is due him. Wheeler has written the Board for A cut, and has had no response. That would have been their easiest route, but Wheeler seeks relief for All that have been afflicted by these Atrocities.

This Honorable Court does not know the reason why Wheeler was denied Parole on July 13th, 2005. Wheeler had filed a civil Action only 5 days Prior to receiving the July 13th, 2005 date. So this Court cannot possibly conclude that Wheeler would not have made parole in September 2003 if he had been properly reviewed as was Wheeler's right. Equal Protection 14th, Amend. <u>U.S. Const.</u>

Page 19 cont: Therefore this Court cannot Prima facie conclude, that Wheeler would not make Parole, nor can this Court conclude that Wheeler would be denied Parole Today, as Wheeler has 25 plus certificates of Programs Completions whereas he continues to become more productive beyond what might be considered in Society's eyes, as a probable candidate for successful Parole. Again this issue of making Parole is beside the Point, but this Court cannot, nor can the Board decide that Wheeler is not a candidate for Proper Consideration, when this is Wheeler's Constitutional right as ensured on May 6th, 1994 when Wheeler was sentenced to life "With" the Possibility for Parole. You cannot change Wheeler's eligibility for a Proper Consideration for Parole review. Garner, 529 U.S. at 255. Wheeler is due summary Judgment, and Wheeler objects to Coody's recommendation for dependants entitment. Wheeler now request denovo Revue of All of Plaintiff's Motions Granted in this Court, Document number's; Doc. 15, Doc. 16, Doc. 17, Doc. 18, Doc. 22. Doc. 29-1, Doc. 44-1, Doc. 50-1. Also Coody in this Court on July 14th, 2006, and August 25, 2006 Granted Motions with "NO DOCUment number" on TOP of Plaintiff's Copy of ORDER. The Aug. 25th, 2006 Permitted dependant Permission to enter an unsigned Affidavit, Proving Coody's Favoritism to defendants.

## V. CONCLUSION

Page 19. Accordingly, Wheeler objects to All Magistrate Judges recommendations 1-4

1.) Parole defendants (Segrest, et al) materials should not be considered As dispositive Motion for Summary Judgment As said materials circumvented Wheeler claims in which (the reasons therefore) Wheeler was, and is seeking relief as set Forth in this "response" to magistrate Judge's recommendation, and Wheeler's objection hereto.

(25)

cont.

page 19.

2). Judgement should be GRANTED Wheeler's favor, summary Judgment should be DENIED, BILL SEGREST, et al. (Parole defendants).

3). This case should not be dismissed with prejudice.

4). The cost of this case should not be assed (taxed) against Plaintiff Wheeler, but should be against said defendant perhaps!

This foregoing objection(s) Are to the clearly identifying of Wheeler (the Plaintiff)'s objections to the Cheif Magistrate Judge Charles S. Coody's recommendation, set forth As permissable on Doc. 82-1 page 19, order on the 11th day of April, 2007. Wheeler objects to said Judge Coody's proposed findings and conclusions, as in conclusive, as it fails to review Wheeler's claims for relief in this Honorable U.S. Court, District Court for the Middle District of Alabama Northern Division. Wheeler reserves his de novo right for a proper review in determination. A review proper of Wheeler's claims he seeks to Avoid A manifest injustice, as grounds for further needed review. Wheeler request that an proper review of this moving Party, that he be guaranteed the proper review he is legally due. Wheeler prays this Court Relief in favor of MARK SHANNON WHEELER, #139044.

I hereby swear this to be true and correct, this the 23rd day of April, 2007.

_Mark Shannon Wheeler_    139044
MARK SHANNON WHEELER
Plaintiff Pro se

## Certificate of Service

I hereby being the Plaintiff, MARK Shannon Wheeler hereby Certify that I have mailed A Copy of the same by 1st class prepaid Postage (U.S.) served upon the defendants, addressed:

"Legal Division"
Ala. Bd. of Pardons and Paroles
301 South Ripley Street
P.O. BOX 302405
Montgomery, AL. 36130

this the 23rd day of April 2007, by Placing this content in Kilby Prison's "Legal Mail" box this day.

_Mark Shannon W_
MARK SHANNON WHEELER
Plaintiff, Pro se          139044

Mark Shannon Wheeler
AIS# 139044, Bed, I-5-B.
Kilby Corr. Fac.
P.O. BOX 150
MT. meigs, AL.
36057



MARK S. Wheeler
AIS # 139044, dorm I-5-B
Kilby Corr. Fac.
P.O. BOX 150
MT. Meigs, AL. 36057

"Free"
stamp ——→ here
goes

if
9th stamp
is needed

Placed in "legal mail" box
Kilby Corr. Fac. April 23rd 2006
with 9 stamps affixed
with 1 free stamp Comming

TO: THE HONORABLE MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
P.O. BOX 711
Montgomery, AL. 36101-0711

LEGAL MAIL

"This correspondence is to be
from an Alabama State Priso...      Alabama
have not been evaluated ...        not responsible
Department of Correction...
for the substance or content of the enclosed
communication."